UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11385 JLT

D'ANN McGILL
    Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
    Defendants

## DEFENDANT CITY OF BOSTON'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant City of Boston and answers the Plaintiff's Complaint as follows:

### INTRODUCTION

1. The Defendant City of Boston considers paragraph one of the Complaint as introductory only and not requiring a response. To the extent that paragraph one alleges facts, the Defendant denies such allegations.

### JURISDICTION

2. The Defendant City of Boston considers paragraph two as pure conclusions of law for which no response is required. To the extent there are factual allegations deemed inherent in the jurisdictional statement, the same are denied.

### PARTIES

3. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. The Defendant City of Boston admits the allegations contained in paragraph four of the Complaint.

5. The Defendant City of Boston admits the allegations contained in paragraph five of the Complaint.

## **FACTS**

6. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7. The Defendant City of Boston admits that Christopher Hamilton was on bike patrol for the Boston Police Department on the early morning of August 11, 2002, that he came upon both the Plaintiff and Mr. Wells, that he separated the two parties from one another, and at all times was acting in his capacity as a Boston Police Officer. The Defendant City of Boston denies the remaining allegations contained in paragraph seven of the Complaint.

8. The Defendant City of Boston admits that at some point the Plaintiff did state to Christopher Hamilton that she did not have Mr. Wells's money and that she did not have any money on her person. The Defendant City of Boston denies the remaining allegations contained in paragraph eight of the Complaint.

9. The Defendant City of Boston admits that at some point the Plaintiff suggested that Christopher Hamilton contact a female police officer and stated that she would consent to a strip search that would show that she did not have money on her person.

10. The Defendant City of Boston admits that Christopher Hamilton denied the Plaintiff's request to have a female officer strip search her person and admits that at some point, the Plaintiff reiterated that she did not have any money. The Defendant City of Boston denies the remaining allegations contained in paragraph ten of the Complaint.

11. The Defendant City of Boston admits that at some point, while acting in the capacity as a Boston Police Officer, Christopher Hamilton placed the Plaintiff's hands behind her back and placed handcuffs on the Plaintiff. The Defendant City of Boston denies the remaining allegations contained in paragraph eleven of the Complaint.

12. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff immediately felt pain to her right hand and wrist. The Defendant City of Boston admits that Christopher Hamilton never loosened the handcuffs on the Plaintiff's wrists. The Defendant City of Boston denies the remaining allegations contained in paragraph twelve of the Complaint.

13. The Defendant City of Boston denies the allegations contained in paragraph thirteen of the Complaint.

14. The Defendant City of Boston admits that Christopher Hamilton never loosened the handcuffs on the Plaintiff's wrists and further admits that Christopher Hamilton told the Plaintiff to sit on the curb on Washington Street. The Defendant City of Boston denies the remaining allegations contained in paragraph fourteen of the Complaint.

15. The Defendant City of Boston admits that at some point Christopher Hamilton questioned Mr. Wells, but denies that the first time he questioned Mr. Wells was after the Plaintiff was handcuffed. The Defendant City of Boston further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. McGill was close enough so that she could hear the communication between Christopher Hamilton and Mr. Wells.

16. The Defendant City of Boston admits that at some point Christopher Hamilton asked Mr. Wells if the Plaintiff had robbed him and that Mr. Wells responded in the affirmative; it further admits that Christopher Hamilton asked Mr. Wells to explain what happened and Mr. Wells informed him that the Plaintiff touched him and rubbed his body; and it further admits that Christopher Hamilton questioned Mr. Wells about how much money was taken. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff did not hear Mr. Wells tell Officer Hamilton an exact amount of money stolen from him. The Defendant City of Boston denies the remaining allegations contained in paragraph sixteen of the Complaint.

17. The Defendant City of Boston admits that at some point the Plaintiff was placed in a police transportation wagon. The Defendant City of Boston further admits that the Plaintiff was handcuffed with her hands behind her back the entire time she was being transported in the police transportation wagon. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff continued to experience serious pain and suffering from having to sit in the back of the police transportation wagon with her hands tightly locked in the handcuffs behind her.

18. The Defendant City of Boston admits that at some point the Plaintiff was transported to the A-1 police station for booking.

19. The Defendant City of Boston admits that the Plaintiff was transported to Area A-1, but denies that the Plaintiff was ever strip searched; denies that the Plaintiff made a sling out of her blouse in an attempt to stop throbbing pain in her right hand and wrist; and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nineteen of the Complaint.

20. The Defendant City of Boston admits that the Plaintiff was held in custody until the morning of August 12, 2002, when she was released on her own recognizance

       in the Boston Municipal Court.  The Defendant City of Boston denies the remaining allegations contained in paragraph twenty of the Complaint.

21. The Defendant City of Boston admits the allegations contained in paragraph twenty-one of the Complaint.

22. The Defendant City of Boston denies the allegations contained in paragraph twenty-two of the Complaint.

23. The Defendant City of Boston denies the allegations contained in paragraph twenty-three of the Complaint.

24. The Defendant City of Boston denies that as a direct and proximate result of the above described incidents Plaintiff McGill's state constitutional rights were violated.  The Defendant City of Boston further alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-four of the Complaint.

## COUNT I
## Assault and Battery Claim

       Paragraphs twenty-five through twenty-six contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required.  To the extent paragraphs twenty-five through twenty-six are construed to allege facts, the Defendant City of Boston denies the same.

## COUNT II
## M.G.L. c. 12, § 11I Claim against Individual

       Paragraphs twenty-seven through twenty-nine contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required.  To the extent paragraphs twenty-seven through twenty-nine are construed to allege facts, the Defendant City of Boston denies the same.

## COUNT III
## M.G.L. c.258 § 2, Claim against Municipality

30. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through twenty-nine.  Further, the Defendant City of Boston denies the factual allegations contained in paragraph thirty of the Complaint.

31. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through thirty.  Further, the Defendant City of Boston denies the factual allegations contained in paragraph thirty-one of the Complaint.

## COUNT IV

**42 U.S.C., § 1983 Claim against Individual**

Paragraphs thirty-two through thirty-five contain allegations against a Defendant other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs thirty-two through thirty-five are construed to allege facts, the Defendant City of Boston denies the same.

**COUNT V**
**42 U.S.C., § 1983 Claim against Municipality**

36. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through thirty-five. Further, the Defendant City of Boston denies the factual allegations contained in paragraph thirty-six of the Complaint.

37. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through thirty-six. Further, the Defendant City of Boston denies the factual allegations contained in paragraph thirty-seven of the Complaint.

38. The Defendant City of Boston denies the allegations contained in paragraph thirty-eight of the Complaint.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

The Defendant states that the injury or damage alleged in the Plaintiff's complaint was neither caused nor proximately caused by the Defendant.

Second Affirmative Defense

The Defendant states that that Plaintiff's complaint fails to state a claim upon which relief may be granted.

Third Affirmative Defense

The Defendant states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

Fourth Affirmative Defense

The Defendant states that at all times relevant hereto, it acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

Fifth Affirmative Defense

The Defendant states that the Plaintiff, by her own acts, omissions, conduct and activities is estopped from asserting any claim against it.

### Sixth Affirmative Defense

The Defendant states that no act or omission by it was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### Seventh Affirmative Defense

The Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Eighth Affirmative Defense

The Defendant City of Boston states that punitive damages are not recoverable against a municipality. <u>Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981).

## JURY CLAIM

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel

By its attorneys,

S/ Stephen G. Cox
_____
Stephen G. Cox BBO# 566943
Tsuyoshi Fukuda BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064  (SGC)
(617) 635-4038 (TF)