UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11385 JLT

D'ANN McGILL
      Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
      Defendants

## DEFENDANT CHRISTOPHER HAMILTON'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant Christopher Hamilton and answers the Plaintiff's Complaint as follows:

## INTRODUCTION

1.      The Defendant Christopher Hamilton considers paragraph one of the Complaint as introductory only and not requiring a response.  To the extent that paragraph one alleges facts the Defendant Christopher Hamilton denies such allegations.

## JURISDICTION

2.      The Defendant Christopher Hamilton considers paragraph two as pure conclusions of law for which no response is required.  To the extent there are factual allegations deemed inherent in the jurisdictional statement, the Defendant Christopher Hamilton denies such allegations.

## PARTIES

3.      The Defendant Christopher Hamilton alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4.      The Defendant Christopher Hamilton admits the allegations contained in paragraph four of the Complaint.

5.      The Defendant Christopher Hamilton admits the allegations contained in paragraph five of the Complaint.

## FACTS

6.     The Defendant Christopher Hamilton alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7.     The Defendant Christopher Hamilton admits that he was on bike patrol for the Boston Police Department on the early morning of August 11, 2002, came upon both the Plaintiff and Mr. Wells, and separated the two parties from one another, and at all times was acting in his capacity as a Boston Police Officer.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph seven of the Complaint.

8.     The Defendant Christopher Hamilton admits that at some point the Plaintiff did state that she did not have Mr. Wells's money and that she did not have any money on her person.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph eight of the Complaint.

9.     The Defendant Christopher Hamilton admits that at some point the Plaintiff suggested that he contact a female police officer and stated that she would consent to a strip search that would show that she did not have money on her person.

10.     The Defendant Christopher Hamilton admits that he denied the Plaintiff's request to have a female officer strip search her person and admits that at some point, the Plaintiff reiterated that she did not have any money.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph ten of the Complaint.

11.     The Defendant Christopher Hamilton admits that at some point, while acting in the capacity as a Boston Police Officer, he placed the Plaintiff's hands behind her back and placed handcuffs on the Plaintiff.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph eleven of the Complaint.

12.     The Defendant Christopher Hamilton alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff immediately felt pain to her right hand and wrist.  The Defendant Christopher Hamilton admits that he never loosened the handcuffs on the Plaintiff's wrists.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph twelve of the Complaint.

13.     The Defendant Christopher Hamilton denies the allegations contained in paragraph thirteen of the Complaint.

14.     The Defendant Christopher Hamilton admits that he never loosened the handcuffs on the Plaintiff's wrists and further admits that he told the Plaintiff to sit on the

curb on Washington Street.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph fourteen of the Complaint.

15.    The Defendant Christopher Hamilton admits that at some point he questioned Mr. Wells, but denies that the first time he questioned Mr. Wells was after the Plaintiff was handcuffed.  The Defendant Christopher Hamilton further alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that Ms. McGill was close enough so that she could hear the communication between Officer Hamilton and Mr. Wells.

16.    The Defendant Christopher Hamilton admits that at some point he asked Mr. Wells if the Plaintiff had robbed him and that Mr. Wells responded in the affirmative; he further admits that he asked Mr. Wells to explain what happened and Mr. Wells informed him that the Plaintiff touched him and rubbed his body; and he further admits that he questioned Mr. Wells about how much money was taken.  The Defendant Christopher Hamilton alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff did not hear Mr. Wells tell Officer Hamilton an exact amount of money stolen from him. The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph sixteen of the Complaint.

17.    The Defendant Christopher Hamilton admits that at some point the Plaintiff was placed in a police transportation wagon.  The Defendant Christopher Hamilton further admits that the Plaintiff was handcuffed with her hands behind her back the entire time she was being transported in the police transportation wagon.  The Defendant Christopher Hamilton alleges that he is without knowledge or information sufficient to form a belief as to the truth of the allegation that the Plaintiff continued to experience serious pain and suffering from having to sit in the back of the police transportation wagon with her hands tightly locked in the handcuffs behind her.

18.    The Defendant Christopher Hamilton admits that at some point the Plaintiff was transported to the A-1 police station for booking.

19.    The Defendant Christopher Hamilton admits that the Plaintiff was transported to Area A-1, but denies that the Plaintiff was ever strip searched; denies that the Plaintiff made a sling out of her blouse in an attempt to stop throbbing pain in her right hand and wrist; and alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nineteen of the Complaint.

20.    The Defendant Christopher Hamilton admits that the Plaintiff was held in custody until the morning of August 12, 2002, when she was released on her own recognizance in the Boston Municipal Court.  The Defendant Christopher Hamilton denies the remaining allegations contained in paragraph twenty of the Complaint.

