

05 11385 JLT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

*Suffolk Superior Civil # 05-1779*

CIVIL ACTION NO.



D'ANN McGILL
Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
Defendants

I hereby certify that the foregoing document is true and correct copy of the

☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 6/27/2005

Sarah A. Thornton
Clerk U.S. District Court
District of Massachusetts

By:
Deputy Clerk

## NOTICE OF REMOVAL
(Pursuant to 28 U.S.C. §1441)

The Defendant City of Boston petitions, pursuant to 28 U.S.C. §1441, for removal from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts the action entitled *D'Ann McGill v. City of Boston and Christopher Hamilton*, currently pending in Suffolk County as Civil Action No. 05-01779.

1.  This action alleges that Defendants violated the federal civil rights of Plaintiff, D'Ann McGill, by using excessive force, sexually discriminating and assaulting and battering the Plaintiff on August 11, 2002. Plaintiff makes claims for the tortious acts of assault and battery, as well as violations of M.G.L. c.12, § 11I and liability pursuant to M.G.L. c.258;

2.  Plaintiff specifically alleges that Defendants violated 42 U.S.C. §1983 (Counts Four and Five). This action clearly "arises under the Constitution treaties or laws of the United States" and is therefore removable under 28 U.S.C. §1441;

3.  A fair reading of the facts and theories as a whole make it apparent that federal constitutional law and issues are an essential part of the case and therefore, Defendants have the statutory right to remove this action;

1

4.      This Notice of Removal is being filed within thirty (30) days of service

upon Defendants; and

5.      Each Defendant consents and hereby moves for removal.

WHEREFORE, Defendants petition that this action be removed.

Respectfully submitted,
DEFENDANTS, City of Boston and
Christopher Hamilton

Merita A. Hopkins
Corporation Counsel
By their attorneys,

Stephen G. Cox BBO# 566943
Tsuyoshi Fukuda BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064  (SGC)
(617) 635-4038 (TF)

2

## VERIFICATION

I, Stephen G. Cox, hereby swear under the pains and penalties of perjury that the

statements of fact in the petition are true and correct to the best of my knowledge,

information and belief.

Respectfully submitted,
DEFENDANTS, City of Boston and
Christopher Hamilton

Merita A. Hopkins
Corporation Counsel
By their attorneys,

Stephen G. Cox BBO# 566943
Tsuyoshi Fukuda BBO# 648739
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064  (SGC)
(617) 635-4038 (TF)

## CERTIFICATE OF SERVICE

I, Stephen G. Cox, hereby certify that on this date I served a copy of the foregoing documents
upon:

> J. Thomas Kerner, Esq.
> 230 Commercial Street, 1st Floor
> Boston, MA 02109
>
> Veronica J. White, Esq.
> 101 Tremont Street, Suite 800
> Boston, MA 02108

6/30/05
Date

Stephen G. Cox

3

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2005-01779
### McGill v Boston et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/05/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/30/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) | | |
| **Lead Case** | | **Track** | A | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/03/2005 | **Answer** | 10/02/2005 | **Rule12/19/20** | 10/02/2005 |
| **Rule 15** | 07/29/2006 | **Discovery** | 06/24/2007 | **Rule 56** | 08/23/2007 |
| **Final PTC** | 12/21/2007 | **Disposition** | 05/04/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
D'Ann McGill
Active 05/05/2005

**Private Counsel 552373**
J Thomas Kerner
240 Commercial Street
Boston, MA 02109
Phone: 617-720-5509
Fax: 617-523-5153
Active 05/05/2005 Notify

**Private Counsel 640332**
Veronica J White
101 Tremont Street
Suite 800
Boston, MA 02108
Phone: 617-338-9507
Active 05/05/2005 Notify

**Defendant**
City of Boston
Service pending 05/05/2005

**Private Counsel 648739**
Tsuyoshi Fukuda
Boston (City of) Law Dept
Room 615, City Hall
Boston, MA 02201
Phone: 617-635-4038
Fax: 617-635-3199
Active 06/23/2005 Notify

