UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11385 JLT

D'ANN McGILL
    Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
    Defendants

## DEFENDANTS' MOTION TO BIFURCATE

NOW COME the Defendants in the above-entitled action, and hereby move this Honorable Court pursuant to Fed.R.Civ.P. 42(b) ("Rule 42(b)") to issue an order that the Plaintiff, D'Ann McGill's, ("McGill") claims against Defendant, Christopher Hamilton, ("Officer Hamilton") be bifurcated from her claims against the municipality, City of Boston, with the claims against the individual Defendant to be tried first.

In support, the Defendants state that bifurcation will further the interests enumerated in Rule 42(b), namely those of convenience, expedition, economy and avoidance of prejudice to the individual Defendant.

### I. ARGUMENT
**A. Applicable Standard.**

A motion to bifurcate pursuant to Rule 42(b) is a matter peculiarly in the sound discretion of the trial court. Gonzalez-Marin v. Equitable Life Assur. Soc., 845 F.2d 1140, 1145 (1st Cir. 1988). The rule provides, in relevant part that, "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial." A separate trial may be appropriate to avoid prejudice or where a single issue could be dispositive of the entire

case. 9 Wright & Miller, *Federal Practice & Procedure: Civ.2d,* § 2388 (1995). See e.g. Chapman ex rel. Estate of Chapman v. Bernard's Inc., 167 F.Supp.2d 406, (D.Mass. 2001).

### B. There Can Be No Municipal Liability In This Case Absent A Finding Of An Underlying Constitutional Violation By The Individual Defendant.

The Plaintiff's claim against the City of Boston, brought pursuant to 42 U.S.C. §1983, is that the City of Boston is liable for the actions of Officer Hamilton because he "acted pursuant to policies and/or customs of the Boston Police Department . . ." and the City of Boston "failed to adequately train and supervise" Officer Hamilton. The Plaintiff further states that the "policies and customs of the defendant City of Boston were the moving force behind the acts of . . ." Officer Hamilton.

A local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983. Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978). There must be a showing by the Plaintiff that the municipal action was taken with the requisite degree of culpability, and must demonstrate an affirmative, causal link between the policy or custom of the municipality and the particular constitutional violation alleged. Board of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

Inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Canton v. Harris, 489 U.S. 378, 388 (1989). Only where a failure to train reflects a deliberate or conscious choice by a municipality can a city be liable for such a failure under Section 1983. Id. at 389.

### C. The Rule 42(b) Interests Of Judicial Economy And Avoidance Of Prejudice Are Best Served By Bifurcation.

A prerequisite, then, to a finding of municipal liability in this case is a finding that Officer Hamilton engaged in conduct violative of McGill's constitutional rights. See Board of County Com'rs of Bryan County v. Brown, 520 U.S. at 404. Should the jury determine Officer Hamilton did not engage in conduct violative of McGill's constitutional rights, the City of Boston cannot be liable. See id.

Thus, the goals of convenience, expedition, and economy enumerated in Rule 42(b) are served by first addressing the threshold question of whether Officer Hamilton engaged in any unconstitutional conduct, since resolution of that question in his favor would resolve the entire case. Presenting the jury only with evidence relating to individual liability would avoid the presentation of potentially unnecessary and confusing evidence, would limit the number of issues, and would be an efficient use of resources.

Additionally, any presentation of evidence concerning Boston Police Department policies and training would be unduly prejudicial to Officer Hamilton. Presentation of evidence of alleged municipal inadequacies may unfairly influence jury deliberations as to the individual claims. Furthermore, if the Plaintiff were to present evidence relating to any of Officer Hamilton's prior dealings with the City of Boston Internal Affairs Department, that evidence also has the potential to unfairly influence jury deliberations. "Avoidance of prejudice," also enumerated as a goal of Rule 42(b), will be well-served by bifurcation, so that they jury may focus upon the question of individual liability without being prejudiced by testimony concerning municipal conduct.

## II. CONCLUSION

WHEREFORE, the Defendants ask that in the interests of judicial economy and in an effort not to unfairly prejudice the defense of the individually named police officer, their Motion to Bifurcate be allowed.

Respectfully Submitted,
DEFENDANTS

CITY OF BOSTON and
CHRISTOPHER HAMILTON

William F. Sinnott
Corporation Counsel

By their attorney:

/s/ Bernard D. Posner
_____

Bernard D. Posner, BBO # 659020
Elizabeth L. Bostwick, BBO # 644498
Assistant Corporation Counsel
City of Boston Law Department
Room 615, Boston City Hall
Boston, MA 02201
(617) 635-4046 (BDP)
(617) 635-2902 (ELB)

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that counsel for the Defendants has communicated with counsel for the Plaintiff in the above-entitled action and that counsel for the Plaintiff, J. Thomas Kerner, indicated that the Plaintiff would not be opposing this motion.

/s/ Bernard D. Posner
_____

Bernard D. Posner