UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11385 JLT

D'ANN McGILL
    Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
    Defendants

## DEFENDANTS, THE CITY OF BOSTON and SERGEANT CHRISTOPHER HAMILTON'S STATEMENT OF UNDISPUTED FACTS

Pursuant to Local Rule 56.1, the City of Boston ("City") and Sergeant Christopher Hamilton ("Sgt. Hamilton") submit these undisputed facts in support of their motion for summary judgment.[1]

**The Stop & Arrest**

1. On August 11, 2002, D'Ann McGill ("Plaintiff") went to the Chinatown section of the City of Boston to engage in prostitution. Plaintiff's Dep. 45, ll.21-22 attached as Exhibit "A" to Affidavit of Elizabeth L. Bostwick[2].

2. On August 11, 2002, Sgt. Hamilton was working as a police officer for the City of Boston Police Department in Chinatown.  On this same date Plaintiff was arrested by Sgt. Hamilton in Chinatown at approximately 2:30 a.m. for taking money from

---

[1] The City of Boston and Sergeant Christopher Hamilton submit these facts as undisputed for the purposes of this motion only. Otherwise, they reserve each defense available to them and to contest these facts and any applicable legal conclusions.

[2] All cited portions of the Plaintiff's deposition and Sgt. Hamilton's deposition are attached as Exhibits "A" and "B"  respectively to the Affidavit of Elizabeth L. Bostwick.

    Mr. Kevin Wells ("Mr. Wells"). Plaintiff's Dep. 19-20,64; Plaintiff's Complaint, ¶ 1.

3. Sgt. Hamilton saw Mr. Wells chasing the Plaintiff and asked the Plaintiff to stop. Plaintiff's Dep. 72-73, ll.23-6; Hamilton's Dep. 140-141, ll. 21-4 attached as Exhibit "B" to Affidavit of Elizabeth L. Bostwick.

4. Mr. Wells was chasing Plaintiff and yelling "Bitch, give me my fucking money back." Plaintiff's Dep. 65, 66 ll.7-8, 24-9.

5. Sgt. Hamilton does not remember whether Mr. Wells was intoxicated. Hamilton's Dep. 141, ll. 9-14. Sgt. Hamilton was the only police officer present at the initial stop.

6. Sgt. Hamilton put handcuffs on McGill. Plaintiff's Dep. 93.

7. Sgt. Hamilton double-locked the handcuffs. Hamilton's Dep. 153, ll. 2-13.

8. Plaintiff alleges that Sgt. Hamilton handcuffed her by grabbing her right hand and putting it behind her back and placing the handcuff on too tightly and then taking her left hand and cuffing it. Plaintiff's Dep. 94-95.

9. Plaintiff was handcuffed with both of her hands behind her back. Plaintiff's Dep. 93, 95, ll. 3-5. Plaintiff's Complaint, ¶ 11.

10. Plaintiff alleges that the handcuff on her right wrist and hand was too tight. Plaintiff's Complaint, ¶¶11-12.

11. Plaintiff did not resist arrest. Hamilton's Dep. 144, l. 20.

12. Sgt. Hamilton did not loosen the handcuff when Plaintiff told him about the tightness. The Plaintiff did not tell Sgt. Hamilton that she had an pre-existing injury. Plaintiff's Complaint, ¶12; Plaintiff's Dep. 79.

13. Sgt. Hamilton interviewed Mr. Wells. Mr. Wells told Sgt. Hamilton that Plaintiff had taken over One hundred (100) dollars from him. Plaintiff's Complaint, ¶ 16; Hamilton's Dep. 145, l.8

14. Mr. Wells told Sgt. Hamilton that Plaintiff had taken his money when she "felt him up all over his body." Plaintiff's Complaint, ¶16; Hamilton's Dep. 143, ll.3-6.

15. Mr. Wells told Sgt. Hamilton that the Plaintiff had taken his money about 45 minutes prior to being stopped by Sgt. Hamilton. Hamilton's Dep. 148, ll. 1-3.

