UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11385 JLT

D'ANN McGILL
      Plaintiff

v.

CITY OF BOSTON and
CHRISTOPHER HAMILTON
      Defendants

### Affidavit of Elizabeth L. Bostwick

1. My name is Elizabeth L. Bostwick.  I represent the City of Boston and Sergeant Hamilton in the above case.

2. Attached hereto as Exhibit "A" are true and accurate copies of the cited portions of the Plaintiff's deposition.

3. Attached hereto as Exhibit "B" are true and accurate copies of the cited portions of Sergeant Hamilton's deposition.

4. Attached hereto as Exhibit "C" is a true and accurate copy of Rule 315 of the Boston Police Department.

5. Attached hereto as Exhibit "D" is a true and accurate copy of Rule 102 of the Boston Police Department.

6. Attached hereto as Exhibit "E" is a true and accurate copy of Rule 109 of the Boston Police Department.

7. Attached hereto as Exhibit "F" is a true and accurate copy of Boston Police Academy materials on the handcuffing.

8. Attached hereto as Exhibit "G" is a true and accurate copy of Boston Police Academy materials on threshold inquiries.

9. Attached hereto as Exhibit "H" is a true and accurate copy of Boston Police Academy materials on use of force.

Signed under the pains and penalties this 16th day of February 2007.

/s/ L. Bostwick

_____
Elizabeth L. Bostwick

# EXHIBIT D

**Police Commissioner's Special Order**



| | |
|---|---|
| Number: | SO   05-003 |
| Date: | 1/3/05 |
| Post/Mention:  Indefinite | |

**SUBJECT:**     **AMENDMENT TO RULE 102, SECTION 10,
SUB-SECTION C, WORK WEEK**

This Special Order supercedes all other Special Orders on the subject matter.

No officer shall work more than ninety-six (96) hours in one (1) week, from 8:00 A.M. Saturday until 8:00 A.M. the following Saturday, (the department payroll week) or more than three hundred and twenty (320) hours in any four (4) week period.  These hours shall include regularly scheduled tours of duty, court time, overtime and paid details.  Any tour of duty missed due to illness or injury shall be included in the total of hours worked for a week.

Kathleen M. O'Toole
Police Commissioner

Boston Police Department                          **Rules and Procedures**

**Rule 102**
**February 11, 2003**

### THE CONDUCT AND GENERAL RIGHTS
### AND RESPONSIBILITIES OF DEPARTMENT
### PERSONNEL - AMENDED

This rule is issued to establish guidelines for the conduct of, as well as the personal rights and responsibilities, of employees of the Boston Police Department. Its provisions are effective immediately, replacing in its entirety Rule No. 34 of the 1950 Rules and Procedures Manual and superseding all previously issued rules, orders, memoranda, and directives regarding the personal conduct of employees of the Department.

**Sec. 1 DEFINITIONS:** For the purpose of this rule, the following definitions will apply.

> **Employee** shall mean all members of the Boston Police Department, both officers and civilian personnel.

> **Force** refers to the sworn membership of the Department who are vested with full police powers.

> **Officer** means a sworn Department member clothed with full police powers.

**Sec. 2 GENERAL CONSIDERATIONS:** Police officers are more visible to the community than most other persons in government or public service. Public scrutiny, and sometimes public criticism, is directed not only at police performance but also at the behavior of those who deliver police services.

The establishment of proper standards for police behavior must take into account not only the expectations of the citizen but also the importance of respecting the individual rights of police employees.

The Boston Police Department recognizes that its employees have certain basic personal rights and restricts those rights only where necessary to ensure the integrity of the Department and the highest quality of police service are maintained.

**Sec. 3 CONDUCT:** Employees shall conduct themselves at all times, both on and off-duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming an employee shall include that which tends to indicate that the employee is unable or unfit to continue as a member of the Department, or tends to impair the operation of the Department or its employees.

**Sec. 4 NEGLECT OF DUTY:** This includes any conduct or omission which is not in accordance with established and ordinary duties or procedures as to such employees or which constitutes use of unreasonable judgment in the exercising of any discretion granted to an employee.

**Sec. 5 MAINTAINING DEPARTMENT RULES AND PROCEDURES:** Employees of the Department shall sign a receipt for a copy of this and all other subsequent Rules and Procedures of the Department as they are promulgated. Employees shall maintain their copies of the Rules and Procedures of the Department in the binder provided and shall be prepared to produce their binder for the examination or inspection by the members of the Staff Inspection Division or any superior officer or supervisor upon reasonable notification. In addition, employees shall be responsible for knowledge of, and full compliance with, all Rules and Procedures of the Department that apply to their duties.

District and unit commanders shall return the signed acknowledgments of the receipt of Department Rules and Procedures to the Staff Inspection Division after all personnel under their command have signed the receipt list.

**Sec. 6 ACCOUNTABILITY:** Superior officers and supervisors shall be held accountable for the actions of all subordinates subject to their authority and under their command.

**Sec. 7 RESIDENCE AND TELEPHONE:** Except as otherwise provided by law, all officers of the Department shall live in the City of Boston. All employees of the Department shall report their places of residence and their telephone number to the Commanding Officer or supervisor of the Bureau, Division, District, Unit or Office to which they are assigned. They shall also report to that person any change of residence or telephone number within twenty-four (24) hours after such change.

The procedures which follow are instituted to standardize the process for all Department employees reporting a change of their name, address, telephone number or tax withholdings and to ensure compliance with Internal Revenue Service record keeping regulations.

A. **Reporting Changes in Names, Addresses, Telephone Numbers and Tax Withholdings:** Any employee who reports a change of their name, address or telephone number shall do so only on **BPD Form #2785**. Changes in tax withholdings shall be made by filling out the federal W-4 and/or the state M-4 form. All changes of name, address and/or tax withholdings shall be processed as outlined below, using the appropriate required form, depending upon whether the employee is submitting a change of name, address, telephone number and/or tax withholding:

   o If an employee needs to report a change of **name**, that employee must submit a completed BPD Form 2785 **and** an original Department of the Treasury Internal Revenue Service Form W-4 to their Commander/Director;

   o If an employee needs to report a change of **address**, that employee must submit a completed BPD Form 2785 **and** an original Department of the Treasury Internal Revenue Service Form W-4 to their Commander/Director;

   o If an employee needs only to report a change of **telephone number**, that employee must simply submit a completed BPD Form 2785 to their Commander/Director;

   o If an employee needs only to make a change of **federal tax withholding**, that employee must submit an original Department of the Treasury Internal Revenue Service Form W-4 to their Commander/Director; and

o If an employee needs only to make a change of **state tax withholdin**g, that employee must submit an original Massachusetts Employee's Withholding Exemption Certificate Form M-4 to their Commander/Director.

**NOTE:** The state Form M-4 is only required for making changes in state tax withholding and is not required for a name or address change.

B. **Responsibilities of Commanders/Directors:** Commanders/Directors shall review all forms for completeness prior to signing them and shall ensure that all original forms are immediately forwarded to the Employee Records and Central Attendance Management Unit, Human Resources Division.

C. **Responsibilities of the Employee Records and Central Attendance Management Unit:** Upon receipt of the required forms (BPD Form 2785, W-4 and/or M-4), the Employee Records and Central Attendance Management Unit shall process the forms as follows:

o The **original** BPD Form 2785 shall be "time/date stamped" and placed in the employee's Personnel Record, along with a **copy** (if applicable) of the W-4 tax form and/or M-4 tax form;

o The **original** W-4 tax form (and/or M-4 tax form) shall be mailed to the Payroll Department at City Hall, along with a **copy** of the BPD Form 2785 (if applicable);

o A **copy** of the BPD Form 2785 shall be forwarded to the Director, Human Resources Division; and

o A **copy** of the BPD Form 2785 shall be forwarded to the Data Processing Unit.

**Sec. 8 DIRECTIVES AND ORDERS**: Employees shall obey and comply with all rules, orders and other directives of the Department whether transmitted verbally or in writing. Employees shall obey all orders of a superior officer or supervisor.

**Improper Orders:** An employee, given an order which he believes to be improper or not in accordance with Department rules, must obey the order. He may then appeal the matter to his commanding officer, and if the matter is not resolved at that level, it may be appealed through the chain of command to the Police Commissioner.

**Conflicting Orders:** An employee given an order which conflicts with Department rules and/or policies or with a previous order from a higher authority, shall promptly and respectfully call the conflict to the attention of the superior officer or supervisor giving the order. If the superior officer or supervisor does not withdraw or change his order to avoid the conflict, the order shall be binding upon the employee unless or until it is specifically countermanded by an officer or supervisor of higher rank.

**Sec. 9 RESPECTFUL TREATMENT:** Employees shall, on all occasions, be civil and respectful, courteous and considerate toward their supervisors, their subordinates and all other members of the Department and the general public. No employee shall use epithets or terms that tend to denigrate any person(s) due to their race, color, creed or sexual orientation except

when necessary in police reports or in testimony.

## Sec. 10 REPORTING FOR DUTY:

A. Employees shall report for duty at the time and place specified by their superior officer or supervisor and shall be physically and mentally fit to perform their duty. They shall be properly equipped and cognizant of the information required for the proper performance of duty so that they may immediately assume their duties. They shall acquaint themselves with all matters occurring since their last tour of duty which affect their responsibilities and be accountable for compliance with all new orders, rules, bulletins and circulars.

B. No officer shall be permitted to work more than two (2) consecutive tours of duty, in a row, or more than sixteen (16) consecutive hours in any given twenty-four (24) hour period. This shall include overtime, court time and paid details, except in an emergency situation with the approval of the Police Commissioner, Executive Officer or appropriate Bureau Chief. An on-call tour of duty is an exception to the "sixteen in twenty-four" hour rule. When an officer who is performing an eight (8) hour paid detail following a full eight hour tour of duty is requested by the paid detail vendor to continue to perform that paid detail, the officer may do so for no more than one (1) additional hour.

C. No officer shall work more than ninety-six (96) hours in one (1) week, from 8:00 a.m. Wednesday until 8:00 a.m. the following Wednesday, or more than three hundred and twenty (320) hours in any four (4) week period. These hours shall include regularly scheduled tours of duty, court time, overtime and paid details. Any tour of duty missed due to illness, or injury, suspension, or administrative leave shall also be included in the total of hours worked for a week. **(Sub-section amended by Special Order 99-42)**

An officer may only be exempt from this policy with the expressed written approval of his/her Commanding Officer. The Commanding Officer will forward a copy of the permission with an explanation to the Bureau Chief within seven (7) days.

Exemptions to this policy may be made only in the interest of public safety, specifically:

1. Court Appearances;
2. Mandatory Overtime; or
3. Public necessity as determined by the Bureau Chief.

**Sec. 11 GROOMING:** All uniformed personnel when reporting for duty shall be properly groomed. Hair shall be neatly trimmed and not overhanging a shirt collar. Side burns may not extend below the bottom of the ear and shall be straight and neatly trimmed and not be allowed to flare out from the ear. In no case shall the bulk of the hair interfere with the proper wearing of uniform headgear.

If a beard or mustache is worn, it shall be well groomed and neatly trimmed at all times in order not to present a ragged appearance. Full and partial beards are authorized, but patchy, spotty clumps of facial hair are not considered beards and as such are not permitted. The bulk of the beard (distance that the mass of facial hair protrudes from the skin of the face) shall not exceed one-half an inch. The length of the individual facial hair shall be limited to three quarters of an inch.

No portion of any mustache will extend below the lipline of the upper lip.

Police officers, while in uniform, shall not wear earrings or ear-studs; nose-studs; or any type of necklace chain or medallion outside of a uniform shirt, blouse or jacket.

**Sec. 12 SLEEPING ON DUTY:** Employees shall remain awake and alert while on duty.

**Sec. 13 USE OF ALCOHOL AND TOBACCO ON DUTY:** Employees shall not drink alcoholic beverages when on duty unless it is necessary to gain evidence and upon the order of a superior officer. Employees shall not appear for duty or be on duty while under the influence of alcoholic beverages to any degree whatever or have an odor of alcohol on their breath.

Employees shall not smoke or chew tobacco while in uniform, when in view of the public, or when in contact with the public. (This is not meant to prohibit smoking in a sector car, wagon, or unmarked car.)

No employee shall smoke or chew tobacco when in direct contact with the public (while taking a report, conducting an interview, or making an investigation on private property), in uniform or in plainclothes.

**Sec. 14 USE OF ALCOHOL OFF DUTY:** Officers while off duty shall refrain from consuming alcoholic beverages to the extent that it results in obnoxious or offensive behavior which would tend to discredit them or the Department or render them unfit to report for their next regular tour of duty.

Employees shall not consume alcoholic beverages in public places while wearing the uniform of the Department or while wearing any part of the uniform which could indicate that they are employees of the Department.

