**THRESHOLD INQUIRY**

One of the most valuable procedures available to police officers in performing their duties is the Threshold Inquiry. This procedure is a very useful tool, and when properly understood and utilized, it can be effective against the criminal suspect, yet protective of the citizen's state and federal Constitutional guarantees.

**THE STOP**

An officer may not stop every person whom he sees, but may stop those about whom he has a <u>reasonable suspicion of unlawful design</u>. Simply stated this means if an officer <u>observes activity</u>, which <u>based on his training and experience</u>, <u>leads him to reasonable suspicion</u> <u>that a person has</u>, <u>is</u>, <u>or is about to commit a crime</u>, <u>the officer may briefly detain that person to investigate</u>.

This detention may be based on <u>less than probable cause</u>, but <u>reasonable suspicion is more than a hunch or mere suspicion, or a good faith belief</u>. <u>Reasonable suspicion may be founded on an officer's personal observations</u>, <u>or may be based on information received</u>, <u>together with the reasonable inferences which may be drawn from those observations an/or information</u>.

Because the stop is based on less than probable cause, <u>it must be brief and not turn into a custodial situation normally associated with an arrest</u>. There are <u>no specific time limits</u> as to how long a Threshold Inquiry may last. Such will be <u>determined</u> on a case by case basis as dictated <u>by the total situation, what the courts call "the whole picture."</u> The officer should make a common sense objective determination as to how he may quickly, yet thoroughly, confirm or dispel his suspicions.

**THE FRISK**

If the <u>officer has objective articulable facts</u> which lead him to believe that the person with whom he is dealing <u>may be armed</u>, and thus posed a threat to the officer or others, the officer may frisk that person. Generally, <u>a frisk is limited to a pat down of the outer clothing, and the area within the immediate control of the person</u>. <u>The purpose of a the frisk is for</u> **PROTECTION**. <u>It is done to discover weapons</u>. <u>A FRISK MAY NEVER BE CONDUCTED TO FIND EVIDENCE</u>.

The frisk, like the initial stop, is based on a standard which is less than probable cause, it must not turn into a search. <u>A frisk cannot extend into a pocket or inside articles carried by a person, except for unlocked hard containers (i.e. brief cases) which are incapable of being squeezed</u>.

**MOTOR VEHICLES**

The Threshold Inquiry may extend to people in motor vehicles, as long as an officer has reasonable suspicion that the occupants are of unlawful design. <u>A vehicle, as well as its occupants may be frisked if the officer has articulable facts which lead him to believe that a weapon may be present</u>. An officer must remember that he is looking only for weapons, and <u>may not look inside containers which could not hold a weapon</u>. <u>Unlocked glove boxes and consoles may be opened</u>. <u>The trunk may not</u>.

**References:** M.G.L. c. 41, s. 98; *Commonwealth v. Lehan,* 347 Mass. 197, 196 N.E.2d 840 (1964); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868 (1968); *Commonwealth v. Salerno,* 356 Mass. 642, 255 N.E.2d 318 (1970); *Commonwealth v. Tosi,* 14 Mass.App.Ct. 1032, 442 N.E.2d 419 (1987); *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469 (1983).