21. The Defendant Christopher Hamilton admits the allegations contained in paragraph twenty-one of the Complaint.

22. Paragraph twenty-two contains allegations against a Defendant other than Christopher Hamilton, and therefore no response from Christopher Hamilton is required. To the extent paragraph twenty-two is construed to allege facts, Defendant Christopher Hamilton denies the same.

23. Paragraph twenty-three contains allegations against a Defendant other than Christopher Hamilton, and therefore no response from Christopher Hamilton is required. To the extent paragraph twenty-three is construed to allege facts, Defendant Christopher Hamilton denies the same.

24. The Defendant Christopher Hamilton denies that as a direct and proximate result of the above described incidents Plaintiff McGill's state constitutional rights were violated. The Defendant Christopher Hamilton further alleges that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty-four of the Complaint.

## COUNT I
## Assault and Battery Claim

25. The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through twenty-four. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph twenty-five of the Complaint.

26. The Defendant Christopher Hamilton denies the allegations contained in paragraph twenty-six of the Complaint.

## COUNT II
## M.G.L. c. 12, § 11I Claim against Individual

27. The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through twenty-six. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph twenty-seven of the Complaint.

28. The Defendant Christopher Hamilton denies the allegations contained in paragraph twenty-eight of the Complaint.

29. The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through twenty-eight. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph twenty-nine of the Complaint.

## COUNT III
## M.G.L. c.258 § 2, Claim against Municipality

Paragraphs thirty through thirty-one contain allegations against a Defendant other than Christopher Hamilton, and therefore no response from Christopher Hamilton is required. To the extent paragraphs thirty through thirty-one are construed to allege facts, Defendant Christopher Hamilton denies the same.

## COUNT IV
## 42 U.S.C., § 1983 Claim against Individual

32.    The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through thirty-one. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph thirty-two of the Complaint.

33.    The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through thirty-two. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph thirty-three of the Complaint.

34.    The Defendant Christopher Hamilton denies the allegations contained in paragraph thirty-four of the Complaint.

35.    The Defendant Christopher Hamilton repeats and incorporates his answers to paragraphs one through thirty-four. Further, the Defendant Christopher Hamilton denies the factual allegations contained in paragraph thirty-five of the Complaint.

## COUNT V
## 42 U.S.C., § 1983 Claim against Municipality

Paragraphs thirty-six through thirty-eight contain allegations against a Defendant other than Christopher Hamilton, and therefore no response from Christopher Hamilton is required. To the extent paragraphs thirty-six through thirty-eight are construed to allege facts, the Defendant Christopher Hamilton denies the same.

## AFFIRMATIVE DEFENSES

### First Defense

By way of affirmative defense, the Defendant states that if the Plaintiff was injured, it was as a result of the Plaintiff's breach of her duty to exercise a high degree of care to protect and ensure her own safety.

## Second Defense

The Defendant states that the injuries or damage alleged were caused in whole or in part by the negligent or intentional acts of the Plaintiff.

## Third Defense

The Defendant states that he was justified in his acts or conduct and that therefore the Plaintiff cannot recover.

## Fourth Defense

The Defendant states that no act or omission by him was a proximate cause of damages allegedly sustained by the Plaintiff.

## Fifth Defense

The Defendant states that the Plaintiff is estopped from bringing these claims by her own conduct.

## Sixth Defense

The Defendant states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore the Plaintiff cannot recover.

## Seventh Defense

The Defendant states that at all times pertinent to this action, he acted in good faith and belief that all actions were in accordance with the laws of the Commonwealth of Massachusetts and United States of America.

## Eighth Defense

The Defendant states that the Plaintiff has failed to state a claim upon which relief can be granted.

## Ninth Defense

The Defendant states that any injury or damage suffered by the Plaintiff was caused by others for whose conduct the Defendant is not responsible.

## Tenth  Defense

The actions of the Defendant are entitled to protection by a grant of qualified immunity.

<u>Eleventh Defense</u>

The Defendant states that the Plaintiff has failed to name individuals or entities who are indispensable to the resolution of this suit.

<u>Twelfth Defense</u>

The Defendant states that he is immune from suit while engaging in discretionary functions.

<u>Thirteenth Defense</u>

The Defendant states that at all times relevant to this Complaint he acted upon probable cause based upon reasonable grounds and that the circumstances justified his conduct.

## **<u>JURY CLAIM</u>**

The Defendant Christopher Hamilton hereby demands a trial by jury on all counts and causes of action.

Respectfully submitted,

DEFENDANT CHRISTOPHER HAMILTON
Merita A. Hopkins
Corporation Counsel

By his attorneys,

S/ Stephen G. Cox
_____
Stephen G. Cox BBO# 566943
Tsuyoshi Fukuda BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064  (SGC)
(617) 635-4038 (TF)