**Private Counsel 566943**
Stephen G Cox
Boston (City of) Law Dept
City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4064
Fax: 617-635-3199
Active 06/23/2005 Notify

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## SUCV2005-01779
## McGill v Boston et al

**Defendant**
Christopher Hamilton
Service pending 05/05/2005

**Private Counsel 648739**
Tsuyoshi Fukuda
Boston (City of) Law Dept
Room 615, City Hall
Boston, MA 02201
Phone: 617-635-4038
Fax: 617-635-3199
Active 06/23/2005 Notify

**Private Counsel 566943**
Stephen G Cox
Boston (City of) Law Dept
City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4064
Fax: 617-635-3199
Active 06/23/2005 Notify

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 05/05/2005 | 1.0 | Complaint |
| 05/05/2005 | | Origin 1, Type E17, Track A. |
| 05/05/2005 | 2.0 | Civil action cover sheet filed |
| 06/22/2005 | 3.0 | Stipulation to extend time for City of Boston & Christopher Hamilton |
| | | to file an answer/responsive pleading to the complaint to and |
| | | including July 07, 2005 |
| 06/30/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. |
| | | City of Boston and Christopher Hamilton U. S. Dist.#(05-11385JLT). |
| 06/30/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**I HEREBY ATTEST AND CERTIFY ON**

July, 1, 2005 , **THAT THE**

**FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY

ASSISTANT CLERK.

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS.                                SUPERIOR COURT

| | | |
|---|---|---|
| D'ANN MCGILL | ) | 05-1779 |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL DOCKET NO. |
| V. | ) | |
| | ) | |
| CITY OF BOSTON, | ) | |
| | ) | |
| CHRISTOPHER HAMILTON, | ) | |
| individually and in his | ) | |
| capacity as a Boston | ) | |
| Police Officer, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2005 MAY -5  P 12: 25

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

**COMPLAINT**

**INTRODUCTION:**

1.   This is a civil rights action against one Boston
     Police Officer, Christopher Hamilton, who, while
     acting in his official capacity as a Boston Police
     Officer, used excessive force, sexually discriminated
     against and assaulted and battered the plaintiff,
     D'Ann McGill.  The actions of this police officer
     violated the plaintiff's rights pursuant to the
     Fourth, Fifth and Fourteenth Amendments to the United
     States Constitution and Article 14 of the
     Massachusetts Declaration of Rights and caused the
     plaintiff to suffer severe physical injuries.  The
     plaintiff also claims that the City of Boston is

liable for the actions of Officer Christopher Hamilton
because the City maintained policies and customs of
deliberate indifference to the rights of citizens by
failing to properly investigate allegations of
misconduct by its police officers, failing to properly
train its officers, failing to properly discipline
police officers, failing to properly supervise police
officers, and failing to properly train its officers'
supervisors.

## JURISDICTION:

2.    The plaintiff is alleging a violation of 42 U.S.C., §
1983, the Fourth, Fifth and Fourteenth Amendments to
the United States Constitution, Article 12 of the
Massachusetts Declaration of Rights and M.G.L. c. 12,
§11I.  The actions by the defendants against the
plaintiff, which give rise to this complaint, all
occurred in the District of Massachusetts.  The
Suffolk Superior Court has concurrent jurisdiction
over claims made pursuant to 42 U.S.C. § 1983.

## PARTIES:

3.    The plaintiff, D'Ann McGill, is a resident of the City
of Cambridge, Massachusetts.

4.    The defendant, City of Boston, is a municipality duly
incorporated under the law of the Commonwealth of
Massachusetts.

5.    The defendant, Christopher Hamilton, was at all times
material to this complaint a duly appointed and acting

member of the police department of the City of Boston.