16. Sgt. Hamilton found Mr. Wells credible. Hamilton's Dep. 149, ll.18-19.

17. The Plaintiff had been arrested by Sgt. Hamilton three or four times before for common night walking. Plaintiff's Dep. 72; Hamilton's Dep. 141, ll. 20-23.

18. Sgt. Hamilton had warned the Plaintiff hundreds of times about her behavior and not arrested her. Hamilton's Dep. 141-142, ll. 24-4.

19. The Plaintiff had taken money before. Plaintiff's Dep. 74, ll. 4-8.

20. Sgt. Hamilton called Plaintiff by her alias "Sadie Heaston" when he asked her to stop. Plaintiff's Dep. 71, ll.5-9.

21. Plaintiff alleges that Sgt. Hamilton said to her—"I'm sick and tired of you taking these mens' money any time I see you I'm going to take your motherfucking ass to jail and I'm going to tell my buddies if they see you down here for them to call me and I will personally come down and take your ass to jail." Plaintiff's Dep. 79, ll. 15-20; Plaintiff's Complaint, ¶ 13.

22. After the Plaintiff was handcuffed, Sgt. Hamilton asked her to sit on the curb. Plaintiff's Dep. 86.

23. Plaintiff was held over night in jail, and taken to court the next day, and released on bail. Plaintiff's Dep. 130,132.

24. Plaintiff alleges that her wrist was fractured as a result of being handcuffed by Sgt. Hamilton. Plaintiff's Complaint, ¶24.

25. On or about December 11, 2005, the larceny case against Plaintiff was dismissed. Plaintiff's Complaint, ¶21.

**Training, Rules and Procedures of the Boston Police Department**

26. The City of Boston Police Department has a rule and procedure about handcuffing suspects. See Boston Police Department, Rule 315 attached as Exhibit "C" to the Affidavit of Elizabeth L. Bostwick.

27. The rule provides that "Handcuffs are to be used: whenever a person is arrested or taken into custody regardless of age or sex, in a manner consistent with this Rule. . . ." Section 4 of Rule 315. "When handcuffing a suspect: . . . handcuff the suspect with their hands behind their back, thumbs up, palms out. . . when practicable double lock the handcuffs after both cuffs are in place." Section 5 of Rule 315.

28. The City of Boston Police Department also has an Internal Affairs Division ("IAD") that investigates complaints against its officers. The IAD is governed by Rule 102 and 109 of the Boston Police Department. See Rules 102 and 109 attached as Exhibits "D" and "E" to the Affidavit of Elizabeth L. Bostwick.

29. For complaints that are sustained, there is progressive policy of discipline. Id.

30. Sergeant Hamilton received eight (8) months of training at the City of Boston Police Academy (the "Police Academy"). Hamilton's Dep. 8- 13.

31. Sergeant Hamilton received training in the use of force, and making arrests at the Police Academy, and the rules and procedures of the Boston Police Department. Hamilton's Dep. 8, l.16.

32. The Police Academy trains its recruits in handcuffing suspects. See Boston Police Academy material on Handcuffing attached as Exhibit "F" to the Affidavit of Elizabeth L. Bostwick.

33. The Police Academy also trains recruits on making investigatory stop and arrests. See Boston Police Academy material on Threshhold Inquiries attached as Exhibit "G" to the Affidavit of Elizabeth L. Bostwick.

34. The Academy also trains its recruits in the use of force to make an arrest or stop. See Boston Police Academy material on Use of Force attached as Exhibit "H" to the Affidavit of Elizabeth L. Bostwick.

35. Sgt. Hamilton followed Rule 315 on handcuffing suspects.

      Respectfully submitted,

      DEFENDANTS CITY OF BOSTON
      AND CHRISTOPHER HAMILTON
      William F. Sinnott
      Corporation Counsel

      By their attorneys,

      /s/ L. Bostwick
      _____
      Elizabeth L. Bostwick BBO# 644498
      Assistant Corporation Counsel
      City of Boston Law Department
      Room 615, City Hall
      Boston, MA 02201
      (617) 635-2902