**Sec. 15 ALCOHOLIC BEVERAGES ON POLICE INSTALLATIONS:** Employees shall not bring into or store alcoholic beverages in any police facility or vehicle except alcoholic beverages which are to be held as evidence or found property which is held for safekeeping.

**Sec. 16 USE OF DRUGS:** Employees shall not use any prescription drugs, controlled substances, narcotics or hallucinogens except when prescribed in the treatment of the employee by a registered physician or dentist. When prescription drugs, controlled substances, narcotics or hallucinogens are prescribed for him, an employee shall notify his superior officer or supervisor, in writing, before his next tour of duty of such prescription. Prescription drugs, controlled substances, narcotic or hallucinogenic shall mean any substances so defined in Massachusetts General Laws, Chapter 94C.

A superior officer or supervisor shall, when notified by an employee that any prescription drugs, controlled substances, narcotics or hallucinogens have been prescribed and ingested, notify the Department physician of the quantity of the substance which the employee reports has been prescribed and shall be guided by the Department physician's opinion as to whether or not the employee can fulfill his duties while under the influence of such prescribed substance. In the event that the Department physician cannot be reached, the superior officer or supervisor shall exercise his own best judgment as to whether or not the employee, reporting the use of such substance, should perform his Departmental duties. Whether or not the employee does continue to perform his Department duties shall not affect the responsibility

of the superior officer or supervisor to notify the Department physician of the use of such substance as soon as possible.

**Sec. 17 POLICE SERVICE:** Employees, while on duty, shall promptly respond to all persons requesting service, insofar as it is within their duties and is consistent with Department rules and policies.

**Sec. 18 PERSONAL BUSINESS:** Employees of the Department shall not engage in personal business while on duty and shall avoid all activities not relating directly to their Departmental responsibilities.

**Sec. 19 STATEMENT OF OPINION:** Employees shall not publicly criticize or ridicule the Department, its policies, or other employees by speech, writing, or expression in any other manner when such speech, writing or other expression is defamatory, unlawful, interferes with the maintenance of discipline, or is made with reckless disregard of its truth or falsity.

**Sec. 20 SELF IDENTIFICATION:** General Law, Chapter 41, Section 98D, requires every officer to carry his identification card with photograph and exhibit this card upon a lawful request for purposes of identification. Any officer, acting in his official capacity, shall give his name, rank and badge number, in a civil manner to any person who may inquire unless he is engaged in an undercover police operation and his physical safety or the police operation would be jeopardized by his making such identification.

Civilian employees, while engaged in their Departmental duties, shall identify themselves in a civil manner to any person who may inquire as to their identity and status within the Department.

**Sec. 21 CHARITABLE SOLICITATIONS:** Employees, while on duty or in uniform, shall not solicit from the general public money, gifts, or other things of value for charitable or testimonial purposes nor otherwise use their identity as police officers for such purposes.

**Sec. 22 GIFTS AND GRATUITIES:** Employees of this Department shall not solicit, seek or accept any gift or gratuity, including food, drink, admissions to public transportation or public amusements, for themselves or others, from an individual, merchant, or business establishment, when it can be construed to involve their position as an employee of the Boston Police Department.

Employees of the Department or their agents or persons/corporations/associations, etc., at their request/direction shall not seek, solicit or accept contributions in any form whether moneys, goods or sponsorships from any individual, firm or corporation licensed in whole or in part by the Commonwealth of Massachusetts, the City of Boston, or any political subdivisions thereof.

Employees shall immediately report to their commanding officer, in writing, any offer or attempt to offer any gift or gratuity when it can be construed to involve their position as an employee of the Boston Police Department.

**Sec. 23 DEPARTMENTAL REPORTS - TRUTHFULNESS:** Employees shall submit all necessary reports on time and in accordance with established Departmental procedures. Reports submitted by employees shall be truthful and complete. No employee shall knowingly enter, or cause to be entered, any inaccurate, false or improper information.

**Sec. 24 CONFLICT OF INTEREST:** Employees shall comply with the provisions of General Law, Chapter 268A and St. 1909, Chapter 486, Section 8, the conflict of interest statutes.

**Sec. 25 REPORTING LAW VIOLATIONS:** All officers shall report in writing to their Commanding Officer all information that comes to their attention concerning organized crime, vice, gaming, liquor or narcotic violations, all felony violations of the criminal statutes of the Commonwealth, and violations of the conditions of any license which have been issued to persons or premises.

**Sec. 26 REWARDS:** Employees may be permitted by the Commissioner, at his discretion, to receive rewards with a monetary value tendered for services rendered in the discharge of their duties which are especially meritorious or otherwise in the public interest. In each and every case, application must be made in writing to the Commissioner for permission to give or receive any reward.

**Sec. 27 ABUSE OF PROCESS - WITHHOLDING EVIDENCE:** Officers shall not intentionally manufacture, tamper with, falsify, destroy, or withhold evidence or information nor make any false accusations of a criminal charge or seek to influence the outcome of any investigations.

**Sec. 28 RECOMMENDATIONS OF SERVICE:** Employees shall not recommend or suggest in any manner except in the transaction of personal business, the employment or procurement of a particular product, professional service, or a commercial service, including, but not limited to, the services of an attorney, bondsman, bail commissioner or funeral director, an ambulance service or a towing service.
In the case of an ambulance or towing service, when such service is necessary and the person needing the service is unable or unwilling to procure it, the officer shall proceed in accordance with established Department procedure.

**Sec. 29 ENDORSEMENT OF COMMERCIAL PRODUCTS:** The Department does not endorse commercial products or allow its facilities to be used for such endorsements. Departmental personnel shall not make any endorsements of commercial products in their capacity as members of the Department.

**Sec. 30 POLITICAL ACTIVITY:** Employees shall be permitted to:

Register and vote in any election.

Express opinions as private individuals on political issues and candidates, subject to the provisions of Section 19 of this Rule.

Attend political conventions, rallies and similar political gatherings as private individuals.

Sign political petitions as private individuals.

Become candidates for election to an office of any town or city, other than the City of Boston, in any county other than Suffolk County, or other local or regional office which are not prohibited by Section 31 of this Rule.

Hold membership in a political party and participate in its functions to the extent consistent with law and with these rules.

Participate fully in public affairs to the extent that such endeavors do not impair the natural and efficient performance of official duties, or create real or apparent conflicts of interest.

## Sec. 31 EMPLOYEES NOT ON LEAVE OF ABSENCE PURSUANT TO SECTION 32 OF THIS RULE ARE PROHIBITED FROM:

- Becoming a candidate for election to or holding any office of the City of Boston, Suffolk County, the Commonwealth of Massachusetts or the Federal Government.

- Using their official capacity to interfere with or affect any election.

- Engaging in the direct or indirect solicitation of funds for political candidates, political campaigns, political parties or political organizations.

- Soliciting votes in support of or in opposition to any candidates in any way which would identify an employee as a member of the Boston Police Department.

- Engaging in any political activities prohibited by federal law, state statute or municipal ordinance.

- **Except for the Police Commissioner and/or his or her designee[s] when acting in their official capacities,** publicly endorsing or opposing political candidates and/or issues in any way which would cause a reasonable person, having knowledge of the relevant circumstances, to conclude that the employee was acting in his or her official capacity as a member of the Boston Police Department. No bargaining unit member shall be compelled to act as the "designee" under this provision. Under no circumstances shall a member of the Department, other than the Commissioner and/or his or her designee acting in their official capacity, appear in uniform on behalf of a political candidate or on a political issue, whether on or off duty.

- Utilizing public resources (e.g., office equipment, vehicles or staff) for political campaign activity.

**Political Contributions:** Pursuant to state and federal law employees may make political financial contributions with the following exceptions and limitations:

- An employee may make campaign contributions to state or local candidates or to candidate's committees so long as the total of all contributions for the benefit of any one state or local candidate and the candidate's committee does not exceed $500.00 in any calendar year.

- An employee may, in addition, make contributions for the benefit of state or local political party committees, whether elected or non-elected, (e.g., the democratic state committee) so long as the total of contributions for the benefit of any one state or local political party committee does not exceed $5,000.00 in any one calendar year.

- The aggregate of all contributions from any one employee to all such state and local candidates and candidate's committees shall not exceed $12,500.00 in any one calendar year.

- An employee may make contributions without limitation to state and local ballot question committees.

- An employee may make campaign contributions to federal candidates or candidate's committees (e.g., candidate for U.S. Senate) so long as the total of all contributions for the benefit of any one federal candidate and the candidate's committee does not exceed $1,000.00 per election.

- An employee may make contributions for the benefit of federal political party committees (e.g., the democratic national party) without limitation with the exception that if the employee designates such contribution for federal election purposes the employee is subject to an annual contribution limitation of $20,000.00. **(Section Amended by Special Order 99-35, issued June 4, 1999)**

**Sec. 32 EMPLOYEES SEEKING POLITICAL OFFICE:** Every employee of the Police Department upon becoming a candidate for election to any office specified in Section 31 shall take a leave of absence, without pay, effective with the day he requests nomination papers or subscribes his statement of candidacy and continuing until whichever of the following first occurs; his failure of nomination or election at the primary or final election or his failure to become, or withdrawal as a candidate, or if elected, the termination of his term of office.

**SEC. 33, EMPLOYMENT OUTSIDE OF THE DEPARTMENT:** Employees may engage in off-duty employment subject to the following limitations (this section does not apply to Department-assigned paid details):

A. The Police Commissioner's written approval must be granted prior to engaging in off-duty employment. To receive such approval, employees shall fill out BPD Form 2196 (revised 1996), "Request for Permission to Hold Off-Duty Employment" and give it to their Commanding Officer/Director. Commanding Officers/Directors shall forward such forms with their recommendation for approval or disapproval to the appropriate Bureau Chief.

B. Upon reviewing the recommendation of the employee's Commanding Officer/Director, the Bureau Chief shall forward the request with their recommendation for approval or disapproval to the Police Commissioner for consideration.

C. Upon reviewing the employee's request and the recommendations of the Commanding Officer/Director and the Bureau Chief, the Police Commissioner shall approve or disapprove the request. All requests will be forwarded to the Director/ Human Resources Division, Bureau of Administrative Services, where they will be kept on file. The Director, Human Resources Division is responsible for ensuring that employees are sent a copy of their request, approved or disapproved, once the Police Commissioner has acted upon it. No employee may engage in off-duty employment prior to receiving a copy of his or her request, which has been approved by the Police Commissioner.

D. A new BPD form 2196 must be filled out every time an employee who has received permission for off-duty employment changes jobs, off-duty employers or number of hours

worked.

E.  All employees who have permission to hold off-duty employment shall fill out a new BPD form 2196 every year during the month of October. Upon receiving a copy of such form, approved by the Police Commissioner, from the Director, Human Resources Division, the employee's permission to hold off-duty employment is renewed until December 31st of the following year, unless revoked earlier by the Police Commissioner. Permission to hold off-duty employment is automatically revoked on December 31st of any year in which an employee fails to file the above form and maintain proof of having done so.

F.  Off-duty employment shall constitute no more than twenty (20) hours' work per week. This limitation does not apply during any week that the officer does not report for duty because the officer is serving an unpaid suspension. Additionally, officers on administrative leave (in accordance with Rule 109, sec. 10) or on administrative duty shall not work more than 96 hours per week, or more than 320 per month, during the period of their administrative leave / duty.

G.  Employees shall not engage in any employment or business involving the sale or distribution of alcoholic beverages within the City of Boston.

H.  Employees shall not engage in, acquire or retain a financial interest in any employment or business that is licensed by the Licensing Board of the City of Boston.

I.  Employees shall not be employed as a guard or security officer.

J.  Employees shall not engage in any employment or business which would constitute a violation of M.G.L. c. 268A, "Conduct of Public Officials and Employees", or St. 1909, Chapter 486, Section 8.

K.  Employees shall not hold any elective office specified in Section 31 of this Rule.

L.  Employees shall not engage in, acquire or retain a financial interest in any business or employment involving investigatory work outside the Department. Investigatory work includes, but is not limited to, private detectives, insurance company investigations, collection or credit agencies or as the investigator for any attorney or bail bond agency.

M.  It is of utmost importance that each employee avoid private financial or business relationships with convicted felons or with persons who openly associate with felons. Each employee must remain vigilant to ensure that they do not work for an employer or acquire a financial interest in any business with a person who has been convicted of a felony or who openly associates with convicted felons. It is the Department's policy to provide notice to the officer when violations of this subsection come to its attention. Once notified, the officer shall forthwith discontinue any relationship in violation of this subsection. No notice will be provided to an officer that may compromise an investigation. The Department shall bear the burden of proving violations of this section.

N.  Employees who are lawyers and who receive permission to practice law may not represent clients in criminal cases, consult or offer advice to other attorneys on criminal cases.

O. Employees who have received permission to hold off-duty employment may have such permission revoked at the discretion of the Police Commissioner. The employee may request in writing an explanation for the revocation. **(Section Amended by Special Order 03-02, issued January 28, 2003)**

**Sec. 34 MUTUAL PROTECTION:** In an emergency, an officer shall promptly come to the aid of any officer who, when carrying out his official duties, is in need of assistance.