**FACTS:**

6. On August 11, 2002, at around 2:00 a.m., D'Ann McGill was walking in the area of Washington Street in Boston, Massachusetts, and was suddenly confronted by a white male, later identified to be a homeless man named Kevin Wells, who accused Ms. McGill of stealing an unknown sum of money from his person. Ms. McGill responded to Mr. Wells that she did not steal his money and did not even know who he was. A verbal argument ensued between Ms. McGill and Mr. Wells wherein Ms. McGill vehemently denied having stole Mr. Wells's money and Mr. Wells continued to demand money from Ms. McGill. Ms. McGill observed Mr. Wells to be under the influence of drugs during this time due to her observation that Mr. Wells was nervously scratching parts of his body, nodding his head back and forth and squinting his eye lids shut. Ms. McGill had never met Mr. Wells before August 11, 2002.

7. Defendant, Christopher Hamilton was on patrol for the Boston Police Department on the early morning of August 11, 2002 and approached Ms. McGill and Mr. Wells in a Boston Police bicycle. Upon arriving at the scene, Officer Hamilton, acting in his capacity as a Boston Police Officer, approached Ms. McGill and immediately asked her to approach him. Ms. McGill promptly cooperated with Officer Hamilton's demands.

3

Officer Hamilton subsequently asked Mr. Wells to stand about twelve feet away from Ms. McGill and not to move.

8.   Officer Hamilton then turned to Ms. McGill and stated: "Bitch give the man his money back." Ms. McGill then told Officer Hamilton that she did not have Mr. Wells's money. Officer Hamilton then aggressively confronted Ms. McGill again and stated, "give the man his goddamn money back." Ms. McGill then responded that she did not take this man's money and did not have any money on her person.

9.   At this point, Ms. McGill told Officer Hamilton to contact a female officer and stated that she would consent to a strip search which would show that she did not have any money on her person.

10.  Officer Hamilton denied Ms. McGill's request to have a female officer search her person and stated, "Bitch- I'm going to give you one more chance to give this man his money back." Again, Ms. McGill replied: "I don't have any money." At this point, Officer Hamilton states, "Bitch- That's it...I'm taking your goddamn ass to jail."

11.  At this point, Officer Hamilton, while acting in his capacity as a Boston Police Officer, handcuffed Ms. McGill by aggressively placing her hands behind her back and tightly locking the handcuffs behind her back.

4

12. Ms. McGill immediately felt pain to her right hand and wrist. Screaming in pain, Ms. McGill told Officer Hamilton, "My right hand hurts..you've got it too tight on my right hand." Officer Hamilton did not loosen the handcuffs on Ms. McGill's wrists and instead told Ms. McGill: "Bitch-Shut the fuck up."

13. At this point, Officer Hamilton pointed his finger in Ms. McGill's face and stated, "I'm sick and tired of you taking these mens' money...anytime I see you, I'm going to take your motherfucking ass to jail and I'm going to tell my buddies if they see you to call me and I'm going to personally come down and take your ass to jail."

14. Despite Ms. McGill's continued screams from the pain to her right hand and wrists caused by the handcuffs, Officer Hamilton still refused to loosen the handcuffs and instead told Ms. McGill to sit down on the curb on Washington Street with her hands still tightly handcuffed behind her back.

15. At this point, Officer Hamilton began questioning Mr. Wells for the first time. Ms. McGill was close enough so that she could hear the communication between Officer Hamilton and Mr. Wells.

16. Officer Hamilton then asked Mr. Wells if Ms. McGill had robbed him. Mr. Wells responded, "Yes." Officer Hamilton then asked Mr. Wells to explain what had happened. Mr. Wells told Officer Hamilton that Ms.

5

McGill had felt him up all over his body.  Officer
Hamilton then asked Mr. Wells, "how much money did she
take from you?"  Mr. Wells responded, " I don't know
how much it was."  Officer Hamilton then responded,
"you mean to tell me, she robbed you and you don't
know how much money she took from you?"  Officer
Hamilton then suggested an amount, and stated, "was it
more than $100.00, or less than $200.00?"  Mr. Wells
replied, "Yes...more than $100.00."  At no point in
the conversation did Ms. McGill hear Mr. Wells tell
Officer Hamilton of an exact amount of money that was
stolen from him.

17. At this point, Ms. McGill was placed in a police
    transportation wagon.  Ms. McGill continued to
    experience serious pain and suffering from having to
    sit in the back of the police transportation wagon
    with her hands tightly locked in the handcuffs behind
    her.