**Sec. 35 CONFORMANCE TO LAWS:** Employees shall obey all laws of the United States, of the Commonwealth of Massachusetts, all City of Boston ordinances and by-laws and any rule or regulation having the force of law of any board, officer, or commission having the power to make rules and regulations. An employee of the Department who commits any criminal act shall be subject to disciplinary action up to and including discharge from the Department. Each case shall be considered on its own merits, and the circumstances of each shall be fully reviewed before the final action is taken.

**Sec. 36 CRIMINAL COMPLAINTS:** An employee of the Department, upon learning that an application for a criminal complaint has been made against him or that a complaint or incident has been issued against him, shall forthwith notify his commanding officer in writing. Such notification shall be a summary of the complaint sought or issued and the projected date of the hearing or trial. The commanding officer receiving such notification shall transmit a copy of the employee's report to the Office of the Police Commissioner.

The Supervisor of Cases at each court, upon receipt of information that a complaint or indictment has been sought or issued against a Department employee, shall submit a separate report to the Office of the Police Commissioner, furnishing the subject matter of the complaint or indictment and the date of the hearing or trial.

**Sec. 37 SITUATIONS INVOLVING FAMILY OR FRIENDS:** An officer confronted with a situation requiring police intervention, in which a member of his family or a friend is involved, shall not intervene unless an emergency exists, and then only to meet the emergency. The officer concerned shall notify the Operations Section, or if outside the City of Boston, the appropriate police agency, so that a more objective police unit may handle the matter.

**Sec. 38 SITUATIONS INVOLVING OFF-DUTY BOSTON POLICE OFFICERS:** When an officer is confronted with a situation in which the conduct of an off-duty Boston Police Officer is in question, that officer shall follow appropriate and normal police procedures and, as soon as possible, shall notify the Operations Section and request that a Superior Officer respond to the incident.

**Sec. 39 ASSOCIATION WITH CRIMINALS:** Department employees shall not associate with persons whom they know, or should know, are persons under criminal investigation, or who have a reputation in the community or in the Department for recent or present involvement in felonious or criminal activities.

This rule shall not apply where said associations are necessary in the performance of official duties, or where said associations are unavoidable due to familial relationships of employees.

**Sec. 40 RESIDENCY:**

Case 1:05-cv-11385-JLT     Document 36     Filed 02/16/2007     Page 16 of 58

A. All members of the AFSCME, SEIU and SENA bargaining units hired by the city after July 1, 1980 shall be subject to the City of Boston Residency Ordinance. All other civilian employees shall be subject to the Residency Ordinance regardless of their date of hire, except as referenced in the Ordinance itself.

B. All members of the Department who become sworn permanent officers after July 1, 1994 shall be subject to the City of Boston Residency Ordinance.

**Notes:**

- Amended by S.O. 95-11, issued February 14, 1995, which added Section 40, Residency.

- Amended by S.O. 97-18, issued May 7, 1997, which standardized the use of certain forms for notifying the Department of a change of name, address, telephone number or tax withholding.

- Amended by S.O. 97-25, issued August 8, 1997, which re-inserted a sentence into Section 9, Respectful Treatment, that had been inadvertently omitted during a recent printing and distribution of the Rules & Procedures.

- Amended by S.O. 98-28, issued July 23, 1998, Revised Section 10 sub section C paragraph 1.

- Amended by S.O. 99-35, issued June 4, 1999, Revised Section 31

- Amended by S.O. 99-42 issued July 8, 1999, Revised Section 10 sub section C paragraph 1

Back to Index

Boston Police Department                                      Rules and Procedures

**RULE 102**
**November 28, 1989**

## THE CONDUCT AND GENERAL RIGHTS
## AND RESPONSIBILITIES OF DEPARTMENT
## PERSONNEL

This rule is issued to establish guidelines for the conduct of, as well as the personal rights and responsibilities, of employees of the Boston Police Department. Its provisions are effective immediately, replacing in its entirety Rule No. 34 of the 1950 Rules and Procedures Manual and superseding all previously issued rules, orders, memoranda, and directives regarding the personal conduct of employees of the Department.

**Sec. 1  DEFINITIONS:** For the purpose of this rule, the following definitions will apply.

**Employee** shall mean all members of the Boston Police Department, both officers and civilian personnel.

**Force** refers to the sworn membership of the Department who are vested with full police powers.

**Officer** means a sworn Department member clothed with full police powers.

**Sec. 2  GENERAL CONSIDERATIONS:** Police officers are more visible to the community than most other persons in government or public service. Public scrutiny, and sometimes public criticism, is directed not only at police performance but also at the behavior of those who deliver police services.

The establishment of proper standards for police behavior must take into account not only the expectations of the citizen but also the importance of respecting the individual rights of police employees.

The Boston Police Department recognizes that its employees have certain basic personal rights and restricts those rights only where necessary to ensure the integrity of the Department and the highest quality of police service are maintained.

**Sec. 3  CONDUCT:** Employees shall conduct themselves at all times, both on and off-duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming an employee shall include that which tends to indicate that the employee is unable or unfit to continue as a member of the Department, or tends to impair the operation of the Department or its employees.

**Sec. 4  NEGLECT OF DUTY:** This includes any conduct or omission which is not in accordance with established and ordinary duties or procedures as to such employees or which constitutes use of unreasonable judgment in the exercising of any discretion granted to an employee.

**Sec. 5  MAINTAINING DEPARTMENT RULES AND PROCEDURES:** Employees of the Department shall sign a receipt for a copy of this and all other subsequent Rules and Procedures of the Department as they are promulgated. Employees shall maintain their

Boston Police Department

Rules and Procedures

**RULE 102**

copies of the Rules and Procedures of the Department in the binder provided and shall be prepared to produce their binder for the examination or inspection by the members of the Staff Inspection Division or any superior officer or supervisor upon reasonable notification. In addition, employees shall be responsible for knowledge of, and full compliance with, all Rules and Procedures of the Department that apply to their duties.

District and unit commanders shall return the signed acknowledgments of the receipt of Department Rules and Procedures to the Staff Inspection Division after all personnel under their command have signed the receipt list.

**Sec. 6 ACCOUNTABILITY:** Superior officers and supervisors shall be held accountable for the actions of all subordinates subject to their authority and under their command.

**Sec. 7 RESIDENCE AND TELEPHONE:** Except as otherwise provided by law, all officers of the Department shall live in the City of Boston. All employees of the Department shall report their places of residence and their telephone number to the commanding officer or supervisor of the bureau, division, district, unit or office to which they are assigned. They shall also report to that person any change of residence or telephone number within twenty-four hours after such change. Commanding Officers or supervisors shall immediately notify the Personnel Division of all changes of employees residences or telephone numbers.

**Sec. 8 DIRECTIVES AND ORDERS:** Employees shall obey and comply with all rules, orders and other directives of the Department whether transmitted verbally or in writing. Employees shall obey all orders of a superior officer or supervisor.

**Improper Orders:** An employee, given an order which he believes to be improper or not in accordance with Department rules, must obey the order. He may then appeal the matter to his commanding officer, and if the matter is not resolved at that level, it may be appealed through the chain of command to the Police Commissioner.

**Conflicting Orders:** An employee given an order which conflicts with Department rules and/or policies or with a previous order from a higher authority, shall promptly and respectfully call the conflict to the attention of the superior officer or supervisor giving the order. If the superior officer or supervisor does not withdraw or change his order to avoid the conflict, the order shall be binding upon the employee unless or until it is specifically countermanded by an officer or supervisor of higher rank.

**Sec. 9 RESPECTFUL TREATMENT:** No employee shall use epithets or terms that tend to denigrate any person(s) due to their race, color, creed or sexual orientation except when necessary in police reports in or testimony.

**Sec. 10 REPORTING FOR DUTY:**

A. Employees shall report for duty at the time and place specified by their superior officer or supervisor and shall be physically and mentally fit to perform their duty. They shall be properly equipped and cognizant of the information required for the proper

Boston Police Department                                    Rules and Procedures

RULE 102

---

performance of duty so that they may immediately assume their duties. They shall acquaint themselves with all matters occurring since their last tour of duty which affect their responsibilities and be accountable for compliance with all new orders, rules, bulletins and circulars.

B. No officer shall be permitted to work more than two (2) consecutive tours of duty, in a row, or more than sixteen (16) consecutive hours in any given twenty-four (24) hour period. This shall include overtime, court time and paid details, except in an emergency situation with the approval of the Police Commissioner, Executive Officer or appropriate Bureau Chief. An on-call tour of duty is an exception to the "sixteen in twenty-four" hour rule. When an officer who is performing an eight (8) hour paid detail following a full eight hour tour of duty is requested by the paid detail vendor to continue to perform that paid detail, the officer may do so for no more than one (1) additional hour.

C. No officer shall work more than ninety-six (96) hours in one (1) week, from 8:00 a.m. Wednesday until 8:00 a.m. the following Wednesday. These hours shall include regularly scheduled tours of duty, court time, overtime and paid details. Any tour of duty missed due to illness or injury shall be included in the total of hours worked for a week.

An officer may only be exempt from this policy with the expressed written approval of his/her Commanding Officer. The Commanding Officer will forward a copy of the permission with an explanation to the Bureau Chief within seven (7) days.

Exemptions to this policy may be made only in the interest of public safety, specifically:

1. Court Appearances;
2. Mandatory Overtime; or
3. Public necessity as determined by the Bureau Chief.

Sec. 11. GROOMING: All uniformed personnel when reporting for duty shall be properly groomed. Hair shall be neatly trimmed and not overhanging a shirt collar. Side burns may not extend below the bottom of the ear and shall be straight and neatly trimmed and not be allowed to flare out from the ear. In no case shall the bulk of the hair interfere with the proper wearing of uniform headgear.

If a beard or mustache is worn, it shall be well groomed and neatly trimmed at all times in order not to present a ragged appearance. Full and partial beards are authorized, but patchy, spotty clumps of facial hair are not considered beards and as such are not permitted. The bulk of the beard (distance that the mass of facial hair protrudes from the skin of the face) shall not exceed one-half an inch. The length of the individual facial hair shall be limited to three quarters of an inch.

No portion of any mustache will extend below the lipline of the upper lip.

Boston Police Department                                    Rules and Procedures

**RULE 102**

Police officers, while in uniform, shall not wear earrings or ear-studs, nose-studs, or any type of necklace chain or medallion outside of a uniform shirt, blouse or jacket.

**Sec. 12 SLEEPING ON DUTY:** Employees shall remain awake and alert while on duty.

**Sec. 13 USE OF ALCOHOL AND TOBACCO ON DUTY:** Employees shall not drink alcoholic beverages when on duty unless it is necessary to gain evidence and upon the order of a superior officer. Employees shall not appear for duty or be on duty while under the influence of alcoholic beverages to any degree whatever or have an odor of alcohol on their breath.

Employees shall not smoke or chew tobacco while in uniform, when in view of the public, or when in contact with the public. (This is not meant to prohibit smoking in a sector car, wagon, or unmarked car.)

No employee shall smoke or chew tobacco when in direct contact with the public (while taking a report, conducting an interview, or making an investigation, on private property), in uniform or in plainclothes.

**Sec. 14 USE OF ALCOHOL OFF DUTY:** Officers while off duty shall refrain from consuming alcoholic beverages to the extent that it results in obnoxious or offensive behavior which would tend to discredit them or the Department or render them unfit to report for their next regular tour of duty.

Employees shall not consume alcoholic beverages in public places while wearing the uniform of the Department or while wearing any part of the uniform which could indicate that they are employees of the Department.

**Sec. 15 ALCOHOLIC BEVERAGES ON POLICE INSTALLATIONS:** Employees shall not bring into or store alcoholic beverages in any police facility or vehicle except alcoholic beverages which are to be held as evidence or found property which is held for safekeeping.

**Sec. 16 USE OF DRUGS:** Employees shall not use any prescription drugs, controlled substances, narcotics or hallucinogens except when prescribed in the treatment of the employee by a registered physician or dentist. When prescription drugs, controlled substances, narcotics or hallucinogens are prescribed for him, an employee shall notify his superior officer or supervisor, in writing, before his next tour of duty of such prescription. Prescription drugs, controlled substances, narcotic or hallucinogenic shall mean any substances so defined in Massachusetts General Laws, Chapter 94C.

A superior officer supervisor shall, when notified by an employee that any prescription drugs, controlled substances, narcotics or hallucinogens have been prescribed and ingested, notify the Department physician of the quantity of the substance which the employee reports has been prescribed and shall be guided by the Department physician's opinion as to whether or not the employee can fulfill his duties while under the influence of such prescribed substance. In the event that the Department physician cannot be reached, the superior officer or supervisor shall exercise his own best judgment as to whether or

Boston Police Department

Rules and Procedures

**RULE 102**

not the employee, reporting the use of such substance, should perform his Departmental duties. Whether or not the employee does continue to perform his Department duties shall not affect the responsibility of the superior officer or supervisor to notify the Department physician of the use of such substance as soon as possible.