18. Ms. McGill was subsequently transported to the A-1
    police station for booking.

19. Afterwards, Ms. McGill was transported to Area A-1
    where the female officer conducted a strip search of
    Ms. McGill. After her handcuffs were finally removed,
    Ms. McGill made a sling with her blouse in attempts to
    stop the throbbing pain in her right hand and wrist.
    A police officer whose identity is not known observed
    the sling that Ms. McGill had made and asked her what

6

had happened.  Ms. McGill explained to the
unidentified police officer that the arresting officer
had handcuffed her hands too tight.

20. Ms. McGill was held in custody until the next morning
    on August 13, 2002, when she was released on her own
    personal recognizance in the Boston Municipal Court.

21. On December 11, 2003, an Honorable Justice of the
    Boston Municipal Court dismissed the charges against
    Ms. McGill.

22. On August 11, 2002, the Defendant, City of Boston
    failed to properly investigate allegations of
    misconduct by its police officers, failed to properly
    train its officers, failed to properly discipline
    police officers, failed to properly supervise police
    officers, and failed to properly train its officer's
    supervisors.

23. Prior to August 11, 2002, defendant City of Boston
    developed and maintained policies or customs
    exhibiting deliberate indifference to the
    constitutional rights of persons in the City of
    Boston.  It was the policy and/or customs of the City
    of Boston to inadequately and improperly investigate
    complaints of police misconduct.  The City tolerated a
    policy of violence by its police officers.  The City
    had a policy or custom of failing to properly
    supervise police officers.  The City failed to employ
    a department-wide personnel performance evaluation

7

system to assist in supervising police officers.

24. As a direct and proximate result of the above described incidents, plaintiff McGill's state constitutional rights were violated. She suffered severe physical injuries to her right wrist and hand. Immediately after being released from custody on August 12, 2002, Ms. McGill went to the Lawrence Memorial Emergency Room for evaluation of her wrist and hand pain. Ms. McGill was thereafter referred to an orthopedic surgeon to examine the pain to her wrist and hand. On August 14, 2002, an orthopedic surgeon diagnosed Ms. McGill with having a nondisplaced radial styloid fracture to her right wrist. Ms. McGill was treated with a splint immobilization, participated in physical therapy and maintained visitation with her orthopedic surgeon. On April 24, 2003, Ms. McGill underwent an arthroscopy of her right wrist at the Lawrence Memorial Hospital. After this surgery, Ms. McGill was found to have a tear of the triangular fibrocartilage complex at its radial attachment, associated with one zone of full-thickness articular cartilage loss from the lunate. During the surgery, debridement of the triangular fibrocartilage compex tear was conducted. After this surgery, Ms. McGill was provided with a wrist splint and re-entered a physical therapy program. Ms. McGill continues to endure pain to her right hand and wrist. Due to the injury to Ms.

McGill's wrist, Ms. McGill's use of her right wrist is limited, she endures a limitation of active extension and flexion of her wrist, she endures a burning sensation over the dorsum of the wrist, and she continues to experience hand shakes.

**Counts:**

## I.   Assault and Battery Claim

25.   Paragraphs 1 through 24 of this complaint are incorporated herein by reference. By the actions described in the incorporated paragraphs, defendant Hamilton, assaulted and battered plaintiff McGill.

26.   As a direct and proximate result of the assault and battery, plaintiff McGill suffered physical injuries to her right hand and wrist.

## II.   M.G.L. c. 12, § 11I Claim against Individual

27.   Paragraphs 1 through 26 of this complaint are incorporated herein by reference. By the actions described in the incorporated paragraphs, defendant Christopher Hamilton, violated plaintiff McGill's rights pursuant to Article 14 of the Massachusetts Declaration of rights. Officer Hamilton, exerted excessive force in tightly placing the handcuffs behind Ms. McGill's back and failing to adjust the handcuffs and/or place the handcuffs in front of Ms. McGill in response to her complaints of severe pain to her right hand and wrist. Officer Hamilton also violated Ms. McGill's civil rights by failing to

properly investigate the complaint by Mr. Wells prior to placing Ms. McGill under arrest.