**Sec. 17 POLICE SERVICE:** Employees, while on duty, shall promptly respond to all persons requesting service, insofar as it is within their duties and is consistent with Department rules and policies.

**Sec. 18 PERSONAL BUSINESS:** Employees of the Department shall not engage in personal business while on duty and shall avoid all activities not relating directly to their Departmental responsibilities.

**Sec. 19 STATEMENT OF OPINION:** Employees shall not publicly criticize or ridicule the Department, its policies, or other employees by speech, writing, or expression in any other manner when such speech, writing or other expression is defamatory, unlawful, interferes with the maintenance of discipline, or is made with reckless disregard of its truth or falsity.

**Sec. 20 SELF IDENTIFICATION:** General Law, Chapter 41, Section 98D, requires every officer to carry his identification card with photograph and exhibit this card upon a lawful request for purposes of identification. Any officer, acting in his official capacity, shall give his name, rank and badge number, in a civil manner to any person who may inquire unless he is engaged in an undercover police operation and his physical safety or the police operation would be jeopardized by his making such identification.

Civilian employees, while engaged in their Departmental duties, shall identify themselves in a civil manner to any person who may inquire as to their identity and status within the Department.

**Sec. 21 CHARITABLE SOLICITATIONS:** Employees, while on duty or in uniform, shall not solicit from the general public money, gifts, or other things of value for charitable or testimonial purposes nor otherwise use their identity as police officers for such purposes.

**Sec. 22 GIFTS AND GRATUITIES:** Employees of this Department shall not solicit, seek or accept any gift or gratuity, including food, drink, admissions to public transportation or public amusements, for themselves or others, from an individual, merchant, or business establishment, when it can be construed to involve their position as an employee of the Boston Police Department.

Employees of the Department or their agents or persons/ corporations/associations, etc., at their request/direction shall not seek, solicit or accept contributions in any form whether moneys, goods or sponsorships from any individual, firm or corporation licensed in whole or in part by the Commonwealth of Massachusetts, the City of Boston, or any political subdivisions thereof.

Boston Police Department

Rules and Procedures

**RULE 102**

Employees shall immediately report to their commanding officer, in writing, any offer or attempt to offer any gift or gratuity when it can be construed to involve their position as an employee of the Boston Police Department.

**Sec. 23  DEPARTMENTAL REPORTS - TRUTHFULNESS:** Employees shall submit all necessary reports on time and in accordance with established Departmental procedures. Reports submitted by employees shall be truthful and complete. No employee shall knowingly enter, or cause to be entered, any inaccurate, false or improper information.

**Sec. 24  CONFLICT OF INTEREST:** Employees shall comply with the provisions of General Law, Chapter 268A and St. 1909, Chapter 486, Section 8, the conflict of interest statutes.

**Sec. 25  REPORTING LAW VIOLATIONS:** All officers shall report in writing to their Commanding Officer all information that comes to their attention concerning organized crime, vice, gaming, liquor or narcotic violations, all felony violations of the criminal statutes of the Commonwealth, and violations of the conditions of any license which have been issued to persons or premises.

**Sec. 26  REWARDS:** Employees may be permitted by the Commissioner, at his discretion, to receive rewards with a monetary value tendered for services rendered in the discharge of their duties which are especially meritorious or otherwise in the public interest. In each and every case, application must be made in writing to the Commissioner for permission to give or receive any reward.

**Sec. 27  ABUSE OF PROCESS - WITHHOLDING EVIDENCE:** Officers shall not intentionally manufacture, tamper with, falsify, destroy, or withhold evidence of information nor make any false accusations of a criminal charge or seek to influence the outcome of any investigations.

**Sec. 28  RECOMMENDATIONS OF SERVICE:** Employees shall not recommend or suggest in any manner except in the transaction of personal business, the employment or procurement of a particular product, professional service, or a commercial service, including, but not limited to, the services of an attorney, bondsman, bail commissioner or funeral director, an ambulance service or a towing service.

In the case of an ambulance or towing service, when such service is necessary and the person needing the service is unable or unwilling to procure it, the officer shall proceed in accordance with established Department procedure.

**Sec. 29  ENDORSEMENT OF COMMERCIAL PRODUCTS:** The Department does not endorse commercial products or allow its facilities to be used for such endorsements. Departmental personnel shall not make any endorsements of commercial products in their capacity as members of the Department.

**Sec. 30  POLITICAL ACTIVITY:** Employees shall be permitted to:

  Register and vote in any election.

Boston Police Department                                      Rules and Procedures

**RULE 102**

Express opinions as private individuals on political issues and candidates, subject to the provisions of Section 19 of this Rule.

Attend political conventions, rallies and similar political gatherings as private individuals.

Sign political petitions as private individuals.

Become candidates for election to an office of any town or city, other than the City of Boston, in any county other than Suffolk County, or other local or regional office which are not prohibited by Section 31 of this Rule.

Hold membership in a political party and participate in its functions to the extent consistent with law and with these rules.

Participate fully in public affairs to the extent that such endeavors do not impair the natural and efficient performance of official duties, or create real or apparent conflicts of interest.

**Sec. 31  EMPLOYEES NOT ON LEAVE OF ABSENCE PURSUANT TO SECTION 32 OF THIS RULE ARE PROHIBITED FROM:**

Becoming a candidate for election to or holding any office of the City of Boston, Suffolk County, the Commonwealth of Massachusetts, or the Federal Government.

Using their official capacity to influence, interfere with, or affect the results of an election.

Assuming an active role in the management or organization of political clubs, campaigns, or parties.

Serving as an officer or director of political parties or clubs.

Soliciting votes in support of or in opposition to any candidates in any way which would identify an employee as a member of the Boston Police Department.

Serving as a delegate to a political party convention.

Organizing, selling tickets to, or participating in a fund-raising function for a political party or candidate.

Engaging in any political activities prohibited by Federal Law, state statute or municipal ordinance.

Publicly endorsing or opposing political candidates and issues in any way which would identify an employee as a member of the Boston Police Department.

Making financial contributions to any political candidate or party.

**Sec. 32  EMPLOYEES SEEKING POLITICAL OFFICE:** Every employee of the Police Department upon becoming a candidate for election to any office specified in Section 31 shall take a leave of absence, without pay, effective with the day he requests nomination papers or subscribes his statement of candidacy and continuing until whichever

Boston Police Department                                    Rules and Procedures

**RULE 102**

of the following first occurs; his failure of nomination or election at the primary or final election or his failure to become, or withdrawal as a candidate, or if elected, the termination of his term of office.

**Sec. 33 EMPLOYMENT OUTSIDE OF THE DEPARTMENT:** Employees may engage in off-duty employment subject to the following limitations (this section does not apply to Department-assigned paid details):

Employees shall submit a written request for off-duty employment to the Police Commissioner, whose approval must be granted prior to engaging in such employment.

Such employment shall constitute no more than twenty (20) hours per work week.

Employees shall not engage in any employment or business involving the sale or distribution of alcoholic beverages within the City of Boston.

Employees shall not engage in or acquire or retain a financial interest in any employment or business which is licensed by the Licensing Board of the City of Boston, except, that the Police Commissioner may authorize Department personnel to operate Hackney Carriages upon procurement of the necessary license.

Employees shall not be employed as a guard or security officer.

Employees shall not engage in any employment or business which would constitute a violation of General Law, Chapter 268A or St. 1909, Chapter 486, Section 8.

Employees shall not hold any elective office which is specified in Section 31 of this Rule.

Employees shall not engage in or acquire or retain a financial interest in any business or employment involving investigatory work outside the Department. Investigatory work includes, but is not limited to, private detective, insurance company investigations, collection or credit agencies, or as an investigator for an attorney or bails bond agency.

Employees shall not work for an employer or acquire or retain a financial interest in any business with a person he knows has been convicted of a felony or one who openly associates with convicted criminals.

**Sec. 34 MUTUAL PROTECTION:** In an emergency, an officer shall promptly come to the aid of any officer who, when carrying out his official duties, is in need of assistance.

**Sec. 35 CONFORMANCE TO LAWS:** Employees shall obey all laws of the United States, of the Commonwealth of Massachusetts, all City of Boston ordinances and by-laws and any rule or regulation having the force of law of any board, officer, or commission having the power to make rules and regulations. An employee of the Department who commits any criminal act shall be subject to disciplinary action up to and including

discharge from the Department. Each case shall be considered on its own merits, and the circumstances of each shall be fully reviewed before the final action is taken.

**Sec. 36 CRIMINAL COMPLAINTS:** An employee of the Department, upon learning that an application for a criminal complaint has been made against him or that a complaint or incident has been issued against him, shall forthwith notify his commanding officer in writing. Such notification shall be a summary of the complaint sought or issued and the projected date of the hearing or trial. The commanding officer receiving such notification shall transmit a copy of the employee's report to the Office of the Police Commissioner.

The Supervisor of Cases at each court, upon receipt of information that a complaint or indictment has been sought or issued against a Department employee, shall submit a separate report to the Office of the Police Commissioner, furnishing the subject matter of the complaint or indictment and the date of the hearing or trial.

**Sec. 37 SITUATIONS INVOLVING FAMILY OR FRIENDS:** An officer confronted with a situation requiring police intervention, in which a member of his family or a friend is involved, shall not intervene unless an emergency exists, and then only to meet the emergency. The officer concerned shall notify the Operations Section, or if outside the City of Boston, the appropriate police agency, so that a more objective police unit may handle the matter.

**Sec. 38 SITUATIONS INVOLVING OFF-DUTY BOSTON POLICE OFFICERS:** When an officer is confronted with a situation in which the conduct of an off-duty Boston Police Officer is in question, that officer shall follow appropriate and normal police procedures and, as soon as possible, shall notify the Operations Section and request that a Superior Officer respond to the incident.

**Sec. 39 ASSOCIATION WITH CRIMINALS:** Department employees shall not associate with persons whom they know, or should know, are persons under criminal investigation, or who have a reputation in the community or in the Department for recent or present involvement in felonious or criminal activities.

This rule shall not apply where said associations are necessary in the performance of official duties, or where said associations are unavoidable due to familial relationships of employees.

## ADDENDUMS

**RULE No. 102**, promulgated December 4, 1975, was amended in January, 1980, by adding a New Section 11, **Grooming**, which changed the numbering sequence for the sections following; by altering Section 13, to restrict the use of tobacco while on duty; by altering the fifth paragraph of Section 33, so as to allow Department personnel to operate Hackney Carriages under certain conditions; and by the addition of Section 39, **Association with Criminals.**

**Rule No. 102**, was amended in July, 1982, by adding Section 22, public amusements and public transportation, to the things which employees shall not solicit.

**Rule No. 102, Section 36**, was amended in June, 1984, by changing the need to notify the Bureau of Investigative Services when an application for criminal complaint is filed against a Police Officer. Designated Unit is the Office of the Police Commissioner.

**Rule No. 102, Section 22**, was amended in October, 1985, by adding a new second paragraph to include corporations, associations etc., which employees of this Department shall not solicit or accept contributions from.

RULE NO. 102, SECTION 10 WAS DELETED AND REPLACED ON DECEMBER 13, 1994 per SPECIAL ORDER 94-53



SPECIAL ORDER NUMBER 94-53

TO: ALL BUREAUS. DISTRICTS-
    AREAS. DIVISIONS. OFFICES.
    SECTIONS AND UNITS

COPIES TO: ALL SUPERINTENDENTS
DEPUTY SUPERINTENDENTS
AND DIRECTORS

December 13, 1994

**SUBJECT:**   **AMENDMENT TO RULE 102, SECTION 10
REPORTING FOR DUTY**

## PURPOSE

To amend Rule 102, Section 10, so that it accurately reflects recent changes made and
agreed to during the collective bargaining process.

## GENERAL CONSIDERATIONS

Rule 102. Section 10 is hereby deleted and replaced by the following:

### Sec. 10 REPORTING FOR DUTY:

A. Employees shall report for duty at the time and place specified by their superior officer
or supervisor and shall be physically and mentally fit to perform their duty. They shall
be properly equipped and cognizant of the information required for the proper
performance of duty so that they may immediately assume their duties. They shall
acquaint themselves with all matters occurring since their last tour of duty which affect
their responsibilities and be accountable for compliance with all new orders, rules,
bulletins and circulars.

B. No officer shall be permitted to work more than two (2) consecutive tours of duty, in
a row, or more than sixteen (16) consecutive hours in any given twenty-four (24) hour
period. This shall include overtime, court time and paid details, except in an
emergency situation with the approval of the Police Commissioner, Executive Officer
or appropriate Bureau Chief. An on-call tour of duty is an exception to the "sixteen in
twenty-four" hour rule. When an officer who is performing an eight (8) hour paid
detail following a full eight hour tour of duty is requested by the paid detail vendor to
continue to perform that paid detail, the officer may do so for no more than one (1)
additional hour.