28. As a direct and proximate result of the excessive force and violation of civil rights, plaintiff McGill suffered physical injuries to her right hand and wrist.

29. Paragraphs 1 through 28 of this complaint are incorporated herein by reference. By the actions described in the incorporated paragraphs, defendant Hamilton individually violated McGill's right pursuant to the equal protection clause of the Fourteenth Amendment to the United States Constitution. By referring to plaintiff McGill as a female dog and taking actions they would not take against a similarly situated male, Christopher Hamilton individually discriminated against McGill based on her sex.

## III. M.G.L. c.258 § 2, Claim against Municipality

30. Paragraphs 1 through 29 of this complaint are incorporated herein by reference. The City of Boston is liable for the actions of the named individual defendant because the named individual defendant acted within the scope of his employment as a Boston Police Officer when he violated the plaintiff's civil rights.

31. Paragraphs 1 through 30 of this complaint are

10

incorporated herein by reference. By the actions
described in the incorporated paragraphs, the City of
Boston is liable for defendant Hamilton's individual
discrimination against McGill based on her sex, in
violation of the equal protection clause of the Fourth
Amendment to the United States Constitution, arising
from his action in referring to plaintiff McGill as a
female dog and taking actions they would not take
against a similarly situated male, because the named
individual defendant acted within the scope of his
employment as a Boston Police Officer when he
individually discriminated against McGill based on her
sex.

## IV.  42 U.S.C., § 1983 Claim against Individual

32.  Paragraphs 1 through 31 of this complaint are
incorporated herein by reference. By the actions
described in the incorporated paragraphs, defendant
Christopher Hamilton individually violated 42 U.S.C.,
§ 1983 by violating plaintiff McGill's right, pursuant
to the Fourth Amendment to the United States
Constitution, to be free from the government's use of
excessive force.

33.  Paragraphs 1 through 32 of this complaint are
incorporated herein by reference. By the actions
described in the incorporated paragraphs, defendant

11

Christopher Hamilton individually violated 42 U.S.C., § 1983 by violating plaintiff McGill's right, pursuant to the due process clause of the Fifth Amendment to the United States Constitution. The named individual defendant, in violation of state procedures, unlawfully detained Ms. McGill without probable cause to arrest.

34. As a direct and proximate result of the excessive force and the unlawful detention without probable cause to arrest, plaintiff McGill suffered physical injuries to her right wrist.

35. Paragraphs 1 through 34 of this complaint are incorporated herein by reference. By the actions described in the incorporated paragraphs, defendant Hamilton individually violated 42 U.S.C., § 1983 by violating plaintiff McGill's right, pursuant to the equal protection clause of the Fourteenth Amendment to the United States Constitution. The named individual defendant, by referring to plaintiff McGill as a female dog and taking actions they would not take against a similarly situated male, individually discriminated against her based on her sex.

**V.   42 U.S.C., § 1983 Claim against Municipality**

36. Paragraphs 1 through 35 of this complaint are

incorporated herein by reference.  The City of Boston
is liable for the actions of the named individual
defendant because the named individual defendant acted
pursuant to policies and/or customs of the Boston
Police Department which were deliberately indifferent
to the constitutional rights of Ms. McGill.  The City
was grossly negligent to the point of exhibiting
deliberate indifference to the well established
constitutional rights of Ms. McGill when it, through
the above-described policies, caused the defendant to
believe that their acts of misconduct, as alleged
above, would not be investigated and would be
tolerated.

37.  Paragraphs 1 through 36 of this complaint are
     incorporated herein by reference.  The City of Boston
     is liable for the actions of the named individual
     defendant because the City, in deliberate indifference
     to the constitutional rights of plaintiff, failed to
     adequately train and supervise the named individual
     defendant.  The City was grossly negligent to the
     point of deliberate indifference to Ms. McGill's
     rights in failing to supervise and discipline
     officers, such as the individual named defendants, for
     their misconduct so as to deter such conduct.