C. No officer shall work more than ninety-six (96) hours in one (1) week, from 8:00 a.m.
Wednesday until 8:00 a.m. the following Wednesday. These hours shall include



MENTION AT ROLL CALLS

POST UNTIL **Indefinite**

regularly scheduled tours of duty, court time, overtime and paid details. Any tour of duty missed due to illness or injury shall be included in the total of hours worked for a week.

An officer may only be exempt from this policy with the expressed written approval of his/her Commanding Officer. The Commanding Officer will forward a copy of the permission with an explanation to the Bureau Chief within seven (7) days.

Exemptions to this policy may be made only in the interest of public safety, specifically:

1.  Court Appearances;

2.  Mandatory Overtime; or

3.  Public necessity as determined by the Bureau Chief.

Paul F. Evans
Police Commissioner

Special Order 01-028

August 3, 2001

SUBJECT:    RULE 102, § 31 AMENDED

PURPOSE

To amend Rule 102 § 31 so that members of the Department, **while off duty and not in uniform,** will be able to participate in political activty to the extent permitted by state and federal law.  It is the intent of the Department that the monetary limits remain consistent with state and federal laws.

GENERAL CONSIDERATIONS

Effective immediately, Rule 102, § 31, is hereby rescinded in its entirety and replaced with the following section:

## Sec. 31 EMPLOYEES NOT ON LEAVE OF ABSENCE PURSUANT TO SECTION 32 OF THIS RULE ARE PROHIBITED FROM:

- Becoming a candidate for election to or holding any office of the City of Boston, Suffolk County, the Commonwealth of Massachusetts or the Federal Government.

- Using their official capacity to interfere with or affect any election.

- Engaging in the direct or indirect solicitation of funds for political candidates, political campaigns, political parties or political organizations.

- Soliciting votes in support of or in opposition to any candidates in any way which would identify an employee as a member of the Boston Police Department.

- Engaging in any political activities prohibited by federal law, state statute or municipal ordinance.

- **Except for the Police Commissioner and/or his or her designee[s] when acting in their official capacities,** publicly endorsing or opposing political candidates and/or issues in any way which would cause a reasonable person, having knowledge of the relevant circumstances, to conclude that the employee was acting in his or her official capacity as a member of the Boston Police Department.  No bargaining unit member shall be compelled to act as the "designee" under this provision.  Under no circumstances shall a member of the Department, other than the Commissioner and/or his or her designee acting in their official capacity, appear in uniform on behalf of a political candidate or on a political issue, whether on or off duty.

- Utilizing public resources (e.g., office equipment, vehicles or staff) for political campaign activity.

**Political Contributions:** Pursuant to state and federal law employees may make political financial contributions with the following exceptions and limitations:

- An employee may make campaign contributions to state or local candidates or to candidate's committees so long as the total of all contributions for the benefit of any one state or local candidate and the candidate's committee does not exceed $500.00 in any calendar year.

- An employee may, in addition, make contributions for the benefit of state or local political party committees, whether elected or non-elected, (e.g., the democratic state committee) so long as the total of contributions for the benefit of any one state or local political party committee does not exceed $5,000.00 in any one calendar year.

- The aggregate of all contributions from any one employee to all such state and local candidates and candidate's committees shall not exceed $12,500.00 in any one calendar year.

- An employee may make contributions without limitation to state and local ballot question committees.

- An employee may make campaign contributions to federal candidates or candidate's committees (e.g., candidate for U.S. Senate) so long as the total of all contributions for the benefit of any one federal candidate and the candidate's committee does not exceed $1,000.00 per election.

- An employee may make contributions for the benefit of federal political party committees (e.g., the democratic national party) without limitation with the exception that if the employee designates such contribution for federal election purposes the employee is subject to an annual contribution limitation of $20,000.00.


Paul F. Evans
Police Commissioner

# EXHIBIT E



## DISCIPLINE PROCEDURE, AMENDED

Sec. 1 This rule is written and promulgated to be used in conjunction with Rule 102, which defines the conduct, general rights and responsibilities of Police Department Personnel. It is designed to provide maximum flexibility in the discipline process and to increase the responsiveness of the Department to the needs of the individual member and of the community.

Sec. 2 "Discipline" has too long had the connotation of simple punishment; this rule envisions a disciplinary process which incorporates the idea of training both for effective self-discipline and for a group discipline, or esprit de corps. To accomplish this design, the rule recognizes the wide spectrum of discipline and through such provisions as the five-day suspension program and the district personnel records places discipline at a level where it can respond better to the individual member.

Sec. 3 Scope: This rule is designed strictly to be procedural in nature, and is not meant to create new rights or duties not previously granted by law or contract.

For example, CETA employees, probationary employees, and provisional employees shall continue to be governed by the respective rules and laws pertaining to them, and this rule shall not apply to them where inappropriate or inconsistent with those rules or laws. This rule is also not meant to change the working conditions of members of the Department, but instead is a managerial guideline controlling administration. It does not necessarily promulgate a new set of procedures, but in most cases simply compiles existing departmental policy and practice. In addition, the special procedures relating to written reprimands, ss. 21-27 apply only to police officers covered by the Agreement between the City of Boston and the Boston Police Patrolmen's Association. Finally, if any substantive changes in the rights and duties of employees or the Department made by future changes in the law or the contract affect sections of this rule, such changes shall notwithstanding override the affected sections.

Sec. 4 Part I of this rule, "Spectrum of Discipline," defines the outlines of the Department's disciplinary program. It contains a general discussion of the sanctions which may be used by the Department followed by a discussion of the concept of "Progressive Discipline." Section C of Part I establishes district personnel records which are to be utilized in connection with progressive discipline; finally, the procedures used in three types of sanctions-written reprimands, five-day suspensions, and punishment duty are specifically detailed, to provide for uniformity of treatment under the discipline rule.

Sec. 5 Parts III through V of the rule state the procedures to be used by the Department in handling complaints, administrative investigations of allegations of misconduct by Department members, and hearings.

The complaints section creates a unified procedure for the handling of all complaints made the Department either from inside or outside. The section on investigations seeks to promote quick, thorough investigations without abridging the rights of Department members or injuring the reputations of members unjustly accused. It should be noted that the provisions governing investigations are strictly limited to investigations of allegations against Department personnel and are not to apply to criminal investigations or administrative studies or surveys concerning policy or practices. The hearings section deals with the three different types of administrative hearings: disciplinary hearings, appeals from punishment duty or five-day suspensions, and detective hearings--and sets up uniform practices designed to arrive at just decisions efficiently.

## PART I: SPECTRUM OF DISCIPLINE

A. TYPES OF SANCTIONS used by the Boston Police Department include the following:

Sec. 6 Oral Reprimands: Oral reprimands, given by supervisors for minor violations of the Rules and Procedures, such as improper uniform or reporting late for duty, are simply spoken censures or reproofs. While a notation that an oral reprimand was given is entered into the district permanent personnel record, no record of the reprimand goes into the permanent personnel file. The rule contemplates that such reprimands will be given on an informal basis without any form of prior notice.

Sec. 7 Written Reprimands: Written reprimands are issued either for minor offenses committed by employees for whom oral reprimands have proven ineffective, or for other offenses under Rule 102 which are accompanied by ameliorating circumstances. The reprimand is entered into the permanent personnel file. In situations in which an employee has the right to a hearing with respect to a written reprimand, the procedures for such a hearing are described below in part D, ss. 21-27. Section 21 of this rule establishes the guideline for determining which employees have such a right.

Sec. 8 Disciplinary Probation: At the option of the Commissioner, disciplinary probation may be imposed upon an employee for violations of the Rules and Procedures. If just cause is found in any disciplinary action taken against an employee while on such probation, the probation shall be taken into account in determining the severity of the sanction imposed.

Where the employee is a police officer, covered by the Collective Bargaining Agreement, the procedures which are used for written reprimands (ss. 21-27) shall be followed prior to imposition of disciplinary probation unless the employee on probation shall fulfill such conditions as the Commissioner may order, and failure to fulfill such conditions shall render the employee liable for further disciplinary action.

Sec. 9 Punishment Duty: Massachusetts General Laws, C. 31, s. 62 authorize the imposition of punishment duty upon sworn personnel. Such duty is extra, unpaid duty assigned above and beyond an officer's normal hours by the officer's commander for violations of the Rules and Procedures. Such duty shall not be demeaning, unduly fatiguing, nor outside of the scope of the officer's job classification. The procedures used for punishment duty are described below in part F, ss. 36-39.

Sec. 10 Suspensions: Suspensions are periods of time during which an employee is relieved of duty and for which the employee is not paid. Suspensions for a period which does not exceed five days may be imposed without a prior hearing either by the Commissioner or by persons designated this authority by the Commissioner. In addition, if the employee to be suspended is tenured under the Civil Service Law, such a suspension may only be imposed for specific offenses, as outlined below in part E, ss. 28-35. Only the Commissioner may impose a suspension of more than five days, and then only after the procedures designated in part V, ss. 56-63 below, have been followed.

Employees of the Boston Police Department may also be relieved from duty with pay. Such action is not a disciplinary action, but is designed to maintain the efficiency of the force if for some reason an employee is rendered unfit for duty. In such a case, the Commissioner may relieve the employee from duty with pay.

Sec. 11 Discharge or Reduction in Rank: An employee may be discharged or reduced in rank only by the Police Commissioner, and then only after a hearing as described in ss. 56-63 or waiver of such a hearing by the employee.

B. PROGRESSIVE DISCIPLINE

Sec. 12 Persons who utilize this disciplinary rule shall apply the concept of progressive discipline. Progressive discipline means that progressively stricter disciplinary action shall be taken against persons who persist in violations of the Rules and Procedures. Such a program serves a training function, in that, for a first time violation, an employee may be warned or given a relatively light sanction as an indication that the Department does not condone such action. Upon repetition, then, it is assumed that the employee knows that the violation is wrong, and will receive more harsh sanction.

Sec. 13 It is not necessary for the proper implementation of progressive discipline that all stages of discipline be exhausted, nor that progressive discipline start at any one level or proceed with any particular incrementation. Much is left open to the discretion of the person imposing the discipline, it is simply to be recalled that progressive discipline be used as a guiding precept.

## C. DISTRICT PERSONNEL RECORD

Sec. 14 General Considerations: Commanding officers are often called upon to make evaluations of employees assigned to them. Such evaluations are necessary for applying progressive discipline, and are also used in connection with promotion and reassignment. Accurate evaluation must be based on recorded personnel histories, such as those established by this rule.

Sec. 15 The Record Card: The commanding officer of each unit shall establish a personnel file consisting of a file card for each employee in the command. When an officer is assigned to a command, the commanding officer shall have a new card prepared for that officer. Each card shall have the officer's name and I.D. number at the top, and shall be kept in an alphabetical file.

Sec. 16 Maintenance of the Record: Maintaining the unit personnel file is the joint responsibility of the commanding officer and the supervising officer. Whenever an incident which merits entry in the record takes place, the supervisor of the individuals involved shall report the incident to the commanding officer or person designated by him in his absence. The commanding officer or person designated by him shall make an entry in the card, including the date, subject matter, and reporting officer's name.

Sec. 17 The record file shall be kept in the commanding officer's office or other secure place, and shall be available only to the Office of the Police Commissioner, the commanding officer, the respective bureau chief, and the Office of Internal Investigation.

Sec. 18 Subject Matter of the Record: The record shall maintain a notation of all minor offenses, all praiseworthy conduct and all oral reprimands. In addition, the cards shall also contain notations of any disciplinary actions taken or any commendations received from the Department. The notation need not go into specific detail; it shall suffice for the record simply to state that the employee was the subject of a type of incident (e.g., that the employee was reprimanded for a particular incident).

Sec. 19 Periodic Review: The Office of Internal Investigations shall make periodic

random reviews of the District Personnel Records to make certain that accurate up-to-date records are maintained.

Sec. 20 Disposal of the Record: The records shall be maintained by the Unit until the reassignment to another unit of an officer, or upon an officer's retirement or termination, whichever occurs first. At that time, the record card for that officer shall be sent to the Office of Internal Investigation.

## D. WRITTEN REPRIMANDS

Sec. 21 The collective bargaining contract between the Boston Police Patrolmen's Association and the City of Boston, effective July 1, 1974, provides:
No material which contains an allegation of misconduct against an employee shall be included in his/her personnel file until the charges have been verified by affidavit and a hearing held. If a determination is made that the allegation is without substance, then the allegation shall not be included in the employee's personnel file.