38.  The above policies and customs of the defendant City
     of Boston were the moving force behind the acts of the
     named individual defendant who caused Ms. McGill to

suffer the injuries and damages described in paragraph 24.

**Wherefore,** plaintiff McGill requests that this Court:

a.    award compensatory damages against the defendants in the amount to be awarded by a jury verdict;

b.    award punitive damages against defendants;

c.    award the costs of this action, including attorney's fees to plaintiff McGill; and

d.    award such other and further relief as this Court may deem necessary and appropriate.

**Jury Demand**

A jury trial is hereby demanded on all issues raised in this complaint.

Respectfully Submitted,
D'ANN MCGILL

By Her attorneys:

J. Thomas Kerner
BBO# 552-373
Attorney at Law
230 Commercial Street, 1st Fl.
Boston, MA 02109
(617)/720-5509

Veronica J. White
BBO#640-332
Attorney at Law
101 Tremont Street, Suite 800
Boston, MA. 02108
(617) 338-9507

I HEREBY ATTEST AND CERTIFY ON
JULY 1, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY:

ASSISTANT CLERK.

14

2

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1779 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| D'Ann McGill | City of Boston, Christopher Hamilton |

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Thomas Kerner,230 Commercial St.,1st Fl.Boston,MA.02109  (617)720-5509
Veronica J. White,101 Tremont St.,Suite 800,Boston,MA.02108 (617)338-9507
Board of Bar Overseers number: 552-373 (Kerner); 640-332 (White)

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

E17   Civil Rights Action   (   )   (X) Yes   (   ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $6,084.00
2. Total Doctor expenses .................................................... $5,511.00
3. Total chiropractic expenses .............................................
4. Total physical therapy expenses ......................................... $6,592.00
5. Total other expenses (describe) ......................................... 
   Subtotal $18,187.00
B. Documented lost wages and compensation to date ............................ $
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses ............... $ 10,000.00
E. Reasonably anticipated lost wages ........................................ $
F. Other documented items of damages (describe)
   $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Non-displaced radial styloid fracture; Triangular Fibrocartilage complex
tear at its radial attachment, associated with one zone of full             $............
thickness articular cartilage loss from the lunate.              TOTAL $ 28,187.00...

*(vertical stamp text:)* MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE   2005 MAY -5 P   SUFFOLK SUPERIOR CIVIL COURT   25

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 5/5/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
JULY 1, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

**3**

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                    SUPERIOR COURT
                                              CIVIL ACTION NO. 05-01779

D'ANN McGILL
      Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
      Defendants

## STIPULATION OF ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE PLAINTIFF'S COMPLAINT

Now come the Parties in the above-captioned case and hereby stipulate, pursuant to Mass. R. Civ. P. 6(b), that the time for Defendants City of Boston and Christopher Hamilton to answer or otherwise respond to Plaintiff's Complaint be enlarged by a period of two weeks, from June 23, 2005, to **July 7, 2005.** As reasons, Defendants state that they intend to remove this matter to Federal Court and additional time is necessary to complete that process. There is no prejudice to either party in allowing the instant motion.

PLAINTIFF D'ANN McGILL                 DEFENDANTS CITY OF BOSTON
By her attorneys,                      AND CHRISTOPHER HAMILTON
                                       Merita A. Hopkins
                                       Corporation Counsel
                                       By their attorneys,


J. Thomas Kerner BBO# 552373          Stephen G. Cox BBO# 566943
230 Commercial Street, 1st Floor      Tsuyoshi Fukuda BBO# 648739
Boston, MA 02109                      Assistant Corporation Counsel
(617) 720-5509                        City of Boston Law Department
                                      Room 615, City Hall
                                      Boston, MA 02201
Veronica J. White  BBO# 640332        (617) 635-4064 (SGC)
101 Tremont Street, Suite 800         (617) 635-4038 (TF)
Boston, MA 02108
(617) 338-9507

**I HEREBY ATTEST AND CERTIFY ON**

_JULY 1, 2005_ **, THAT THE**

**FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT,
DEPARTMENT OF THE TRIAL COURT**

BY.

ASSISTANT CLERK.

Dated:  6/22/05