Therefore, a letter of reprimand may not be placed in the personnel file of a police officer covered by the collective bargaining contract, unless the allegations in the letter are supported by affidavit and the police officer is given a hearing or unless the police officer waives the right to verification and a hearing. The following procedures are established for letters of reprimand.
Sec. 22 The commander of the bureau or unit to which a police officer is assigned, or the Commander of the Internal Affairs Division, or the Commander of the Staff Inspection Division may recommend that the procedures for a letter of reprimand be initiated, and must submit a report to the Police Commissioner detailing the circumstances surrounding the subject of the letter. The report shall include the names of all witnesses and Superior Officers involved, and the dates and times of the incidents. The report must detail the facts of the incident and not rely on conclusory phrases.

Sec. 23 The Commissioner shall have the proposed letter of reprimand prepared, and then the original shall be sent back to the bureau or unit initiating the letter for verification. Such verification shall consist of either an affidavit of the complaint or the signature of the commander so verifying.

Sec. 24 The proposed letter shall then be forwarded to the chief clerk and to the Bureau of Investigative Services. When the police officer has a right to a hearing the Bureau of Investigative Services shall schedule a hearing and the Commissioner shall designate a hearing officer. The police officer who is the subject of the proposed letter shall be notified by the Office of Internal Investigation of the time and date of the hearing.

Sec. 25 The hearing shall be conducted pursuant to part V, ss. 59-62 below. No later than five days after the conclusion of the hearing, the hearing officer shall submit a report which briefly summarizes the evidence and recommends whether the letter should be signed by the Commissioner. Also, the hearing officer may recommend changes in the proposed letter.

Sec. 26 A police officer may waive a hearing and consent in writing to having the letter placed in the personnel file.

Sec. 27 If the Commissioner signs the proposed letter, that letter shall be served on the police officer and a copy placed in the personnel file. A copy of the letter shall also be placed in the Internal Affairs Division file.

## E. SUSPENSION FOR FIVE DAYS OR LESS

Sec. 28 General Procedures. The Civil Service Laws, M.G.L. c. 31, s. 41 permits the Police Commissioner to delegate the authority to immediately impose suspensions of five days or less without first providing a hearing to a tenured civil service employee. The law requires that within twenty-four hours after such a suspension the subordinate be given a copy of sections 41 to 45 of Chapter 31 of the General Laws and a written notice which states the specific reasons for the suspension. That notice must inform the subordinates that they may within forty-eight hours of the receipt of such notice request in writing a hearing by the appointing authority. Such a hearing must be given within five days of the receipt of such a request. Procedures for such a hearing are detailed below in Part V, Section 65.

Sec. 29 Delegation. The Police Commissioner may delegate any member of the department the authority to impose immediate suspensions of five days or less. That delegation shall be in writing and shall specify the name or position of the member to whom the authority has been delegated and shall specify whether the authority is limited to a particular division or bureau of the Department. The delegation shall be in full force and effect unless and until it is revoked by a subsequent written notice by the Police Commissioner.

## PART II: PROCEDURES

Sec. 30 Specific Procedure:

1. When an offense of the type covered by Section 32 of this rule comes to the attention of a person who has been delegated the authority, he or she may immediately impose a suspension without pay of five working days or less. The suspension is effected by orally informing the subordinate of the period of suspension. Where feasible the oral suspension shall be effected in the presence of another superior officer. If the subordinate is a sworn member, the officer shall immediately turn in the police badge and gun.

2. The Civil Service Laws require that the employee who is suspended without a prior hearing shall be given within twenty-four hours of the suspension a copy of the Notice of Suspension (BPD Form #1919). However, the notice should, if possible, be handed to the offender at the time of the imposition. The written notice must be a formal statement of the reasons for the suspension, the number of working days the suspension lasts, and the date the suspension commences. Copies of M.G.L. c. 31, s.s. 41 to 45 shall also be included. The written notice will have five copies, to be routed as follows:

    a. original to the disciplined subordinate;
    b. one copy retained by the commanding officer;
    c. one copy to the Office of Internal Investigation;
    d. one copy to the appropriate departmental bureau (Bureau of Field Services, etc.);
    e. one copy to the Personnel Division.

It is important that all copies be routed as quickly as possible so the payroll division can be notified and the employee taken from the payroll for the suspension period. Whenever problems or questions arise in completing the notice, the person suspending should feel free to contact the Office of the Legal Advisor.

Sec. 31 Acceptance of Discipline: It should at all times be kept in mind that the most effective discipline is that which is accepted by the individual. Therefore, where practicable the person delegated the authority to suspend should discuss the infraction and the contemplated discipline with the individual.

A subordinate may waive the right to request a hearing before the appointing authority. In such a case, the subordinate waives that right by signing a statement to that effect on the copies of the Notice of Suspension.

Sec. 32 Offenses Covered by the Five-Day Rule: The following offenses are subject to the Five-Day rule, and may be disciplined by imposition of immediate suspension of not more than five days. If an employee commits an offense not on this list, that offense may not form the basis of an immediate suspension.

1. Rule 102 s. 3:
    a. Fighting or quarreling with members of the force;

    b. Negligent use of a firearm, providing no injury or death resulted from the misuse;
    c. Negligent discharge of a firearm, providing no injury or death resulted from the discharge;
    d. Participation in unlawful games of chance or gambling.

2. Rule 102, s. 4:
    a. Failure to properly patrol beat or section;
    b. Failure to properly cover school crossings;
    c. Failure to properly care for assigned equipment, damaging or losing same due to carelessness;
    d. Willfully damaging police department property;
    e. Interference with police radio broadcasting;
    f. Improperly turning off police radio;
    g. Failure to remove keys from patrol car when left unattended;
    h. Failure to report as witness when duly notified or subpoenaed;
    i. Failure to notify Operations Division of availability for assignment

3. Rule 102 s. 5: Failure to properly maintain a copy of the rules book.

4. Rule 102 s. 6:
    a. Failure to properly supervise subordinates;
    b. Failure to prefer disciplinary charges or take appropriate disciplinary action.

5. Rule 102 s. 7: Failure to report their place of residence and telephone number or change in either of them.

6. Rule 102 s. 8: Failure to obey and comply with all rules, orders and other directives of the Department and of superior officers, whether written or oral.

7. Rule 102 s. 9:
    a. Failure to be civil and respectful, courteous and considerate toward all members of the Department and the general public;
    b. Use of epithets or terms that tend to denigrate a particular race or ethnic group except when necessary in police reports or testimony.

8. Rule 102 s. 10:
    a. Failure to report for duty;
    b. Unauthorized absence from duty;
    c. Failure to be mentally and physically fit to perform duty;
    d. Failure to be in proper uniform and properly equipped.

9. Rule 102 s. 11: Failure to be properly groomed.

10. Rule 102 s. 12: Failure to remain awake and alert while on duty.

11. Rule 102 s. 13:
    a. Drinking of alcoholic beverages while on duty unless it is necessary to gain evidence and is under the order of a superior officer;
    b. Reporting for duty while under the influence of alcoholic beverages to any degree whatever or with an odor of alcohol on one's breath.

12. Rule 102 s. 14:
    a. Consumption of alcoholic beverages while off duty to the extent that it results in obnoxious behavior that would tend to discredit the officer of the

Department or would render the officer unfit to report for the next regular tour of duty.

    b. Consumption of alcoholic beverages while in uniform or while wearing any part of the uniform.

13. Rule 102 s. 17: Failure to respond to a radio call or to the request of a civilian.

14. Rule 102 s. 18: Engaging in personal business while on duty.

15. Rule 102 s. 20: Failure to give prescribed identification.

16. Rule 102 s. 21: Soliciting from the general public money, gifts, or other things of value for charitable or testimonial purposes, or otherwise using identity as a police officer for such purposes.

17. Rule 102 s. 22: Seeking or accepting food and/or drink from any individual, merchant or business establishment, when it can be construed to involve the position as an employee of the Boston Police Department.

18. Rule 102 s. 23: Submitting false information in an oral or written report or in response to a B.I.S. inquiry.

19. Rule 102 s. 25: Failure to report any serious felonies or less serious crime that comes to the employee's attention.

20. Rule 102 s. 28: Recommending any employment or procurement of a particular service or product except in the transaction of personal business or when proceeding in accordance with established Departmental procedure.

21. Rule 102 s. 34: Failure to come to the aid of a fellow officer in an emergency if, in the course of carrying out his official duties, that officer is in need of assistance.

22. Rule 102 s. 35: Receipt of excessive moving vehicle violations or excessive unpaid parking violation tickets.

23. Rule 102 s. 37: Intervening in a situation requiring police attention when the officer's family and/or friend(s) are involved except in the case of an emergency.

24. Rule 102 s. 38: Failure to report the questionable behavior of a fellow officer.

25. Miscellaneous offenses:
    a. Reckless driving;
    b. Unreported paid details;
    c. Failure to maintain proper records, such as the district control log;
    d. Misuse of sick time;
    e. Overtime abuses.

Sec. 33 Subsequent Offenses: If the employee persists continually in the violation of the rules, then the person delegated the authority to suspend shall recommend the matter for a disciplinary hearing. Furthermore, certain offenses are considered major if repeated within certain periods and are to be immediately recommended for disciplinary hearing. The offenses are:

1. Two offenses within one year:
    a. Negligent handling of a firearm;
    b. Willfully damaging police equipment;
    c. Interfering with police broadcasting;
    d. Failure to remain awake while on duty;

      e.  Seeking and/or accepting food or drink when it can be construed to involve position as Department employee;

      f.  Untruthfulness in written or oral reports or in response to B.I.S. investigations;

      g.  Failure report felonies.

2.  Two offenses within two years:

      a.  Negligent discharge of a firearm;

      b.  Failure to come to the aid of a fellow officer in an emergency.

3.  Third offense in one year:

Failure to report as a witness when duly notified or subpoenaed.

**Sec. 34** Periodic Review: The Chief of the Office of Internal Investigation shall periodically review the actions taken by persons delegated authority under this Section and the list of offenses provided for in Sections 32 and 33 in order to determine whether additional offenses should be included or offenses deleted from this rule. In addition, the Chief of the Office of Internal Investigation shall submit to the Police Commissioner periodic reports detailing the action taken pursuant to this rule.

**Sec. 35** A suspension under this Section does not preclude the possibility of further punishment; however, before the Department can take further action, a hearing must be held following the procedures outlined in Part V, ss. 56-63.

## F. PUNISHMENT DUTY:

**Sec. 36** Punishment duty may be assigned to any officer of the Department by his commanding officer or by the Police Commissioner. Such duty shall be performed under the direction of the officer's commanding officer.

**Sec. 37** Punishment duty must be useful work, whether as an addition to the strength of the force, or as a relief for other employees who have worked hard and faithfully. No suggestion of favoritism shall attach to either the assignment of the duty or to the reliefs created by the duty. Punishment duty must be assigned so that the employee under punishment shall not suffer undue fatigue or be otherwise unfit for regular or extra work; and except with the employee's written consent no more than seven consecutive hours of punishment duty shall be performed at any one time, or more than fourteen hours in four consecutive days, or more than twenty-one hours in seven consecutive days. Neither shall the employee be compelled, without written consent, to perform such duty within two hours before or after a tour of regular or special duty.

**Sec. 38** Whenever any portion of the punishment duty as ordered has been performed, the

officer in charge of the punishment assignment shall report to the Office of Internal Investigation the name of the employee, the number of hours and the character of the work done. When the punishment duty assignment has been completed, the officer in charge shall so certify in such form as the Office of Internal Investigation shall prescribe.

Sec. 39 Whenever punishment duty is assigned, the employee under punishment shall have the right of appeal from such duty as described below in Part V, Section 65.

PART III: COMPLAINTS

Sec. 40 Complaint Control Form: A Complaint Control Form (B.P.D. Form #1920) shall be used to record all complaints against Department personnel, whether from citizens or members of the Department. Each Complaint Control Form shall have an identifying number so that the processing of complaints can be monitored.

Sec. 41 Manner of Recording Complaints:

   a. All complaints shall be received and recorded courteously. No citizen shall be denied an opportunity to register a complaint, nor shall any complainant be directed to another building to register a complaint.
   b. Known Complainants: When the information received from the complainant includes the complainant's name and address, the officer taking the complaint shall inform the complainant that he or she will be contacted by a member of the Department assigned to investigate the complaint. The complainant shall be instructed to telephone the Office of Internal Investigations if not contacted by the Department within seventy-two hours of making the complaint.
   c. Walk-in Complaints: Whenever a person indicates a desire to make a complaint concerning a Department employee, that person shall be directed to the nearest available superior officer. If necessary the complainant shall be assisted in making contact with a superior officer. The officer recording the complaint shall complete a Complaint Control Form, after obtaining as much information as possible from the complainant.
   d. Letter Complaints: Letters alleging misconduct by a Department employee shall be forwarded to the Office of Internal Investigations. An officer assigned to the Office of Internal Investigations shall complete a Complaint Control Form. Copies shall be distributed as indicated in section 44 of this rule, save that the complainant's copy shall be mailed to the complainant if the name and address and known.
   e. Telephone Complaints: Complainants contacting the Department by telephone shall be transferred to a superior officer if immediately available who will obtain as much information as possible from the complainant and complete a Complaint Control Form. In no case shall a telephone complaint be refused because a superior officer is unavailable, or because the complainant is not identified. All copies of the Complaint Control Form shall be forwarded to the Office of Internal

Investigations, which shall distribute copies as indicated in Section 44 of this rule, save that the complainant's copy shall be mailed to the complainant if the name and address are known.

f.  Departmental Complaints: Whenever a member of the Department desires to initiate a complaint against another member--including complaints by superior officers against subordinates and subordinates against superior officers--that member shall complete a Complaint Control Form. The Complaint Control Form shall be used whenever a supervisor or superior officer seeks to initiate formal charges against department personnel.

g.  Governmental Agencies: When information is received from governmental agencies alleging specific acts of misconduct by a Department employee, the information shall be forwarded to the Office of Internal Investigations. An officer assigned to the Office of Internal Investigations shall complete a Complaint Control Form and distribute copies as indicated in Section 44 of this rule, save that the complainant's copy shall be retained by the Office of Internal Investigations.

h.  Policy Complaints: Complaints concerning Departmental Policy, performance, or practice and not alleging misconduct by specific employees, known or unknown, shall be recorded on a complaint form. One copy will be retained at the unit and the other three routed to the Office of Internal Investigations for appropriate distribution.

i.  The completed form should contain a detailed description of the alleged act(s) of misconduct, including date, time and place; names or descriptions of Department employees involved in the incident; the names and addresses of witnesses, if known; and any other relevant information.

Sec. 42 Signing of the Complaint Control Form: If the complaint is made in person, when the officer has completed the complaint form the complainant shall read it and make any necessary corrections. The officer shall request the complainant to sign the complaint. If the complainant refuses to sign, a notation to that effect shall be made on the form. In all other respects unsigned complaints shall be processed in the same manner as signed complaints.

Sec. 43 Immediate Resolution of Complaints: Complaints resolved at the time of the complaint to the complainant's satisfaction shall be recorded on a Complaint Control Form with a notation that the complaint was resolved. Where possible, the complainant should acknowledge the resolution in writing, and such acknowledgment should be attached on the Complaint Control Form.

Sec. 44 Routing the Complaint Form: If the employee complained of is attached to the unit which receives the complaint, copies of the Complaint Control Form shall be distributed immediately as follows:

a.  One copy to the complainant;
b.  One copy to the commanding officer of the unit;

    c. One copy to the superior officer investigating the complaint;
    d. One copy to the Office of Internal Investigations.

If the employee complained of is not assigned to the unit which receives the complaint, copies of the Complaint Control form shall be distributed immediately as follows:

    a. One copy to the complainant;
    b. Three copies to the Office of Internal Investigations. The Office of Internal Investigations shall retain one copy and may distribute, upon the discretion of the Chief of the O.I.I., the remaining copies as follows:
    c. One copy to the commanding officer of the unit to which the employee complained of is attached;
    d. One copy to the superior officer investigating the complaint.

Sec. 45 Notification of Internal Affairs Division: The Internal Affairs Division shall be notified immediately upon receipt of a complaint alleging:

    a. Brutality, death or serious injury caused by a Department employee;
    b. Firearm discharge resulting in personal injury or property damage caused by a Department employee;
    c. The commission of a felony by a Department employee;
    d. Possible corruption or bribery of a Department employee;
    e. When in the judgment of the superior officer receiving the complaint an immediate investigation by the Internal Affairs Division is justified;
    f. If the employee against whom the complaint is rendered so requests.

This immediate notification will be in addition to and separate from the regular distribution outlined in Section 44.

Sec. 46 Monitoring of Complaint Control Forms:

    a. The Office of Internal Investigations shall maintain a log of all Complaint Control forms issued to all districts and units. The log shall record the date each form was issued and the district or unit to which the form was issued. The log shall also record the date the form was used and the name and rank of the officer who completed the form.
    b. The Office of Internal Investigations shall maintain a file of all cases investigated.
    c. Access to the complaint file shall be authorized in writing by the Police Commissioner, the Superintendent of the Office of Internal Investigations or the Commanding Officer of the Special Investigations Unit.

Sec. 47 An employee against whom a complaint has been made shall not attempt, directly or indirectly, by threat, appeal, persuasion or the payment of promise of money or other things of value, to secure the withdrawal or abandonment of the complaint. Such actions shall be dealt with very strictly by the Department.

PART IV: INVESTIGATIONS

Sec. 48 Confidentiality of Disciplinary Process: Prior to the completion of the investigation of a complaint, information concerning such an investigation shall not be released unless authorized by the Commissioner.

However, the fact that a complaint was received and a departmental investigation is under way may be disclosed unless the Chief of the Office of Internal Investigations determines that for security reasons it should remain confidential.

Sec. 49 Initiating Investigation: Where practicable in investigations initiated by complaints, the complaints shall be verified before the investigation commences; however, the absence of verification shall not impede the registration and investigation of a complaint.

If the complaint is received at the unit to which the complainee is assigned, the commanding officer of the unit shall determine whether the matter can be appropriately dealt with at the unit level. In such cases commanding officers shall appoint an investigating officer, although the Office of Internal Investigations may intervene at any time and assume control of any investigation.

If the commanding officer determines that the complaint is not appropriate for investigation at the unit level, it shall be referred to the Office of Internal Investigations for investigation. In such cases, the chief of the Office of Internal Investigations shall appoint an investigating officer, or return the complaint to the commanding officer of the person who is the subject of the complaint for investigation at the unit level.

If the complaint is received at a unit to which the complainee is not assigned then the Office of Internal Investigations shall initiate the complaint at either the unit level or through the Bureau. The Office of Internal Investigations may also initiate investigations into such matters as it sees fit, whether or not a complaint has been received.

Sec. 50 Investigative Techniques: The investigating officer may use any lawful investigative techniques, including, but not limited to, inspecting public records, questioning of witnesses, interrogation of the member complained of, questioning of fellow employees and surveillance.

Sec. 51 Interrogation of Members of the Department: The following provisions shall

apply whenever, as part of an investigation of alleged violations of the Rules and Procedures, a member of the department is ordered to submit a report or to an interrogation.

a. An interrogation of a member of the department shall be at a reasonable hour, preferably when the member of the department is on duty, unless the exigencies of the investigation dictate otherwise. No member shall suffer loss of pay for the time spent under interrogation.

b. The interrogation shall take place at a location designated by the investigating officer. Usually it will be at the command to which the investigating officer is assigned or at the district station within which the incident allegedly occurred.

c. The member of the department shall be informed of the rank, name and command of the interrogating officer and all persons present during the interrogation. If a member of the department is directed to leave his/her post and report for interrogation to another command, the commanding officer shall be promptly notified of the member's whereabouts.

d. Whenever a member of the department is ordered to submit a report or to an interrogation pursuant to this Rule, the member may be informed of the nature of the investigation, including the name of the complainant. The address of the complainants and/or witnesses need not be disclosed; however, sufficient information to reasonably apprise the member of the allegations should be provided. If the complaint is filed in writing, a copy may be furnished to said member(s). If it is known that the member of the department being interrogated is a witness only, he should be informed at the initial contact.

e. Questioning during an interrogation shall not be overly long. Reasonable respites shall be allowed. Time shall also be provided for personal necessities, meals, telephone calls and rest periods as are reasonably necessary.

f. The member of the department shall not be subjected to any offensive language, nor be threatened with transfer, dismissal or other disciplinary punishment.

g. Whenever a member is ordered, pursuant to these rules, to submit a report or to interrogation, that member shall be advised that any such report or interrogation cannot be used by the Department as evidence in criminal proceedings against that member. When a member of the department is complained against and is directed by a superior officer to submit a report or to an interrogation relative to such complaint, that member is required to reply.

h. In any case, the refusal by a member of the force to answer pertinent questions may result in disciplinary action.

i. The law imposes no obligation, legal or otherwise on the department to provide an opportunity for a member of the department to consult with counsel or anyone else when questioned by a superior officer about his or her employment or matters relevant to his or her continuing fitness for police service. Nevertheless, the department shall afford an opportunity for a member of the department, if so requested, to consult with counsel before being questioned concerning a serious violation of the rules and regulations, provided the interrogation is not unduly delayed. However, in such cases the interrogation may not be postponed for purpose of counsel past 10 a.m. of the day following the notification of

interrogation. Counsel, if available and a representative of a certified employee organization may be present during the interrogation of a member of the department. Requests for an opportunity to consult with counsel in connection with minor violations will be denied unless sufficient reasons are advanced.

j.  In the event that an employee claims that there have been violations of any provisions of this Section, such employee, either alone or together with the employee organization representative, may file a signed, written complaint with the Police Commissioner against the person committing the alleged violation. The Police Commissioner shall cause such complaint to be investigated and render a decision with respect to any such complaint. The decision shall be in writing and shall state with particularity the consideration and reasons in support thereof including a statement of the facts found. A copy of the decision shall be given forthwith to both the person who is the subject of the complaint and the employee organization representative.

The Police Commissioner in his discretion may endeavor to eliminate any unlawful act or practice which constitutes a violation of this Section by informal methods or conference, conciliation and persuasion.

Sec. 52 Investigation Report: As soon as practical, though not the expense of a thorough investigation, the investigating officer shall bring the investigation to a close and prepare an investigation report. The report shall summarize all evidence gathered during the investigation and shall contain the investigating officer's recommendation that the complaint be found:

a.  sustained (investigation disclosed sufficient evidence to support allegations in the complaint);
b.  not sustained (investigation failed to prove or disprove the allegations);
c.  exonerated (the action complained of did occur, but investigation revealed that action was proper, legal and reasonable); or
d.  unfounded (investigation revealed that conduct did not occur).

In addition, if the investigating officer has discovered misconduct not based on complaint, he shall so state in his report.

The report shall then be forwarded to the commanding officer if a unit-level investigation, or to the chief of the Office of Internal Investigations. The commanding officer or the chief of the Office of Internal Investigations shall then make recommendations for disciplinary action or shall impose an immediate suspension for five days or less if the complaint has been sustained. If a unit-level investigation, a copy of the report along with the commanding officer's disciplinary action will be sent to the Bureau of Investigative Services for confirmation.

If the investigation was inaugurated by a complaint from outside the department, upon

completion of the investigation a letter shall be sent to the complainant informing him or her of the results of the investigation.

PART V: HEARINGS

A. FORUMS

Sec. 53 The Police Commissioner is the appointing authority pursuant to the provision of M.G.L. c. 31, s. 41 and as such may hear cases relating to discharge, removal, transfer to another agency, suspension, lowering in rank or compensation, abolition of office or punishment duty. In addition, he may appoint either a hearing officer or a trial board to hear such cases.

Sec. 54 Trial Boards: Pursuant to the Acts of 1962, Chapter 322, the Police Commissioner may from time to time convene a Trial Board to be composed of three captains, to inquire into such matters as the Commissioner directs. No member of a Trial Board may sit on any matters involving the member's district, or with which the member has direct personal contact. In such cases the member must be disqualified, and the Commissioner shall appoint another captain to the Board.
Pursuant to the Acts of 1950, Chapter 735, a Trial Board must be convened at the request of any person who has been reassigned from duties as a detective after his probationary period. For rules governing such hearings, see Section 65, "Detective Hearings" below.
Sec. 55 Hearing Officer: The Police Commissioner may, pursuant to M.G.L. c. 31, s. 41, appoint a hearing officer to hear any cases concerning proposed discharge, removal from office, transfer to another agency, suspension, lowering in rank or compensation, abolition of office, or imposition of punishment duty. In such a case, the Commissioner shall send to the Office of Internal Investigations and the Chief Clerk a designation in writing containing the name of the hearing officer and the employee who is the subject of such action. The Hearing Officer shall follow the general rules of procedure outlined below.

B. PROCEDURE

Sec. 56 Notice: Before any action affecting employment or compensation of a tenured employee as delineated in M.G.L. c. 31 s. 41, is taken, the officer or employee involved shall be given a written statement of the specific reason or reasons for the contemplated action, together with a copy of M.G.L. c. 31, ss. 41-45. The employee then may consent in writing to the imposition of discipline and waive the right to a hearing on the specific reason or reasons given. If no such waiver or consent is executed, the Police Commissioner shall determine whether the hearing is to be before the Commissioner,

Hearing Officer, or Trial Board, and shall notify the Office of Internal Investigations in writing of the hearing, the forum, the employee and the proposed action.

The Office of Internal Investigations shall then set a time and date for the hearing, and shall cause notice to be served upon the employee as to time, date and forum. The notice of the hearing must be served at least three days before the hearing except in cases involving abolition of position, in which case the notice must be served at least seven days before the hearing.

Sec. 57 Postponement: Postponement of a hearing to another date may be allowed by the Commissioner, Trial Board or Hearing Officer for an adequate reason presented either by the complainant or the defendant. However, the request for such postponement must be received before the day set for the hearing. In case of such postponement, both parties shall be notified of the new hearing date at least three days in advance of the hearing. A request for a postponement for medical reasons requires a doctor's statement from a department appointed physician.

Sec. 58 Attorneys: Both the complainant and the defendant may have attorneys present to represent them at a hearing. In addition, the defendant may be accompanied by an employee organization representative.

Sec. 59 Evidence: The hearing shall be informal and administrative. The purpose of a hearing is to determine the facts and situations surrounding a case, and members of a hearing forum, especially when counsel is not present, shall protect the rights of all parties involved whenever through the lack of ability, inexperience, or oversight, either side's case may seem to be improperly prejudiced. The rules of evidence observed by law need not be applied. Evidence which reasonable persons are accustomed to rely on in the conduct of their affairs may be considered. Unduly repetitious evidence may be excluded, and documentary evidence may be admitted in the form of copies or excerpts or by incorporation by reference. All evidence, written, oral and real, offered by the parties which is relevant to the statement of reasons shall be considered.

Sec. 60 Witnesses: Both parties may bring witnesses before the hearing. The complainant and the defendant shall be responsible for the attendance of their respective witnesses, but the Office of Internal Investigations may be requested to give reasonable assistance in securing such attendance. Witnesses, before testifying, shall be sworn or shall make an affirmation. Examination of each witness shall be made separately and apart from other witnesses, and each side shall have the opportunity to cross-examine all witnesses.

Sec. 61 The Record: The Office of Internal Investigations shall designate an employee prior to the date of the hearing to serve as clerk during the hearing. The clerk shall make a record of all testimony before the hearing and shall be responsible for marking and preserving all other evidence for the sole use of the hearing body and the Commissioner.

Sec. 62 Other Procedural Rules: The hearing forum may establish further reasonable

rules to expedite the hearing. In addition, several hearings may, if appropriate and at the discretion of the Commissioner, be consolidated into one general hearing.

Sec. 63 Finding: Upon completion of the hearing, the hearing forum shall forthwith submit a written report to the Police Commissioner, with a copy to the Office of Internal Investigations. That report shall summarize the evidence introduced by the parties, make specific findings of fact, and make recommendations as to the disposition of the charges including recommendations as to the appropriate discipline if any. The Police Commissioner shall immediately review the report of the hearing forum. He may return it for elaboration, further explanation or further hearings and findings of fact if necessary and practicable within the time limits required by law. Recommendations made by the hearing forum will not be binding on the Police Commissioner. Within seven days after the filing of the report of the hearing officer, the Police Commissioner shall give to the employee a written notice of his decision stating fully and specifically the reasons therefor.

Sec. 64 Detective Hearings:

a. Whenever a detective is reassigned to the regular police staff, that detective shall have the right to appeal the reassignment, pursuant to the Acts of 1950, Chapter 735. A detective who wishes to appeal must submit a notice in writing to the Police Commissioner requesting such an appeal within thirty days of the effective date of the order or reassignment.

b. When such a notice is received, the Police Commissioner shall designate three captains to sit as members of the Trial Board after the expiration of the thirty day period following the effective date of the order or reassignment. One of the captains shall be designated as chairman and another as clerk, and an order designating the members of the Board and their duties served shall be transmitted to the Chief Clerk and to the Office of Internal Investigations.

c. Upon receipt of the designation, the Office of Internal Investigations shall schedule the hearing and notify all interested parties of the place, date and time for the commencement of the hearing. Such notice must be received by the parties at least three days prior to the date set for the hearing.

d. In cases where more than one member has appealed a reassignment, the appeals may be consolidated and heard by one Trial Board.

e. The Trial Board sitting on a detective hearing shall apply the same rules governing evidence and witnesses as provided above (Sections 59 and 60), and in addition, shall also have the power to make such rules as it deems necessary to expedite the hearing.

f. Where the assignment was the result of a complaint of misconduct or due to reasons which might impose a stigma, such as allegations of illegal conduct, the member shall be given, at the time the notice of hearing is served, a statement of charges which fairly summarizes those allegations. In addition, if the name of the complainant is known, the member shall be informed of that name. In such case, the reassignment shall be affirmed if the board finds that there is substantial

evidence that the allegations are true and are sufficiently serious to reflect upon the ability of the member to perform the duties of a detective.

g. Where the reassignment was not due to such aforesaid reason, but was an attempt to increase efficiency or economy of the Department by means of a reorganization or reallocation of manpower, or because of a member's lack of investigative ability, the reassignment shall be affirmed if the board finds there is substantial evidence that the reassignment is a good faith attempt to promote the efficiency or economy of the Department.

h. No later than ten days after the conclusion of the hearing the board shall file its notice of decision with the Chief Clerk and the Office of Internal Investigations. If the hearing results in a change in status of the employee, the Personnel Division shall be notified by the O.I.I. The decision shall be supported by a memorandum which shall specify reasons in support of its decision. The decision of the board as to the reassignment is final, and no provisions of Chapter 31 of the Massachusetts General Laws shall be applicable to any such hearing or determination made thereunder.

i. The Office of Internal Investigations shall notify the parties of the result. The decision and the reasons thereof shall remain on file with the Chief Clerk and the parties may, upon reasonable notice, inspect and copy that decision.

Sec. 65 Review From Imposition of Immediate Suspension or Punishment Duty: When an employee is suspended for five days or less or is assigned punishment duty by a commanding officer, that employee receives a written notice concerning the action within twenty-four hours. The employee may then, if so wished and within forty-eight hours of the receipt of the notice, request a hearing to determine whether there is just cause for such an action. If such a request is made, then a hearing must be held within five days of the receipt of the request by the Police Commissioner. The hearing shall be conducted using the rules procedures outlined above (Sections 56 through 62).

Within two days after the conclusion of the hearing, the Police Commissioner shall give the employee concerned a written notice of the decision. Where just cause has not been found, the discipline shall be deemed not to have been imposed and the employee shall be compensated for lost time or extra hours worked. If it is decided that just cause did exist and the employee refuses to accept such a finding, the employee shall have the right of appeal pursuant to the Massachusetts General Laws.

NOTES: Rule No. 109 was amended September 14, 1979, at which time the Bureau of Inspectional Services assumed control of procedures which the Office of Internal Investigations had previously administered.

In February, 1983, The Office of Internal Investigations was given those duties which they had originally administered.

In addition, Section No. 22 was rewritten so that the Commander of the Staff Inspection Division was given the authority to initiate procedures for a letter of reprimand to be issued.

In April, 1983, violations of Rule No. 102, sections 7 and 11, were added to Section 32 of this rule as offenses covered by the five-day suspension rule. This resulted in a renumbering of section 32.

# EXHIBIT F

Boston Police Department                              Rules and Procedures

**RULE 315**
**April 11, 1991**

# HANDCUFFS

Rule 315 is issued to establish Boston Police Department policy regarding the use of handcuffs by members of the force in the performance of their duties. Because of the variety of circumstances which may be encountered by officers, no rule can suggest definitive methods for every situation in which the use of handcuffs may be appropriate. Rather, this rule will set certain specific guidelines to provide officers with a firm basis on which to utilize sound judgment in making reasonable and prudent decisions.

**Sec. 1  GENERAL CONSIDERATIONS:**  Failure to use handcuffs or the improper use of them can result in embarrassing incidents to officers, and can create potentially dangerous situations for the officers and the public. The Department issues handcuffs to all sworn personnel as standard equipment to be used as a restraining device, not a mechanism for subduing prisoners. Officers should not, however, be lulled into a false sense of security after applying handcuffs. The subject can still kick and if the handcuffs have not been properly applied, they can become a lethal weapon on the wrist of a desperate person. Handcuffs issued by the Department are double-locking handcuffs and whenever they are applied the double-locking feature should be used if possible, since they are then more difficult to pick and will also prevent violent prisoners or persons restrained for psychological purposes from injuring themselves by the handcuffs tightening during a struggle.

**Sec. 2  WHEN CARRYING HANDCUFFS:**  Your handcuffs are carried in a way so that they are easily accessible by either hand and in the loaded position so they are ready for immediate use.

**Sec. 3  MAINTENANCE:**  Handcuffs are a mechanical device which must be cleaned and lubricated periodically and inspected frequently to ensure their proper function when needed. Keep the ratchet and lockwork free of dirt, lint or other substances which may limit function. Periodically lubricate the ratchet with lead graphite.

**Sec. 4  HANDCUFFS ARE TO BE USED:**  Whenever a person is arrested or taken into custody, regardless of age or sex, in a manner which is consistent with this Rule, unless exigent circumstances exist which make it justifiable for an officer not to do so; in which case, the officer(s) responsible shall be prepared to justify his failure to use handcuffs.

**Sec. 5  WHEN HANDCUFFING A SUSPECT:**  There are various techniques and positions for controlling, handcuffing and searching suspects. Whether using the standing, kneeling or prone positions, the suspect is in an off balance position. When possible, the officer should approach a suspect from the side or rear with his/her weapon holstered and secured, gun side away from the suspect. Remain alert for any unpredictable moves. Handcuff the suspect with their hands behind their back, thumbs up, palms out. Place the jaw of the handcuffs against the prisoners right wrist about 1 inch above the wrist bone. Press the jaws firmly against the check and re-engage. The

Boston Police Department    Rules and Procedures

RULE 315

---

**Sec. 7 TWO PRISONERS WITH ONE PAIR OF HANDCUFFS:** When circumstances require, two prisoners can be secured with one pair of handcuffs provided proper safeguards are taken. The right wrist of one prisoner is handcuffed, as described above. When practicable, pass the free end under the prisoner's belt, the right wrist of prisoner number two is secured by the other handcuff. The two prisoners are handcuffed right wrist to right wrist to limit mobility and the prisoners are in an off balance position. Now do a thorough search of the prisoners.

**Sec. 8 TWO OR MORE PRISONERS:** As officers of this Department are instructed at the Police Academy, when multiple arrests have been made and several prisoners are to be transported, every precaution should be taken to reduce the likelihood of attempts be made to escape. Therefore, when two or more prisoners are being handcuffed, officers are advised to link on are of each prisoner through the arm of the first prisoner handcuffed before cuffing the second wrist of each prisoner to his first wrist.



**Sec. 9 HANDCUFFED IN FRONT OF THE BODY:** If the suspect is wearing a belt, turn the buckle to the rear and after cuffing one hand, pass the free end of the cuff under

Boston Police Department

Rules and Procedures

**RULE 315**

the belt before cuffing the second hand. Remember, only handcuff in the front if the person is suffering from a physical deformity, disability or if she is pregnant.

**Sec. 10  WHEN REMOVING HANDCUFFS:** Keep the suspect off balance to discourage an escape attempt or attack. Having other officers present is highly recommended.

Under no circumstances are handcuffs to be removed while a prisoner is being transported or while in police headquarters or in any other place to which the prisoner is transported except for the purpose of fingerprinting, writing on forms as may be required or when absolutely necessary. Never let go of the handcuffs when one is still on the prisoner's wrist. The open cuff is an excellent weapon.

**Sec. 11  SAFE CUSTODY OF PRISONERS:** Officers having prisoners in their custody shall be held strictly responsible for the safe custody of the prisoners under their care and this responsibility is theirs at all times.

**Sec. 12  WHEN PRACTICABLE, AVOID:**

    A.) Handcuffing a prisoner with his hands in front, except as noted in Section 9 of this rule.

    B.) Searching a prisoner before handcuffing.

    C.) Handcuffing a prisoner to a police officer.

    D.) Handcuffing a mentally disturbed person except as a temporary measure to allow him to be secured with proper restraining devices with which he cannot injure himself.

**Sec. 13  FLEXCUFFS:** Flexcuffs may be used during demonstrations or when multiple arrests are to be made. They are applied as handcuffs, behind the back, palms out, thumbs up.

**NOTE:** Once the flexcuffs have been applied they must be cut off. It is very easy to apply flexcuffs too tightly.

**Sec. 14  EXTRA HANDCUFFS:** Officers are authorized to carry an extra pair of handcuffs if they wish to do so provided they are Department issue or approved. To date, the only Department issue/approved handcuffs are the Smith & Wesson Model #100, Nickel Chain Handcuffs. However, the Department has now also approved the Peerless Standard Nickel Chain Handcuffs and the Peerless Standard Hinged Chain Handcuffs.



SINGLE TEETH ON STRAND

SINGLE STRAND →

DOUBLE STRAND →

KEY LOCK

SPRING

KEY →

DOUBLE LOCK

SWIVEL

CHAIN

RIVET

Handcuff Nomenclature (Chain-Link Handcuffs Shown).



Position of Carry for Handcuffs in an Officer's Hand. The Single Strand in both cuffs is Forward. This allows for proper function when placed on a Subject's Wrist.