

# <u>Section Nine:</u>

## *BIBLIOGRAHY*

# BIBLIOGRAPHY

Bittner, E., The Functions of Police in Modern Society. Washington, D.C. Government Printing Office. (1970).

Brave, Michael A., Risk & Liability Workshop Use of Force Policy Development and Case Law for Special Events. Eau Claire, Wisconsin, LAAW International, Inc. (March, 2003).

Boren, John, Gillespie, Thomas, and Hart Darrel, Police Use of Force A Line Officer's Guide, Varro Press, Kansas City, (1998).

Connor, Greg, Use of Force Model, University of Illinois Police Training Institute, (2000).

Dunford, Robert P., Superintendent, Boston Police Academy Training Bulletin 12-87 Use of Force Reports, Boston Police Department, Boston, Ma. (1987).

Dunford, Robert P., Superintendent, Boston Police Academy Training Bulletin 7-88 Verbal Commands, Boston Police Department. Boston, Ma. (1988).

Dunford, Robert P. Superintendent, Boston Police Academy Training Bulletin 5-89 Use of Force Options-Part I, Boston Police Department. Boston, Ma. (1989).

Dunford, Robert P., Superintendent, Boston Police Academy Training Bulletin 28-89 Use of Force Options-Part II Tactics: A Practical Approach, Boston Police Department. Boston, Ma. (1989).

Dunford, Robert P., Superintendent, Boston Police Academy Training Bulletin 29-89 Use of Force-Part III Communication with Suspect(s), Boston Police Department. Boston, Ma. (1989).

Dunford, Robert P., Superintendent, Boston Police Academy Training Bulletin 19-90 Use of Force Options-Part IV Non-Verbal Communication: "The Eyes", Boston Police Department. Boston, Ma. (1990).

Evans, Mary, Captain., (Retired). Boston Police Academy Training 14-90 Use of Force Reports. Boston Police Department. Boston, Ma. (1990).

Faulkner, Samuel D., The Action-Response Use of Force Continuum. London, OH: Ohio Peace Officer Training Academy. (1991).

Faulkner, Samuel D., Use of Force Decision Making and Legal Precedents. London, OH: Ohio Peace Officer Training Academy. (2003).

Hernandez, Santos. Boston Police Academy Defensive Tactics Workbook Recruit Class 39-02. Boston Police Department. Boston, Ma. (2002).

Hernandez, Santos. Ground Defensives and Escapes Use of Force Workshop: International Law Enforcement Educators and Trainers Association, Arlington Heights, Illinois. (2005).

Hernandez, Santos. Law Enforcement Training, Boston University Department of Criminal Justice Graduate Studies, Thesis focus on Use of Force Training Local, State, Federal Level. Boston, Ma. (2001).

Lewinski, William, Dr., Biomechanics of Lethal Force Encounters: Implications for Investigations & Training, Mankato, Minnesota. (2003).

International Association of Chief of Police. Police Use of Force in America 2001, Washington D.C. (2001).

Rules And Procedures Rule 303, Boston Police Department. Boston, Ma. (2003).

Rules And Procedures Rule 303-A, Boston Police Department. Boston, Ma. (2000).

Rules And Procedures Rule 304, Boston Police Department. Boston, Ma. (1994).

Standen, David A., Municipal Police Training Committee Use of Force Instructor Reference Manual. Commonwealth of Massachusetts. (2004).


*CASES CITED:*

Graham v. Connor, 409 U.S. 386, 109 S. Ct. 1865. (1989).

Bell v. Wolfish, 441 U.S. 520, at 559, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).



# Section Ten:

*APPENDIX*

# **APPENDIX**

A:    Federal Law

1. US Code: Title 18, Section 241
2. US Code: Title 18, Section 242
3. U Code Title 42, Section 1983

B:    Massachusetts General Laws

1. M.G.L. 12 Section 11H
2. M.G.L. 12 Section 11I
3. M.G.L. 258 Section 2
4. M.G.L. 258 Section 9
5. M.G.L. 258 Section 9A
6. M.G.L. 265 Section 37

C:    Massachusetts Reference Cases

1. Commonwealth V. Adams (1993)
2. Commonwealth V. Klein (1977)
3. Commonwealth V. Randazzo (1980)

D:    Federal Reference Cases

1. Tennessee V. Garner (1985)
2. Graham V. Connor (1989)

Code : Title 42, Section 1983

ec. 1983. Civil action for deprivation of rights

:very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or
erritory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United
itates or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or
mmunities secured by the Constitution and laws, shall be liable to the party injured in an action at
aw, suit in equity, or other proper proceeding for redress, except that in any action brought against a
udicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall
10t be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the
»urposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall
»e considered to be a statute of the District of Columbia.

Sec. 241. Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured -

They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

## Sec. 242. Deprivation of rights under color of law

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

12 § 11G                                    OFFICERS OF THE COMMONWEALTH

attorney general shall determine the standards for eligibility in order for such agencies to receive financial assistance. No more than ten per cent of said fund may be expended for administrative purposes.

Added by St.1977, c. 363A, § 51.

### Historical and Statutory Notes

St.1977, c. 363A, § 51, was approved July 6, 1977, and by § 76 made effective July 1, 1977.

### Library References

Consumer Protection ⟨⟩33.
WESTLAW Topic No. 92H.

C.J.S. Trade-Marks, Trade-Names and Unfair Competition §§ 237, 238.

## § 11H. Violations of constitutional rights; civil actions by attorney general; venue

Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured. Said civil action shall be brought in the name of the commonwealth and shall be instituted either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business.

Added by St.1979, c. 801, § 1. Amended by St.1982, c. 634, § 4.

### Historical and Statutory Notes

St.1979, c. 801, § 1, was approved Nov. 16, 1979.

St.1982, c. 634, § 4, an emergency act, approved Jan. 4, 1983, in the last sentence, substituted "person whose conduct complained of resides or has his" for "person or persons whose conduct complained or reside or have their".

### Law Review Commentaries

Civil rights law. Marjorie Heins, 76 Mass. L.Rev. 77 (1991).

Emerging legal rights of "at-will" employees in Massachusetts. Susan L. Lennox, 32 Boston B.J. 13 (Sept./Oct. 1988).

Flesner v. TCC and Korb v. Raytheon: At-will employment; Violation of the covenant of good faith and fair dealing by discharge in violation of clearly established public policy; Massachusetts Civil Rights Act. John F. Adkins, 36 Boston B.J. 24 (May–June 1992).

Practice and procedure under the Massachusetts Tort Claims Act. Joseph W. Glannon and Bennett S. Gordon, 71 Mass.L.Rev. 61 (1986).

Pursuing claims at the Commission Against Discrimination. Lynn A. Girton, 75 Mass. L.Rev. 152 (1990).

Recovery for civil rights violations in Massachusetts. Joseph W. Glannon, 18 Suffolk U.L.Rev. 247 (1984).

Rights protected by Massachusetts Civil Rights Act against interference on account of race or color. Anthony P. Sager, 17 Suffolk U.L.Rev. 53 (1983).

**12 § 11H**

Note 17

Police officers who were present when other officers battered arrested suspect were involved in joint enterprise in which suspect's civil rights were violated; each officer, including those who did not touch suspect, knew that excessive force was being applied to suspect, knowingly approved and permitted use of excessive force, and shared mental state of those applying force, and thus act of each was chargeable vicariously against the rest. Com. v. Adams (1993) 624 N.E.2d 102, 416 Mass. 558.

**18. Threats, intimidation or coercion**

Curse does not violate any civil rights unless it rises to level of a threat or an attempt to intimidate; instructions on civil rights claim do not mislead jury into thinking that being cursed at by police officer could never constitute threat or intimidation. Tatro v. Kervin, C.A.1 (Mass.)1994, 41 F.3d 9.

Claim brought under Massachusetts Civil Rights Act (MCRA) must allege interference with plaintiff's civil rights by threats, intimidation, or coercion. Matthews v. Rakiey (1995) 649 N.E.2d 770, 38 Mass.App.Ct. 490, review denied 652 N.E.2d 145, 420 Mass. 1107.

Conduct of abortion protestors was coercive, creating actual or potential physical confrontation accompanied by threat of harm, within meaning of Civil Rights Act, though no actual violence was involved, where protestors knowingly trespassed on clinic property, and intentionally used their bodies and bicycle locks to prevent others physically from entering, leaving, or using medical facilities to obtain abortions to which they were constitutionally and lawfully entitled. Planned Parenthood League of Massachusetts, Inc. v. Blake (1994) 631 N.E.2d 985,

417 Mass. 467, certiorari denied 115 S.Ct. 188, 130 L.Ed.2d 122.

Liability under Civil Rights Act will be established if threats, intimidation, or coercion interfered with individual's exercise or enjoyment of rights secured by law. Planned Parenthood League of Massachusetts, Inc. v. Blake (1994) 631 N.E.2d 985, 417 Mass. 467, certiorari denied 115 S.Ct. 188, 130 L.Ed.2d 122.

Evidence of actual or potential physical confrontation between two people that has effect of depriving third person of protected rights can sufficiently prove violation of Civil Rights Act. Planned Parenthood League of Massachusetts, Inc. v. Blake (1994) 631 N.E.2d 985, 417 Mass. 467, certiorari denied 115 S.Ct. 188, 130 L.Ed.2d 122.

"Threat" within meaning of Civil Rights Act involves intentional exertion of pressure to make another fearful or apprehensive of injury or harm. Planned Parenthood League of Massachusetts, Inc. v. Blake (1994) 631 N.E.2d 985, 417 Mass. 467, certiorari denied 115 S.Ct. 188, 130 L.Ed.2d 122.

Objective standard of whether reasonable woman seeking abortion services would be threatened, intimidated, or coerced by another's conduct applied in action against abortion protestors under Civil Rights Act. Planned Parenthood League of Massachusetts, Inc. v. Blake (1994) 631 N.E.2d 985, 417 Mass. 467, certiorari denied 115 S.Ct. 188, 130 L.Ed.2d 122.

Direct violation of person's rights does not by itself involve threats, intimidation, or coercion, and thus does not implicate State Civil Rights Act. Longval v. Commissioner of Correction (1989) 535 N.E.2d 588, 404 Mass. 325.

## § 11I. Violations of constitutional rights; civil actions by aggrieved persons; costs and fees

Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court.

Added by St.1979, c. 801, § 1.

### Historical and Statutory Notes

St.1979, c. 801, § 1, was approved Nov. 16, 1979.

ATTORNEY GENERAL

annually the amount assessed against such electric, gas, telephone and telegraph company under the provisions of section nine A of chapter six A.

The attorney general shall have no authority to expend any of such funds whenever the expenditure thereof shall conflict with the duties imposed upon him under the provisions of section three of this chapter.

Amended by St.1997, c. 164, § 8.

### Historical and Statutory Notes

**1997 Legislation**

St.1997, c. 164, § 8, an emergency act, approved Nov. 25, 1997, in the first paragraph, substituted "telecommunications and energy" for "public utilities".

## § 11F.  Insurance companies; intervention in legal proceedings on behalf of consumers; expenditure of funds

### American Law Reports

Coverage of insurance transactions under state consumer protection statutes. 77 ALR4th 991.

## § 11H.  Violations of constitutional rights; civil actions by attorney general; venue

### American Law Reports

Excessiveness or inadequacy of attorneys' fees in matter involving commercial and general business activities. 23 ALR5th 241.

### Law Review and Journal Commentaries

Public duty rule.  41 B.C.L.Rev. 383 (No. 2, March 2000).

Civil rights litigation in Massachusetts under the violence against women act.  Elizabeth A. Silfwitz, 43 Boston B.J. 10 (No. 2, 1999).

### Library References

Comments.

Civil rights violations, see Alperin and Shubow, 14 Massachusetts Practice § 5.51 (2d ed.).

Civil rights, see Bishop, 17C Massachusetts Practice § 60.4 (4th ed.).

### United States Supreme Court

Civil rights conspiracy statute, prohibition on intimidation or retaliation against witnesses in federal court proceedings, at-will employees, injury to person or property, see Haddle v. Garrison, 1998, 119 S.Ct. 489.

Free speech, criminal statute restricting oral protest, education or counseling near health care facility entrances, content-neutral time, place and manner regulation, vagueness or overbreadth and prior restraint on speech, see Hill v. Colorado, 2000, 120 S.Ct. 2480.

### Notes of Decisions

Adverse administrative action   19
Preemption   1.4
Respondeat superior   20

Vicarious liability   21

**1.  In general**

To establish a claim under Massachusetts Civil Rights Act, a plaintiff must prove that (1) his exercise or enjoyment of rights secured by the Constitution or the laws of either the United

States or the Commonwealth, (2) has been interfered with, or such interference has been attempted, and (3) the interference was by threats, intimidation or coercion. Columbus v. Biggio, D.Mass. 1999, 76 F.Supp.2d 43.

To establish claim under Commonwealth's Civil Rights Act, plaintiffs must prove that their exercise or enjoyment of rights secured by Constitution or laws of either United States or of Commonwealth have been interfered with, or that attempt was made to interfere with them, and that interference or attempted interference was by threats, intimidation or coercion. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

**1.4. Preemption**

Labor Management Relations Act (LMRA) did not preempt employee's Massachusetts Civil Rights Act (MCRA) claim, alleging that employer terminated him because he exercised his constitutional right to free speech by informing city officials of water supply contamination; court had to decide whether employer's proffered reason for employee's discharge was pretextual and did not need to determine whether proffered reason constituted sufficient reason for discharge under collective bargaining agreement. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Claims by drivers of commercial vehicles, that town's drug and alcohol testing policy violated their rights under Massachusetts Privacy Act and Massachusetts Civil Rights Act, were preempted by Omnibus Transportation Employee Testing Act, which required covered employers to institute testing; testing policy could not be divorced from federal regulations, promulgated pursuant to Act, that prompted it. Keaveney v. Town of Brookline, D.Mass.1996, 937 F.Supp. 975.

**2. Construction and application**

Massachusetts Civil Rights Act (MCRA) is coextensive with federal §§ 1983, except that federal statute requires state action whereas its state counterpart does not. Nelson v. City of Cambridge, D.Mass.2000, 101 F.Supp.2d 44.

Since employee did not seek review of any past arbitration award, Massachusetts' 30-day limitations period for contesting arbitration decisions was inapplicable and, therefore, could not extinguish employee's Massachusetts Civil Rights Act (MCRA) claim. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Employee's participation in arbitration proceeding regarding his discharge did not bar, under res judicata principles, employee's subsequent Massachusetts Civil Rights Act (MCRA) claim, alleging that employer terminated him because he exercised his constitutional right to free speech; subject matter of each action differed significantly. Acciavatti v. Professional Services Group, Inc., D.Mass. 1997, 982 F.Supp. 69.

Massachusetts Civil Rights Act and § 1983 are parallel statutes, coextensive with each other.

Canney v. City of Chelsea, D.Mass.1996, 92 F.Supp. 58.

Massachusetts Civil Rights Act, like other civil rights statutes, is remedial, and as such, it is entitled to liberal construction of its terms. Sarvi v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Corporations may be held vicariously liable under the state civil rights law for civil rights violations committed by their agents acting in the scope of their employment. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**3. Purpose of law**

Although legislature did not intend, in drafting Commonwealth's Civil Rights Act, to create vast constitutional tort, the Act, like other civil rights statutes, is remedial in nature and entitled to liberal construction of its terms; in particular, term "threats, intimidation and coercion" may take on many forms and refer to many types of behavior. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

**7. Employee discharge**

For purposes of a due process claim under Massachusetts Civil Rights Act, an at-will public employee has no protected property right. Columbus v. Biggio, D.Mass.1999, 76 F.Supp.2d 43.

**13. Drug testing**

Whether statement is "threat" in violation of Massachusetts Civil Rights Act must be examined from objective standpoint. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

City manager could not be held vicariously liable under Massachusetts Civil Rights Act for alleged threats by deputy city manager, absent evidence that deputy acted at manager's direction or that manager authorized or approved deputy's alleged threats. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

Deputy city manager's statement to firefighter that "I should just shoot you" was not "threat, intimidation or coercion" within meaning of Massachusetts Civil Rights Act, even if firefighter claimed to have been intimidated by statement; statement was said in jest, and firefighter did not take it seriously. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

**15. Immunity**

Assistant attorneys general were protected by absolute immunity from claim under Massachusetts Civil Rights Act, which alleged that they arbitrarily and intentionally refused to authorize payment of claimant's judgments from prior suit against state agency. Dinsdale v. Com. (1997) 675 N.E.2d 374, 424 Mass. 176.

**18. Threats, intimidation or coercion**

Police officer's alleged use of strip search to humiliate or punish arrestee and as means of

ATTORNEY GENERAL

exerting moral or psychological pressure designed to weaken arrestee's perceived resistance to questioning could constitute "intimidation" or "coercion" within meaning of Massachusetts civil rights statute. Swain v. Spinney, C.A.1 (Mass.)1997, 117 F.3d 1.

Alleged threats by town officers to fire building inspector and humiliate his family if he did not cooperate in harassment campaign against owners of particular piece of real estate did not support claim under Massachusetts Civil Rights Act, where inspector did not allege that the threats were aimed at depriving him of his right to due process or equal protection. Columbus v. Biggio, D.Mass. 1999, 76 F.Supp.2d 43.

A direct deprivation of rights, even if unlawful, is not coercive so as to support an action under Massachusetts Civil Rights Act because it is not an attempt to force someone to do something the person is not lawfully required to do. Columbus v. Biggio, D.Mass.1999, 76 F.Supp.2d 43.

Allegations that town administrator attempted to coerce employee of treasurer's officer to quit by degrading her municipal ranking, and that he threatened to drive her and her husband "crazy" because her husband, the town's building inspector, failed to cooperate in harassment campaign against certain property owners did not support an equal protection claim under Massachusetts Civil Rights Act; alleged interference with employee's rights was not caused by threats, but was a simple act of retaliation. Columbus v. Biggio, D.Mass. 1999, 76 F.Supp.2d 43.

Allegations that town administrator attempted to coerce employee of treasurer's officer to quit by degrading her municipal ranking did not support a due process claim under Massachusetts Civil Rights Act, where employee failed to allege a property interest in her job. Columbus v. Biggio. D.Mass.1999, 76 F.Supp.2d 43.

Section of Massachusetts Civil Rights Act (MCRA) prohibiting persons from interfering by threats or coercion with exercise or enjoyment by any other person of rights secured by Constitution or laws of United States does not always require physical confrontation. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Cancellation of contract securing future economic gain, when tied to exercise of constitutional right, can constitute coercion for purposes of Massachusetts Civil Rights Act (MCRA) section prohibiting persons from interfering by threats or coercion with exercise or enjoyment by any other person of rights secured by Constitution or laws of United States. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Employer's retaliatory behavior, namely firing employee because his speech about water supply contamination negatively impacted employer, constituted requisite "intimidation, threat, or coercion" under Massachusetts Civil Rights Act (MCRA) section prohibiting persons from interfering by threats, intimidation, or coercion with exercise or enjoyment by any other person of rights

secured by Constitution, even though employer's retaliatory behavior targeted past, rather than future, speech. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Massachusetts Civil Rights Act creates cause of action for any person whose exercise or enjoyment of rights secured by constitution or laws of United States or of Commonwealth has been interfered with by threats, intimidation or coercion. Rogan v. Menino, D.Mass.1997, 973 F.Supp. 72.

To state valid cause of action under Massachusetts Civil Rights Act, plaintiff must allege actual or potential physical confrontations involving threat of harm. Rogan v. Menino, D.Mass.1997, 973 F.Supp. 72.

Motorist alleging that Massachusetts Bay Transit Authority (MBTA), its assistant general counsel, and MBTA officers issued her a citation and forced her to pay fine in attempt to intimidate her did not state valid Massachusetts Civil Rights Act claim, as there was no conceivable way to construe allegations as instances of physical confrontations. Rogan v. Menino, D.Mass.1997, 973 F.Supp. 72.

City firefighter's allegations that city officials and their agents used threats of violence, coercion, and intimidation against him to chill his First Amendment right to speak on matters of public concern by threatening him on several occasions with transfer as punishment for his speech, by actually transferring firefighter and eventually forbidding him to come to work for almost a year, and by making threats of violence against firefighter through agent on at least three occasions were sufficient to show threats of violence required to support claim under Massachusetts Civil Rights Act. Cignetti v. Healy, D.Mass.1997, 967 F.Supp. 10.

Under Massachusetts Civil Rights Act's (MCRA) counterpart of § 1983, violation element of legal test for liability is not satisfied unless claimant also proves that violation was accomplished by threats, intimidation, or coercion. Armstrong v. Lamy, D.Mass.1996, 938 F.Supp. 1018.

City and public school officials were not liable to former student under Massachusetts Civil Rights Act's counterpart of § 1983; student proffered no evidence that would support finding that failure to supervise, train, regulate, discipline, or control teacher amounted to threats, intimidation or coercion and proffered no evidence that would support finding that failure to promulgate adequate guidance for proper behavior as school teacher amounted to threats, intimidation, or coercion. Armstrong v. Lamy, D.Mass.1996, 938 F.Supp. 1018.

For purposes of Commonwealth Civil Rights Act, "threat" involves intentional exertion of pressure to make another fearful or apprehensive of injury or harm, "intimidation" involves putting in fear for purpose of compelling or deterring conduct, and "coercion" involves application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done. Reproductive Rights Network v. President of University of Mas-

sachusetts (1998), 699 N.E.2d 829, 45 Mass.App.Ct. 495.

Public university's denial of access to university facilities constituted unlawful "threats, intimidation, or coercion" under Commonwealth's Civil Rights Act; student and community organizations had previously reserved facilities for purpose of planning civil disobedience, university locked building and posted 17 police officers outside to turn away anyone attempting to enter, and record permitted inference that crossing "police line" would have resulted in arrest. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

Statutory definition of "threats, intimidation, or coercion" unlawful under Commonwealth's Civil Rights Act includes violations of rights that may not in themselves be overtly harmful or frightening. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

Finding that state actor engaged in "threats, intimidation or coercion" prohibited by Commonwealth's Civil Rights Act does not require proof that actor specifically intended to deprive a person of a secured right by taking actions complained of, but merely that actions complained of would have natural threatening, intimidating or coercive effect. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

Material issue of fact as to whether town building inspectors, by use of threats and intimidation, impaired homeowners' right to use and enjoy their property precluded summary judgment for inspectors on homeowners' claim alleging civil rights violations. Tortora v. Inspector of Bldgs. of Tewksbury (1996) 668 N.E.2d 876, 41 Mass.App. Ct. 120.

Members of town planning and appeals boards, who had property disputes with applicant seeking approval of plans to build houses on two lots, had not harassed applicant so as to be liable to applicant for "threats, intimidation or coercion" outside of adverse administrative decisions rendered by bodies to which they belong; statements that applicant would be having serious problems and that he would never get desired permit, were made in context of their individual disputes, and there was no indication that members had taken any special steps to thwart applicant. Murphy v. Town of Duxbury (1996) 665 N.E.2d 1014, 40 Mass.App.Ct. 513, review denied 668 N.E.2d 356, 423 Mass. 1105.

Member of town appeals board did not violate constitutional rights of applicant seeking permission to build on lots by stating to applicant that town didn't like change, that applicant would be caused "harm" and that applicant should "watch his step in the future"; while statements could be interpreted as being of a threatening or intimidating nature, they were not backed by personal animus, and there was no evidence that action of

board of appeals was motivated other than by desire to enforce their interpretation of zoning laws. Murphy v. Town of Duxbury (1996) 665 N.E.2d 1014, 40 Mass.App.Ct. 513, review denied 668 N.E.2d 356, 423 Mass. 1105.

19. Adverse administrative action

Private university's notice to student that accusation had been made against him and disciplinary proceeding commenced did not amount to direct assault upon student's exercise of any right enjoyed by him under state constitution, in absence of any accusation of threats, intimidation or coercion, and could not serve as basis for statutory cause of action against university. Schaer v. Brandeis University (1999) 716 N.E.2d 1055, 48 Mass. App.Ct. 23, review granted 722 N.E.2d 977, 430 Mass. 1112, affirmed in part, reversed in part 735 N.E.2d 373, 432 Mass. 474.

Administrative action, unrelated to scheme of harassment, does not rise to level of "threats, intimidation, or coercion" required for finding of violation of Commonwealth's Civil Rights Act. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

University's action in using university police to prevent access to building in which space had previously been reserved by student and community organizations for purpose of planning civil disobedience did not come within "administrative action" exception to liability under Commonwealth's Civil Rights Act; right violated was freedom of speech, rather than property rights or substantive due process rights, and violation involved use of uniformed police. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

Statute prohibiting interference with constitutionally protected rights through "threats, intimidation or coercion" does not apply to adverse administrative action, at least when such action is not part of scheme of harassment. Murphy v. Town of Duxbury (1996) 665 N.E.2d 1014, 40 Mass. App.Ct. 513, review denied 668 N.E.2d 356, 423 Mass. 1105.

20. Respondeat superior

Neither city nor public school officials could be liable to former student for any alleged threats, intimidation or coercion of student by teacher under Massachusetts Civil Rights Act's (MCRA) counterpart of § 1983 because doctrine of respondeat superior does not apply to action brought under MCRA. Armstrong v. Lamy, D.Mass.1996, 938 F.Supp. 1018.

21. Vicarious liability

Employer could not be held vicariously liable under Massachusetts Civil Rights Act (MCRA) for employee's actions. M.G.L.A. c. 12, §§ 11H, 11I. Vicarelli v. Business Intern., Inc., D.Mass.1997, 973 F.Supp. 241.

ATTORNEY GENERAL

## § 11I.   Violations of constitutional rights; civil actions by aggrieved persons; costs and fees

### American Law Reports

Excessiveness or inadequacy of attorneys' fees in matter involving commercial and general business activities. 23 ALR5th 241.

Allowance of interest on award of attorney fees under § 706(k) of Civil Rights Act of 1964 (42 USCA § 2000e-5(k)). 77 ALR Fed 272.

### Law Review and Journal Commentaries

Public duty rule. 41 B.C.L.Rev. 383 (No. 2, March 2000).

Civil rights litigation in Massachusetts under the violence against women act. Elizabeth A. Billowitz, 43 Boston B.J. 10 (No. 2, 1999).

The harbinger of substantive due process in Massachusetts: *Freeman v. Planning Board of*

*West Boylston.* Michael F. Connolly and Patrick T. Clendenen. 40 Boston B.J. 13 (Jan.–Feb. 1997).

When is the disclosure of HIV status beyond the call of duty: *Doe v. Town of Plymouth and Officer Paul Tibbetts.* 29 New Eng.L.Rev. 391 (1995).

### Library References

Comments.

Civil rights violations, see Alperin and Shubow, 14 Massachusetts Practice § 5.51 (3d ed.).

Law governing abuse of family and household members, see Kindregan and Inker, 3 Massachusetts Practice § 57.1 (2d ed.).

Texts and Treatises

2 Proof of Cases in Massachusetts § 1208.

Shapiro, Perlin and Connors, Massachusetts Collection Law: Debtor/Creditor Practice. Procedure. Remedies, §§ 7:1-7:57, Obtaining Judgment.

Shapiro, Perlin and Connors, Massachusetts Collection Law 2d Ed, § 7:37.

### United States Supreme Court

Civil rights conspiracy statute, prohibition on intimidation or retaliation against witnesses in federal court proceedings, at-will employees, injury to person or property, see Haddle v. Garrison, 1998, 119 S.Ct. 489.

Civil rights liability, prosecutors, false statements and fabrication of evidence, qualified v. absolute immunity, administrative investigatory v. prosecutorial functions, see Buckley v. Fitzsimmons, U.S.Ill.1993, 113 S.Ct. 2606, 509 U.S. 259, 125 L.Ed.2d 209, on remand 20 F.3d 789, rehearing and suggestion for rehearing en banc denied.

Equal protection, sexual orientation, state constitutional amendment prohibiting legislative, executive, or judicial antidiscrimination measures protecting homosexuals, see Romer v. Evans, 1996, 116 S.Ct. 1620, 517 U.S. 620, 134 L.Ed.2d 855.

Expressive association rights, private non-profit organizations, exclusion of homosexuals, public accommodations law prohibiting sexual orientation discrimination, see Boy Scouts of America v. Dale, 2000, 120 S.Ct. 2446.

Free speech, criminal statute restricting oral protest, education or counseling near health care facility entrances, content-neutral time, place, and manner regulation, vagueness or overbreadth test, prior restraint on speech, see Hill v. Colorado, 2000, 120 S.Ct. 2480.

Freedom of association,

Political parties, blanket primary allowing voters to vote for any candidate regardless of voter's or candidate's party affiliation, state interests, see California Democratic Party v. Jones, 2000, 120 S.Ct. 2402.

### Notes of Decisions

Administrative action  23.5
Defenses  9.5
Intent, threats, intimidation or coercion  13.5
Threats, intimidation or coercion  13–14
   Intent  13.5
Vicarious liability  39.2

---

1.  In general

Massachusetts Civil Rights Act (MCRA) prohibits any person from interfering or attempting to interfere with the exercise of any rights secured by the Constitution or laws of the United States or

the Commonwealth by threats, intimidation or coercion. M.G.L.A. c. 12, §§ 11I. Berard v. Town of Millville. D.Mass.2000, 113 F.Supp.2d 197.

To establish claim under state civil rights act, plaintiff must prove that the defendants used threats, intimidation or coercion to interfere with, or attempt to interfere with, rights secured by the Constitution or laws of the United States or the Commonwealth of Massachusetts. Brum v. Town of Dartmouth (1999) 704 N.E.2d 1147, 428 Mass. 684.

To establish claim under Commonwealth's Civil Rights Act, plaintiffs must prove that their exer-

cise or enjoyment of rights secured by Constitution or laws of either United States or of Commonwealth have been interfered with, or that attempt was made to interfere with them, and that interference or attempted interference was by threats, intimidation or coercion.    Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

To establish claim under Civil Rights Act, plaintiffs must prove that their exercise or enjoyment of rights secured by Constitution or laws of either United States or Commonwealth have been interfered with, or attempted to be interfered with, and that interference or attempted interference was by threats, intimidation or coercion.    Swanset Development Corp. v. City of Taunton (1996) 668 N.E.2d 333, 423 Mass. 390.

**2. Construction and application**

Since employee did not seek review of any past arbitration award, Massachusetts' 30–day limitations period for contesting arbitration decisions was inapplicable and, therefore, could not extinguish employee's Massachusetts Civil Rights Act (MCRA) claim.    Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Employee's participation in arbitration proceeding regarding his discharge did not bar, under res judicata principles, employee's subsequent Massachusetts Civil Rights Act (MCRA) claim, alleging that employer terminated him because he exercised his constitutional right to free speech; subject matter of each action differed significantly.    Acciavatti v. Professional Services Group, Inc., D.Mass. 1997, 982 F.Supp. 69.

Massachusetts Civil Rights Act and § 1983 are parallel statutes, coextensive with each other. Canney v. City of Chelsea, D.Mass.1996, 925 F.Supp. 58.

Massachusetts Civil Rights Act, like other civil rights statutes, is remedial, and as such, it is entitled to liberal construction of its terms.    Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Corporations may be held vicariously liable under the state civil rights law for civil rights violations committed by their agents acting in the scope of their employment.    Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**3. Purpose of law**

Purpose of the statutory provisions permitting an award of attorney fees to prevailing civil rights plaintiffs is both to promote civil rights enforcement and to deter civil rights violators, by encouraging private lawsuits aimed against civil rights abuses. Kadlick v. Department of Mental Health (2000) 731 N.E.2d 495, 431 Mass. 850.

**4. Pleadings**

Police dispatcher failed to allege an actionable First Amendment claim against police chief, who allegedly threatened to fire him if he did not

apologize for "mistake" and who caused him to fear that he would lose his job if he did not sign report, and therefore was not entitled to relief under §§ 1983 or Massachusetts Civil Rights Act (MCRA); dispatcher did not allege that he was discharged or that his employer retaliated against him in any way for exercising his right of freedom of speech or show that his speech was constitutionally protected.    Berard v. Town of Millville, D.Mass.2000, 113 F.Supp.2d 197.

Former employee of state agency who alleged that agency and agency officials discharged her or sought her discharge, through threats, intimidation or coercion, and interfered with her exercise of rights under the constitutions and laws of the United States and Massachusetts, failed to state a claim under section of the Massachusetts Civil Rights Act (MCRA), absent allegation of an "actual or potential physical confrontation accompanied by. a threat of harm."    LaManque v. Massachusetts Dept. of Employment and Training, D.Mass. 1998, 3 F.Supp.2d 83.

Motion to amend arrestee's Massachusetts Civil Rights Act complaint against city to supplement allegations of police officer's misconduct during arrest, would be denied as futile, since city could not be held vicariously liable for officer's actions. Sheehy v. Town of Plymouth, D.Mass.1996, 948 F.Supp. 119.

By failing to argue the issue, defendants in state civil rights action were deemed on appeal to have waived any contention that violation of statute requiring summary process in any attempt to recover possession of land could serve as basis for such an action.    Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**5. Sufficiency of allegations**

To establish a claim under the Massachusetts Civil Rights Act, plaintiffs must prove that (1) their exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation, or coercion.    Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**7. Preemption**

Labor Management Relations Act (LMRA) did not preempt employee's Massachusetts Civil Rights Act (MCRA) claim, alleging that employer terminated him because he exercised his constitutional right to free speech by informing city officials of water supply contamination; court had to decide whether employer's proffered reason for employee's discharge was pretextual and did not need to determine whether proffered reason constituted sufficient reason for discharge under collective bargaining agreement.    Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Claims by drivers of commercial vehicles, that town's drug and alcohol testing policy violated their rights under Massachusetts Privacy Act and Massachusetts Civil Rights Act. were preempted by Omnibus Transportation Employee Testing Act. which required covered employers to institute testing; testing policy could not be divorced from federal regulations, promulgated pursuant to Act. that prompted it. Keaveney v. Town of Brookline, D.Mass.1996, 937 F.Supp. 975.

## 8. Duplicative claims

Where employment discrimination chapter applies, person may not evade its procedural requirements by recasting a discrimination claim as a violation of Equal Rights Act or Civil Rights Act. Green v. Wyman-Gordon Co. (1996) 664. N.E.2d 808, 422 Mass. 551, 51 A.L.R.5th 771.

## 9.5. Defenses

Arrests that violated residents' right not to be removed from property except by summary process did not preclude them from asserting claim under Massachusetts Civil Rights Act on basis that interference with that right was direct rather than by threats, intimidation, or coercion, where arrests were preceded by threats of arrest if occupants did not vacate premises. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass. App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Bank official and real estate agent who requested that police arrest alleged "trespassers" on property that bank affiliate had bought at foreclosure sale, not revealing that persons in question were the children of the defaulting mortgagor, could not escape liability under state civil rights law by characterizing their request as a petition for redress of a grievance; evidence indicated that bank official and real estate agent wanted to avoid inconvenience of the summary process to which occupants were entitled and that they gave police false information to expedite removal. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Res judicata did not bar state civil rights and false imprisonment claims, asserted by adult children of mortgagor who were improperly arrested without summary process when they remained on property after mortgagor defaulted and bank bought property at foreclosure sale; while mortgagor had asserted counterclaim based on same facts in earlier action, he and children, who were not parties to prior action, were not in privity as to children's claims. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App. Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Telephone call that led to arrest, without summary process, of persons who had remained on property after their father defaulted on mortgage and bank bought property at foreclosure sale was not a "superseding cause" that absolved bank and its agents of liability to arrestees for state civil rights violations and false imprisonment; even if someone other than bank's agents made call, arrests occurred because of a directive from bank's agents to make arrests if those persons were seen on property. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

## 10. Immunity from suit

Officers entitled to qualified immunity as to § 1983 claims were also entitled to qualified immunity under Massachusetts Civil Rights Act. Duca v. Martins, D.Mass.1996, 941 F.Supp. 1281.

Assistant attorneys general were protected by absolute immunity from claim under Massachusetts Civil Rights Act, which alleged that they arbitrarily and intentionally refused to authorize payment of claimant's judgments from prior suit against state agency. Dinsdale v. Com. (1997) 573 N.E.2d 374, 424 Mass. 176.

## 13. Threats, intimidation or coercion—In general

Police officer's alleged use of strip search to humiliate or punish arrestee and as means of exerting moral or psychological pressure designed to weaken arrestee's perceived resistance to questioning could constitute "intimidation" or "coercion" within meaning of Massachusetts civil rights statute. Swain v. Spinney, C.A.1 (Mass.)1997, 117 F.3d 1.

"Threat" within meaning of Massachusetts Civil Rights Act involves intentional exertion of pressure to make another fearful or apprehensive of injury or harm. Anderson v. Boston School Committee, C.A.1 (Mass.)1997, 105 F.3d 762.

"Intimidation," within meaning of Massachusetts Civil Rights Act, involves putting in fear for purpose of compelling or deterring conduct. Anderson v. Boston School Committee, C.A.1 (Mass.)1997, 105 F.3d 762.

"Coercion," within meaning of Massachusetts Civil Rights Act, involves application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done. Anderson v. Boston School Committee, C.A.1 (Mass.)1997, 105 F.3d 762.

Former public school teacher failed to establish that principal interfered with rights of another by threats, intimidation or coercion in violation of Massachusetts Civil Rights Act; nothing in evidence remotely suggested pressures of such magnitude being brought to bear on teacher and even teacher's self-serving testimony that complainant against him told him that principal, in talking with complainant, twice said that he had seen teacher touching complainant, contrary to complainant's own supposed belief, fell short of indicating any such pressure on complainant which could forcefully impact on teacher. Anderson v. Boston School Committee, C.A.1 (Mass.)1997, 105 F.3d 762.

Whether statement is "threat" in violation of Massachusetts Civil Rights Act must be examined from objective standpoint. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

City manager could not be held vicariously liable under Massachusetts Civil Rights Act for alleged threats by deputy city manager, absent evidence that deputy acted at manager's direction or that manager authorized or approved deputy's alleged threats. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

Employer's threat of loss of at-will employment does not constitute interference "by threats, intimidation or coercion," regardless of nature and import of implicated "secured right," as required for action under Massachusetts Civil Rights Act. Delmonte v. Laidlaw Environmental Services, Inc., D.Mass.1999, 46 F.Supp.2d 89.

Section of Massachusetts Civil Rights Act (MCRA) prohibiting persons from interfering by threats or coercion with exercise or enjoyment by any other person of rights secured by Constitution or laws of United States does not always require physical confrontation. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Cancellation of contract securing future economic gain, when tied to exercise of constitutional right, can constitute coercion for purposes of Massachusetts Civil Rights Act (MCRA) section prohibiting persons from interfering by threats or coercion with exercise or enjoyment by any other person of rights secured by Constitution or laws of United States. Acciavatti v. Professional Services Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Employer's retaliatory behavior, namely firing employee because his speech about water supply contamination negatively impacted employer, constituted requisite "intimidation, threat, or coercion" under Massachusetts Civil Rights Act (MCRA) section prohibiting persons from interfering by threats, intimidation, or coercion with exercise or enjoyment by any other person of rights secured by Constitution, even though employer's retaliatory behavior targeted past, rather than future, speech. Acciavatti v. Professional Services, Group, Inc., D.Mass.1997, 982 F.Supp. 69.

Massachusetts Civil Rights Act creates cause of action for any person whose exercise or enjoyment of rights secured by constitution or laws of United States or of Commonwealth has been interfered with by threats, intimidation or coercion. Rogan v. Menino, D.Mass.1997, 973 F.Supp. 72.

Motorist alleging that Massachusetts Bay Transit Authority (MBTA), its assistant general counsel, and MBTA officers issued her a citation and forced her to pay fine in attempt to intimidate her did not state valid Massachusetts Civil Rights Act claim, as there was no conceivable way to construe allegations as instances of physical confrontations. Rogan v. Menino, D.Mass.1997, 973 F.Supp. 72.

To prove a violation of Massachusetts Civil Rights Act (MCRA), a plaintiff must prove that his exercise or enjoyment of rights secured by the Constitution or laws of either United States or of the Commonwealth has been interfered with, or attempted to be interfered with, and that interference or attempted interference was by threats,

intimidation, or coercion. Ruffaele v. Ryder Dedicated Logistics, Inc., D.Mass.1996, 931 F.Supp. 7.

Under Massachusetts Civil Rights Act, in contrast with federal civil rights laws, cause of action has added element of threats, intimidation or coercion. Canney v. City of Chelsea, D.Mass.1996, 925 F.Supp. 58.

For purposes of requirement under Massachusetts Civil Rights Act that alleged interference with exercise of a right be by threats, intimidation, or coercion, use of the disjunctive "or" indicates that a plaintiff need establish only one of the three alternatives. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

For purposes of requirement under state civil rights statute of proving that alleged interference with exercise of a right was by threat, intimidation, or coercion, "threat" involves the intentional exertion of pressure to make another fearful or apprehensive of injury or harm, "intimidation" involves putting in fear for the purpose of compelling or deterring conduct, and "coercion" is the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Successful claim under Massachusetts Civil Rights Act requires evidence of actual or potential physical confrontations involving a threat of harm, though the confrontation may involve third persons and the threat of harm need not be directed at the plaintiff. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Statements by real estate agent and bank official to occupants of property that bank affiliate had bought at foreclosure sale after occupants' father defaulted on mortgage, that occupants would be arrested if they did not vacate premises, could reasonably be viewed as "threats" for purposes of claim under Massachusetts Civil Rights Act arising from denial of occupants' right to summary process. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Alleged acts of city and city officials that delayed and impeded development of property did not establish "coercion" necessary to state claim under Civil Rights Act; to extent that property owner and developer alleged that various delays were deliberate attempt to frustrate their development plans, they alleged direct deprivation of rights, rather than attempted coercion. Swanset Development Corp. v. City of Taunton (1996) 668 N.E.2d 333, 423 Mass. 390.

Allegation that developer was pressured by city officials to hire particular attorney in connection with site plan approval and permit process for proposed development did not satisfy statutory prerequisite of coercion necessary for claim under Civil Rights Act. Swanset Development Corp. v.

ATTORNEY GENERAL

City of Taunton (1996) 668 N.E.2d 333. 423 Mass. 390.

**13.5. —— Intent**

Deputy city manager's statement to firefighter that "I should just shoot you" was not "threat, intimidation or coercion" within meaning of Massachusetts Civil Rights Act, even if firefighter claimed to have been intimidated by statement; statement was said in jest, and firefighter did not take it seriously. Cignetti v. Healy, D.Mass.2000, 89 F.Supp.2d 106.

Plaintiff asserting claim under Massachusetts Civil Rights Act is not required to prove a specific intent to threaten, intimidate, or coerce for the purpose of interfering with a secured right. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

Arrests and detention of two persons who had continued to occupy property after their father defaulted on mortgage and property was sold at foreclosure sale were intrinsically coercive, for purposes of action brought under state civil rights law for alleged violation of the right to summary process prior to eviction. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**14. —— Governmental entities, threats, intimidation or coercion /**

Former county deputy sheriff failed to state claim under Massachusetts Civil Rights Act, due to high sheriff's alleged political discrimination, where there was no evidence of any "threat, intimidation or coercion" involving physical or morally coercive force sufficient to satisfy the entry level burden of Act. Tedeschi v. Reardon, D.Mass.1998, 5 F.Supp.2d 40.

Whether a defendant's actions were such as to induce fear or apprehension of harm in the victim, for purposes of claim under Massachusetts Civil Rights Act, is tested by an objective standard. Tedeschi v. Reardon, D.Mass.1998, 5 F.Supp.2d 40.

A municipality's police chief was not liable for the alleged brutality inflicted upon victims by police officers, under a state statute prohibiting interference with the rights secured by the federal or state constitution; the victims failed to allege that the police chief personally engaged in any acts that constituted threats, intimidation or coercion, as required by the statute. Martinez v. Wolferseder, D.Mass.1998, 997 F.Supp. 192.

City firefighter's allegations that city officials and their agents used threats of violence, coercion, and intimidation against him to chill his First Amendment right to speak on matters of public concern by threatening him on several occasions with transfer as punishment for his speech, by actually transferring firefighter and eventually forbidding him to come to work for almost a year, and by making threats of violence against firefighter through agent on at least three occasions were sufficient to show threats of violence required to

support claim under Massachusetts Civil Rights Act. Cignetti v. Healy, D.Mass.1997, 967 F.Supp. 10.

Decisions by town officials and its administrator that house owner could not cut down trees to aid in moving her house and that she could only move house on same day that another house was being moved did not establish "coercion" necessary to state claim under Massachusetts Civil Rights Act. Jacobs v. Town of Scituate, D.Mass.1996, 948 F.Supp. 7.

Former city employee failed to make claim of threat, intimidation or coercion sufficient to sustain cause of action city under Massachusetts Civil Rights Act. Canney v. City of Chelsea, D.Mass. 1996, 925 F.Supp. 58.

Former city employee failed to allege necessary deprivation of rights by threats, intimidation, or coercion to state claim against city receiver and his staff as individuals under Massachusetts Civil Rights Act. Canney v. City of Chelsea, D.Mass. 1996, 925 F.Supp. 58.

Material issue of fact as to whether town building inspectors, by use of threats and intimidation, impaired homeowners' right to use and enjoy their property precluded summary judgment for inspectors on homeowners' claim alleging civil rights violations. Tortora v. Inspector of Bldgs. of Tewksbury (1996) 668 N.E.2d 876, 41 Mass.App. Ct. 120.

**15. Protected speech**

Employee's speech informing city officials about water supply contamination constituted protected speech of public concern for purposes of employee's claim under Massachusetts Civil Rights Act (MCRA), alleging that employer subjected him to retaliatory treatment and terminated him because he exercised his constitutional right to free speech by informing city officials of contamination. Acrisvatti v. Professional Services Group, Inc., D.Mass. 1997, 982 F.Supp. 69.

**16. Evidence**

Evidence of threats, intimidation, or coercion, as required for successful claim under Massachusetts Civil Rights Act, is to be measured by an objective standard, not the state of mind of the person threatened. Sarvis v. Boston Safe Deposit and Trust Co. (1999) 711 N.E.2d 911, 47 Mass.App.Ct. 86, review denied 717 N.E.2d 1015, 430 Mass. 1106.

**17. Damages**

Skinner v. Boston Housing Authority, D.Mass. 1983, 690 F.Supp. 109, [main volume] reversed 873 F.2d 1433.

**21. Attorney's fees**

District court identified sufficient link between arrestee's successful claims against police detective for intentional infliction of emotional distress and violation of Massachusetts Civil Rights Act and unsuccessful claims under § 1983 and for negligence, false imprisonment, false arrest, and assault and battery to support attorney fee award that was not reduced for time spent on unsuccessful claims;

Note 21

police detective's threatening conduct toward arrestee after he was released made no sense except in context of prior events and deficiencies of police procedure which led to the arrest. Krewson v. Finn, C.A.1 (Mass.)1997, 107 F.3d 84.

Determination of qualified immunity does not prevent civil rights plaintiff who otherwise prevailed from obtaining fee award under either federal or Massachusetts law. Ciulla v. Rigny, D.Mass.2000, 89 F.Supp.2d 97.

Civil rights plaintiff, whose allegation that she was "strip-searched" was rejected by jury, was nevertheless prevailing party entitled to attorney fees under federal or Massachusetts law where jury also found that search which did occur was unreasonable because of its location. Ciulla v. Rigny, D.Mass.2000, 89 F.Supp.2d 97.

Attorney fee rate of $250 per hour for lead counsel, claimed by prevailing civil rights plaintiff, was excessive, and would be reduced to $200 for core work and two-thirds of that for non-core work. Ciulla v. Rigny, D.Mass.2000, 89 F.Supp.2d 97.

Under either federal or Massachusetts law, civil rights plaintiff who lied about complained-of police conduct but nevertheless obtained jury verdict which developed important aspect of Fourth Amendment law for benefit of public, would not be awarded attorney fees and costs; fee award was equitable remedy and plaintiff had unclean hands and, in any event, sanction for lying was warranted. Ciulla v. Rigny, D.Mass.2000, 89 F.Supp.2d 97.

Plaintiff was not entitled to award of attorney fees under Massachusetts Civil Rights Act where, as result of jury finding that neither party sustained their burden of proof on issue of probable cause to arrest, jury returned verdict for police officer on plaintiff's federal and state civil rights claims and for plaintiff on Massachusetts common law wrongful arrest claim; success arising out of a common nucleus of facts was not on a substantial question of law. Zurakowski v. D'Oyley, D.Mass.1999, 46 F.Supp.2d 87.

In determining the amount of a plaintiff's attorney fee award under the Massachusetts Civil Rights Act, the court's analysis of the hours billed should begin with the amount of time documented by the plaintiff's attorney. Connolly v. Harrelson, D.Mass.1999, 33 F.Supp.2d 92, affirmed 201 F.3d 426.

Courts should not distinguish between "core" and "non-core" work when determining attorney fee awards under the Massachusetts Civil Rights Act. Connolly v. Harrelson, D.Mass.1999, 33 F.Supp.2d 92, affirmed 201 F.3d 426.

Fact that photojournalists recovered only $2,558.15 and $1, respectively, on their claims against celebrity for assault and battery, intentional tort, and violations of Massachusetts Civil Rights Act, did not warrant reduction or denial of attorney fee award in favor of photojournalists under Act. Connolly v. Harrelson, D.Mass.1999, 33 F.Supp.2d 92, affirmed 201 F.3d 426.

Where celebrity abridged photojournalists' rights by "threats, intimidation or coercion," photojournalists were entitled to award of reasonable attorney fees under Massachusetts Civil Rights Act upon prevailing in their action against celebrity for assault and battery, intentional tort, and violations of Act, regardless of purported effect that attorney fee recovery might have on other litigants. Connolly v. Harrelson, D.Mass.1999, 33 F.Supp.2d 92, affirmed 201 F.3d 426.

Photojournalists who recovered attorney fees under Massachusetts Civil Rights Act in their action against celebrity for assault and battery, intentional tort, and violations Act were not entitled to enhancement of lodestar figure, even if counsel provided quality representation, assumed risk of nonpayment by handling case on contingency basis, and worked on case for more than two and one half years without receiving compensation; issues in case were far from complex, involving largely undisputed facts and rather unimpressive question of law of intentional torts, and implicating First Amendment rights of photojournalists only peripherally. Connolly v. Harrelson, D.Mass.1999, 33 F.Supp.2d 92, affirmed 201 F.3d 426.

### 23. Government officers and employees

Municipality cannot be held liable, under Massachusetts Civil Rights Act, for civil rights violations on theory of vicarious liability. Sheehy v. Town of Plymouth, D.Mass.1996, 948 F.Supp. 119.

### 23.5. Administrative action

Private university's notice to student that accusation had been made against him and disciplinary proceeding commenced did not amount to direct assault upon student's exercise of any right enjoyed by him under state constitution, in absence of any accusation of threats, intimidation or coercion, and could not serve as basis for statutory cause of action against university. Schaer v. Brandeis University (1999) 716 N.E.2d 1055, 45 Mass. App.Ct. 23, review granted 722 N.E.2d 977, 430 Mass. 1112, affirmed in part, reversed in part 735 N.E.2d 373, 432 Mass. 474.

Administrative action, unrelated to scheme of harassment, does not rise to level of "threats, intimidation, or coercion" required for finding of violation of Commonwealth's Civil Rights Act. Reproductive Rights Network v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

University's action in using university police to prevent access to building in which space had previously been reserved by student and community organizations for purpose of planning civil disobedience did not come within "administrative action" exception to liability under Commonwealth's Civil Rights Act; right violated was freedom of speech, rather than property rights or substantive due process rights, and violation involved use of uniformed police. Reproductive Rights Network

ATTORNEY GENERAL

v. President of University of Massachusetts (1998) 699 N.E.2d 829, 45 Mass.App.Ct. 495.

### 24. Local governmental actions

Complaint against town, school officials, and municipal officials filed by mother of student who was stabbed to death in school failed to state claim under state civil rights act. Brum v. Town of Dartmouth (1999) 704 N.E.2d 1147, 428 Mass. 684.

### 25. Employment policies—In general

Mouradian v. John Hancock Companies, D.Mass. 1988, 751 F.Supp. 262, vacated, on remand 751 F.Supp. 272, [main volume] affirmed 930 F.2d 972, certiorari denied 112 S.Ct. 1514, 503 U.S. 951, 117 L.Ed.2d 650.

Former employee's allegation that former employer "threatened" adverse employment action was insufficient to state claim under Massachusetts Civil Rights Act (MCRA). French v. United Parcel Service, Inc., D.Mass.1998, 2 F.Supp.2d 128.

Claims of wrongful termination, civil conspiracy, intentional interference with contractual relations and violations of the Massachusetts Civil Rights Act, grounded on general claims of sexual harassment, were barred by exclusivity provision of the Massachusetts Fair Employment Practices Act. Dorn v. Astra USA, D.Mass.1997, 975 F.Supp. 388.

### 28. —— Sex discrimination, employment policies

Where statute prohibiting employers with more than six employees from discriminating on basis of race, color, religious creed, national origin, sex, sexual orientation or ancestry applies, employees alleging discriminatory conduct by their employer may not bypass its procedural prerequisites by reconstituting sexual harassment claim as violation of Civil Rights Act, Equal Rights Act, or as a common law claim. Guzman v. Lowinger (1996) 664 N.E.2d 820, 422 Mass. 570.

Where statute prohibiting employers with less than six employees from discriminating on basis of race, color, religious creed, national origin, sex, sexual orientation or ancestry and allowing direct action in Superior Court against employer applied to employee's sexual harassment claim, employee did not have independent and duplicative right under Massachusetts Civil Rights Act. Guzman v. Lowinger (1996) 664 N.E.2d 820, 422 Mass. 570.

Claims brought by employee against her employer under civil rights act, equal rights act and law guaranteeing freedom from sexual harassment, to recover for injuries allegedly suffered in workplace rape and sexual assault were barred by exclusivity provisions of state's antidiscrimination law. Doe v. Purity Supreme, Inc. (1996) 664 N.E.2d 815, 422 Mass. 563, motion denied 117 S.Ct. 239, 519 U.S. 924, 136 L.Ed.2d 209.

### 30. —— Religious activity, employment policies

Employer's requirement that employee attend seminar which referred to scriptural texts did not violate Title VII's prohibition against religious discrimination; attendance at seminar did not conflict with employee's bona fide personal religious beliefs, and employer did not discharge or otherwise discriminate against employee because she refused to comply with requirement that was contrary to her bona fide personal religious beliefs. Kolodziej v. Smith (1997) 682 N.E.2d 604, 425 Mass. 518, certiorari denied 118 S.Ct. 628, 522 U.S. 1058, 139 L.Ed.2d 608.

### 35. Prisons

City police department's procedures for managing suicidal prisoners and prisoners in need of medical attention, but which did not specifically address pretrial detainee's situation in which he attempted suicide by obtaining matches and a gun, were adequate, and therefore, city was not liable to detainee under §§ 1983 or the Massachusetts Civil Rights Act; there was no evidence that city was aware of gap in its procedures and failed to address it. Garcia v. City of Boston, D.Mass.2000, 115 F.Supp.2d 74.

### 36. Law enforcement

Whether police officers had filed felony assault charges against individual, which were later dropped, in effort to eliminate individual from dropping any possible claims to regain possession of rifle officers had improperly seized, as would give rise to violation of Massachusetts Civil Rights Act was issue for jury. Britton v. Maloney, D.Mass. 1997, 981 F.Supp. 25, affirmed in part, reversed in part 196 F.3d 24, certiorari denied 120 S.Ct. 1826, 147 L.Ed.2d 234, rehearing denied 120 S.Ct. 2247, L.Ed.2d 1028.

### 37. Arrest

Allegations that police officer used threats, intimidation, and/or coercion, to affect illegal arrest were insufficient to support Massachusetts Civil Rights Act claims against city. Sheehy v. Town of Plymouth, D.Mass.1996, 948 F.Supp. 119.

### 39. Respondeat superior liability

Claim against employer under Massachusetts Civil Rights Act (MCRA) may not rest on doctrine of respondeat superior. French v. United Parcel Service, Inc., D.Mass.1998, 2 F.Supp.2d 128.

### 39.2. Vicarious liability

Employer could not be held vicariously liable under Massachusetts Civil Rights Act (MCRA) for employee's actions. M.G.L.A. c. 12, §§ 11H, 11I. Vicarelli v. Business Intern., Inc., D.Mass.1997, 973 F.Supp. 241.

258, § 1 et seq.], defining public employer, did not include housing authority. Marks v. Needham Housing Authority (1986) 490 N.E.2d 1193, 22 Mass.App. 901.

City sewer and water commission which was designated in enabling statute (St.1977, c. 436) as "body politic and corporate and political subdivision of the commonwealth," made financially independent from Commonwealth, and afforded considerable political independence was not "public employer" for purposes of Massachusetts Tort Claims Act, and thus,

plaintiff bringing negligence claim against commission was not first required to present administrative claim against it. Kargman v. Boston Water and Sewer Com'n (1984) 463 N.E.2d 350, 18 Mass.App. 51.

Water and sewer commission was an "independent body politic and corporate" and thus by definition contained in this section not a "public employer" subject to provisions of this chapter. Ravesi v. Boston Water and Sewer Com'n (1984) 462 N.E.2d 1137, 18 Mass.App. 909.

## § 2.  Liability; exclusiveness of remedy; cooperation of public employee; subsequent actions; representation by public attorney

Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars. The remedies provided by this chapter shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer or, the public employee or his estate whose negligent or wrongful act or omission gave rise to such claim, and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment; provided, however, that a public employee shall provide reasonable cooperation to the public employer in the defense of any action brought under this chapter. Failure to provide such reasonable cooperation on the part of a public employee shall cause the public employee to be jointly liable with the public employer, to the extent that the failure to provide reasonable cooperation prejudiced the defense of the action. Information obtained from the public employee in providing such reasonable cooperation may not be used as evidence in any disciplinary action against the employee. Final judgment in an action brought against a public employer under this chapter shall constitute a complete bar to any action by a party to such judgment against such public employer or public employee by reason of the same subject matter.

Notwithstanding that a public employee shall not be liable for negligent or wrongful acts as described in the preceding paragraph, if a cause of action is improperly commenced against a public employee of the commonwealth alleging injury or loss of property or personal injury or death as the result of the negligent or wrongful act or omission of such employee, said employee may request representation by the public attorney of the commonwealth. The public attorney shall defend the public employee with respect to the cause of action at no cost to the public employee; provided, however, that the

258 § 2 CERTAIN WRITS AND PROCEEDINGS

public attorney determines that the public employee was acting within the
scope of his office or employment at the time of the alleged loss, injury, or
death, and, further, that said public employee provides reasonable coopera-
tion to the public employer and public attorney in the defense of any action
arising out of the same subject matter. If, in the opinion of the public
attorney, representation of the public employee, under this paragraph would
result in a conflict of interest, the public attorney shall not be required to
represent the public employee. Under said circumstances, the common-
wealth shall reimburse the public employee for reasonable attorney fees
incurred by the public employee in his defense of the cause of action;
provided, however, that the same conditions exist which are required for
representation of said employee by the public attorney under this paragraph.
Added by St.1978, c. 512, § 15. Amended by St.1984, c. 279, § 1.

Historical Note

St.1984, c. 279, § 1, by § 3 made applicable
to civil actions currently pending against pub-
lic employees and to such civil actions com-
menced against public employees after June
30, 1984, added the second paragraph.

St.1984, c. 279, was approved Nov. 5, 1984.
Emergency declaration by the Governor was
filed Nov. 13, 1984.

Prior Laws:

St.1879, c. 255, § 4.
P.S.1882, c. 195, § 5.
R.L.1902, c. 201, § 4.
G.L.1932 (Ter.Ed.) c. 258, § 4.

Cross References

Damages in eminent domain cases, see c. 79, § 22.

Law Review Commentaries

Awarding attorney's fees against the state.
(1975) 55 Boston U.L.Rev. 228.

Damage awards for constitutional torts.
(1980) 93 Harvard L.Rev. 966.

Eleventh amendment: Bar to attorney's fees
for successful citizen in litigation commenced
against a state? (1975) 9 Suffolk U.L.Rev. 794.

Governmental immunity—Tort Claims Act.
Peter A. Donovan, 31 Ann.Surv.Mass.L. 471
(1984).

Governmental tort immunity in Massachu-
setts. (1976) 10 Suffolk U.L.Rev. 521.

Governmental Tort Liability Act and its dis-
cretionary function immunity. John B. Cer-

vone and Erland B. Hardy (1980) 14 Suffolk
U.L.Rev. 1251.

Governmental tort liability under Massachu-
setts Tort Claims Act of 1978. Joseph W. Glan-
non (1981) 66 Mass.L.Rev. 7.

Municipal liability for negligent enforcement
of driving while intoxicated statutes. (1984) 7
Western New Eng.L.Rev. 239.

Police liability for negligent failure to pre-
vent crime. (1981) 94 Harvard L.Rev. 821.

Recovery for civil rights violations in Massa-
chusetts. Joseph W. Glannon (1984) 18 Suf-
folk U.L.Rev. 247.

Library References

Eminent Domain ⇐159 et seq.
C.J.S. Eminent Domain § 191 et seq.

Comments
Action by public official, see M.P.S. vol. 10,
Rodman, § 985.
Action to recover damages for breach of
contract, see M.P.S. vol. 10B, Rodman,
§ 6665.

Actions for death, plaintiff's case, damages,
see M.P.S. vol. 17, Bishop, § 752.
Immunities, sovereign immunity, Massa-
chusetts tort claims act, extent of liabili-
ty of public employer and public em-
ployee, see M.P.S. vol. 37, Nolan, § 364.
Immunity of public officers and employees
for negligent act or wrongful act or
omission, Massachusetts tort claims act,
see M.P.S. vol. 39, Cella, § 1057.

§ 258 CERTAIN TORTS AND PROCEEDIN
Note 2

Claims Act on Attorney General for "agency not within the executive office." Robinson v. Com. (1992) 584 N.E.2d 636, 32 Mass.App.Ct. 6, review denied 588 N.E.2d 691, 412 Mass. 1101.

**4. Public employees**

Evidence supported conclusion that psychiatrist treating mental patient who committed suicide was public employee; he was employed by state university which was public employer and employer controlled details of his activities and regulated his hours, he had no private patients and his income was not based on number of patients he treated. McNamara v. Honeyman (1989) 546 N.E.2d 139, 406 Mass. 43.

**5. Public employer—In general**

City water and sewer commission was "public employer," for purposes of statute establishing presentment of claim as condition precedent to recovery against such an entity. Alex v. Boston Water & Sewer Com'n (1998) 698 N.E.2d 404, 45 Mass.App.Ct. 914.

Boston Redevelopment Authority (BRA) was "public employer" for purposes of Massachusetts Tort Claims Act, and thus was immune from liability for intentional tort of intentional interference with contractual relations. Lafayette Place Associates v. Boston Redevelopment Authority (1998)

694 N.E.2d 820, 427 Mass. 509, certiorari den. 119 S.Ct. 1112, 525 U.S. 1177, 143 L.Ed.2d 1

City housing authority is "public employe which has benefit of protection from liability p: vided by discretionary function exception to Ma sachusetts Tort Claims Act if conduct in ca qualifies as discretionary function. Wheeler Boston Housing Authority (1993) 606 N.E.2d 91 34 Mass.App.Ct. 36, review denied 609 N.E.2d § 414 Mass. 1104.

Housing authority was "public employer" withi meaning of Tort Claims Act. LaGrant v. Bosto Housing Authority (1988) 530 N.E.2d 149, 40 Mass. 328.

Regional school district, not towns that agree to form district, was "public employer" withi meaning of M.G.L.A. c. 258, § 2 rendering publi employers liable for injury or loss of propert caused by negligent or wrongful act or omission o. public employees while acting within scope of office or employment; language which follows "district" in definition of public employer, listing public health districts and joint districts or regional health districts, is illustrative, not limiting. Doe v. Town of Blandford (1988) 525 N.E.2d 403, 402 Mass. 831.

## § 2.   Liability; exclusiveness of remedy; cooperation of public employee; subsequent actions; representation by public attorney

### American Law Reports

Liability of landowner for drowning of child. 8 ALR2d 1254.

Liability of municipality for injury of damage from explosion or burning of substance stored by third person under municipal permit. 17 ALR2d 683.

Liability of municipal corporation for injury or death occurring from defects in, or negligence in construction, operation, or maintenance of its electric street-lighting equipment, apparatus, and the like. 19 ALR2d 344.

Liability for spread of fire purposely and lawfully kindled. 24 ALR2d 241.

Recovery of interest on claim against a governmental unit in absence of provision in contract or express statutory provision. 24 ALR2d 928.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

Fire as attractive nuisance. 27 ALR2d 1187.

Liability of municipality in damages for its refusal to grant permit, license, or franchise. 37 ALR2d 694.

Municipal liability for injuries from snow and ice on sidewalk. 39 ALR2d 782.

Liability for injury to or death of child from burns caused by hot ashes, cinders, or other hot waste material. 42 ALR2d 930.

Duty and liability of municipality as regards barriers for protection of adult pedestrians who may unintentionally deviate from street or highway into marginal or external hazards. 44 ALR2d 633.

Liability of municipality for failure to erect traffic warnings against entering or using street which is partially barred or obstructed by construction or improvement work. 52 ALR2d 689.

Public dump as nuisance. 52 ALR2d 1134.

Municipality's liability arising from negligence or other wrongful act in carrying out construction or repair of sewers and drains. 61 ALR2d 874.

Liability of municipality for torts in connection with airport. 66 ALR2d 634.

Municipal liability for injury or death from collision with rope or clothesline across sidewalk or street. 75 ALR2d 565.

Liability of municipality for injury or death resulting from temporary condition or obstruction in street in connection with holiday, entertainment, parade, or other special event. 84 ALR2d 508.

Liability of highway authorities arising out of motor vehicle accident allegedly caused by failure to erect or properly maintain traffic control device at intersection. 34 ALR3d 1008.

Tort liability of public schools and institutions of higher learning for accident occurring during school athletic events. 35 ALR3d 725.

115

liability of municipal corporation for negligent performance of building inspector's duties. 41 ALR3d 567.

Liability of governmental entity or public officer for personal injury or damages arising out of vehicular accident due to negligent or defective design of a highway. 45 ALR3d 875.

Liability of municipality or other governmental unit for failure to provide police protection. 46 ALR3d 1084.

Liability of governmental entity for issuance of permit for construction which caused or accelerated flooding. 62 ALR3d 514.

Liability of municipal corporation for shooting of bystander by law enforcement officer attempting to enforce law. 76 ALR3d 1176.

Doctrine of apparent authority as applied to agent of municipality. 77 ALR3d 925.

Liability of state or municipality in tort action for damages arising out of sale of intoxicating liquor by state or municipally operated liquor store or establishment. 95 ALR3d 1243.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from ice or snow on surface of highway or street. 97 ALR3d 11.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from failure to repair pothole in surface of highway or street. 98 ALR3d 101.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from defect or obstruction on roadside parkway or parking strip. 98 ALR3d 439.

Liability, in motor vehicle-related cases, of governmental entity for injury or death resulting from design, construction, or failure to warn of narrow bridge. 2 ALR4th 635.

Governmental tort liability for injuries caused by negligently released individual. 6 ALR4th 1155.

Liability for wrongful autopsy. 18 ALR4th 858.

Liability, in motor vehicle-related cases, of governmental entity for injury, death, or property

damage resulting from defect or obstruction in shoulder of street or highway. 19 ALR4th 532.

Municipal or state liability for injuries resulting from police roadblocks or commandeering of private vehicles. 19 ALR4th 937.

Statutes Providing for Governmental Compensation for Victims of Crime. 20 ALR4th 63.

State or local governmental unit's liability for injury to private highway construction worker based on its own negligence. 29 ALR4th 1188.

Personal liability of public school teacher in negligence action for personal injury or death of student. 34 ALR4th 228.

Liability for failure of police response to emergency call. 39 ALR4th 691.

Validity and construction of statute or ordinance limiting the kinds or amount of actual damages recoverable in tort action against governmental unit. 43 ALR4th 19.

Failure to restrain drunk driver as ground of liability of state or local government unit or officer. 48 ALR4th 320.

Tree or limb falls onto adjoining private property; personal injury and property damage liability. 54 ALR4th 530.

Governmental tort liability as to highway median barriers. 58 ALR4th 559.

Governmental tort liability for injury to roller skater allegedly caused by sidewalk or street defects. 58 ALR4th 1197.

Governmental liability for failure to post highway deer crossing warning signs. 59 ALR4th 1217.

State's liability for personal injuries from criminal attack in state park. 59 ALR4th 1236.

Tort liability of public authority for failure to remove parentally abused or neglected children from parents' custody. 60 ALR4th 942.

Municipal liability for negligent fire inspection and subsequent enforcement. 69 ALR4th 739.

What constitutes policy or custom for purposes of determining liability of local government unit under 42 USCA sec. 1983—modern cases. 81 ALR Fed 549.

## Law Review and Journal Commentaries

Liability for "public duties" under the Tort Claims Act: Legislature reconsiders the public duty rule. Joseph W. Glannon. 79 Mass.L.Rev. 17 (1994).

Physician immunity under the Massachusetts Tort Claims Act: A test without direction. Terri Skladany. 10 W.New Eng.L.Rev. 5 (1988).

Public duty rule: its eventful life, pending death and possible salvation. Bruce E. Falby and John C.P. Goldberg. 38 Boston B.J. (Jan. Feb. 1994).

When is the disclosure of HIV status beyond the call of duty: Doe v. Town of Plymouth and Officer Paul Tibbetts. 29 New Eng.L.Rev. 391 (1995).

## Library References

Comments.

Immunities, sovereign immunity, Massachusetts tort claims act, extent of liability of public employer and public employee, see M.P.S. vol. 37A, Nolan and Sartorio, § 505.

Negligence of public employees, in general, see Kenney and Farris, 11 Massachusetts Practice § 5.1 (3d ed.).

Public works contracts and liens, contracts in behalf of the commonwealth, see M.P.S. vol. 31, Nolan and Sartorio, § 231.

CERTAIN WRITS AND PROCEEDING

Punitive damages, see M.P.S. vol. 43. Flanagan, § 282.

**Forms.**

Action by public official, see M.P.S. vol. 10, Rodman, § 1122.

Action to recover damages for breach of contract, see M.P.S. vol. 10C, Rodman, §§ 5724, 5725.

Actions against municipalities and public employees, see M.P.S. vol. 10C, Rodman, § 5729.

Traveler against municipality, see M.P.S. v 10. Rodman. § 1437.

**Texts and Treatises**

57 Am Jur 2d, Municipal, School, and State To Liability §§ 53 et seq.

Newhall, Settlement of Estates and Fiduciar Law in Massachusetts, 4th Edition, Volume §§ 91, 92.

## United States Supreme Court

Foreign country exception, tort claims; waiver of sovereign immunity, Antarctica, see Smith v. U.S., 1993, 113 S.Ct. 1178, 507 U.S. 197, 122 L.Ed.2d 548.

Municipal liability, failure to train police officers, civil rights, see City of Canton, Ohio v. Harris, 1989, 109 S.Ct. 1197, 489 U.S. 378, 103 L.Ed.2d 412.

Sovereign immunity, auto accident and trial outside sovereign state, see Nevada v. Hall, U.S.Cal.

1979, 99 S.Ct. 1182, 440 U.S. 410, 59 L.Ed.2d 416 rehearing denied 99 S.Ct. 2018, 441 U.S. 917, 6( L.Ed.2d 389.

Supremacy clause, federal civil rights, claims. sovereign immunity, see Howlett By and Through Howlett v. Rose, U.S.Fla.1990, 110 S.Ct. 2430, 496 U.S. 356, 110 L.Ed.2d 332, on remand 571 So.2d 29.

## Notes of Decisions

Admiralty  14
Consortium, loss of  19
Costs  13
Estoppel  24
False arrest  15
Independent contractors  12
Instructions  25
Interest  17
Jury questions  16
Liability cap  18
Loss of consortium  19
Police  21
Prisoner claims  11
Public employees  10.6
Public employer  10
Release  20
Res judicata  22
Scope of employment  23
Social host, tort claims  5.6
Tort claims  4–6
    Social host  5.6

if town fails to take reasonable steps to remedy situation. Tarzia v. Town of Hingham (1993) 622 N.E.2d 1372, 35 Mass.App.Ct. 506.

City was protected by c. 21, § 17C, relieving landowner who permits public to use land for recreational purposes without fee from liability, for injuries allegedly sustained as result of defect in home plate on softball diamond in public park; Tort Claims Act (c. 258, § 2) provides that governmental entities are to be liable in same manner and to same extent as private individual under like circumstances. Anderson v. City of Springfield (1990) 549 N.E.2d 1127, 406 Mass. 632.

This section extending immunity from personal liability to public employees who are acting within the scope of their duties applies in cases where conduct of employee is gross negligence, as well as where such conduct is ordinary negligence. McNamara v. Honeyman (1989) 546 N.E.2d 139, 406 Mass. 43.

Commonwealth did not waive its immunity under Eleventh Amendment by passage of this chapter. McNamara v. Honeyman (1989) 546 N.E.2d 139, 406 Mass. 43.

Although basic provisions of Massachusetts Tort Claims Act are not applicable to intentional torts by state employees, and normally public employer can not be held liable for intentional torts, enactment of Act did not bar development and application of common-law principles governing liability of public employers in areas in which statute does not apply. Lane v. Com. (1988) 517 N.E.2d 1281, 401 Mass. 549.

### 2. Purpose of law

Massachusetts Torts Claims Act (MTCA) applies only to prevent suits against the government and has no application to assertion of defenses in suits brought by the government. F.D.I.C. v. Gladstone, D.Mass.1999, 44 F.Supp.2d 81.

### 3. Government immunity

Massachusetts Tort Claims Act did not waive state's immunity from suit in federal court as to tort claims. Rivera v. Com. of Mass., D.Mass. 1998, 16 F.Supp.2d 84.

High degree of judgment and discretion involved in town's decision to abate nuisance does not immunize town from liability under Tort Claims Act

### 4. Tort claims—In general

Police department's adoption of high-speed pursuit guidelines could not itself be considered a negligent act for which municipality would be lia-

nie under Massachusetts Tort Claims Act. Horta v. Sullivan, C.A.1 (Mass.)1993, 4 F.3d 2, certified question answered 633 N.E.2d 33, 418 Mass. 615, answer to certified question conformed to 36 F.3d 210.

Massachusetts Tort Claims Act provides that public employer is liable for harm caused by negligent or wrongful act or omissions of its public employees acting within scope of their employment. Consolo v. George. D.Mass.1993, 835 F.Supp. 49.

Arrestee failed to state cause of action against police officer under Massachusetts law for negligence where arrestee did not allege that officer was acting in any capacity other than his capacity as municipal police officer during all time periods relevant to action and Massachusetts Tort Claims Act provided that public employer is liable for injury caused by negligent or wrongful act or omission of public employee acting within scope of employment. Gross v. Bohn, D.Mass.1991, 782 F.Supp. 173.

Town police officers and police chief were immune for wrongful death arising from allegations they were negligent in not taking drunk driving arrestee to doctor before arrestee died in cell due to prior drug and alcohol ingestion. Carapellucci v. Town of Winchester, D.Mass.1989, 707 F.Supp. 611.

City's duty to owners of apartment building to give owners notice before it ordered building vacated was prescribed by statute, and thus did not implicate discretionary function exception under Tort Claims Act, in owners' negligence action against city. Morais v. City of Lowell (2000) 738 N.E.2d 1158, 50 Mass.App.Ct. 540.

Two-part test is employed in determining whether claim under Tort Claims Act is barred by discretionary function exception: first, if allegedly tortious action was prescribed by statute or regulation, or established agency practice, then governmental actor had no discretion to exercise, and immunity would not apply; second, if complained-of actions involved some amount of discretion, issue becomes a question of whether the discretion exercised rises to level of policy-making or planning, as that is the only type of discretion immunized by Tort Claims Act. Coughlin v. Department of Correction (1997) 686 N.E.2d 1082, 43 Mass.App.Ct. 809.

Motorist injured while driving under state highway overpass, when piece of concrete from overpass fell through her vehicle's windshield, could maintain action for personal injuries under State Tort Claims Act, and was not required to pursue exclusive remedy for claims arising from defects in public ways, in that she was not traveling on state highway when she was injured. Coielia v. Com. (1994) 630 N.E.2d 595, 417 Mass. 433.

Town manager, fire chief, and town building inspector were immune from personal liability for their allegedly grossly negligent conduct in connection with fire fighter's fall from hose drying tower

at fire station. Monahan v. Town of Methuen (1990) 558 N.E.2d 951, 408 Mass. 381.

Exclusivity provision of this chapter barred personal injury claim against town by injured fire fighter who was receiving pay and benefits under statutes providing for indemnification of injured fire fighters and police officers [c. 41, §§ 100 and 111F]. Monahan v. Town of Methuen (1990) 558 N.E.2d 951, 408 Mass. 381.

Town was not immune from liability, under this act, for landowner's claim that town created nuisance which allowed waters from sump to repeatedly inundate landowner's backyard and basement. Schleissner v. Town of Provincetown (1989) 538 N.E.2d 995, 27 Mass.App.Ct. 392.

This chapter, including $100,000 limitation on damages for each plaintiff, applied to tenants' contract claim against city housing authority arising out of authority's breach of duty under contract to inspect § 8 housing for lead paint hazards. Ayala v. Boston Housing Authority (1989) 536 N.E.2d 1082, 404 Mass. 689.

Plaintiff may not avoid requirements and limitations of this chapter by designating what is essentially a personal injury claim as a contract claim. Ayala v. Boston Housing Authority (1989) 536 N.E.2d 1082, 404 Mass. 689.

Residents at city hospital were immune from liability as public employees in medical malpractice action brought by administratrix of patient's estate, notwithstanding that residents were also subject to supervision and control of attending physician who was neither public employer or employee; fact that residents were subject to supervision of attending physician in addition to public employer did not by itself mean that they were not public employees. Williams v. Bresnahan (1985) 485 N.E.2d 365, 27 Mass.App.Ct. 191, review denied 541 N.E.2d 344, 405 Mass. 1202.

Public duty exception was applicable to exempt city from liability in wrongful death action brought by survivors of youths who were killed while crossing train tracks after leaving city park; potential danger of railroad tracks, located on property owned by different entity, across river and considerable distance away from city property was too remote to justify imposition of liability on city based upon condition of premises. Gage v. City of Westfield (1988) 532 N.E.2d 62, 26 Mass.App.Ct. 681, review denied 536 N.E.2d 1093, 404 Mass. 1103.

Wrongful death action brought by survivors of youths who were killed when crossing railroad tracks after leaving city park did not fall within Tort Claims Act to enable survivors to bring action against city as there was no showing that city owed decedents special duty of care beyond that owed to public at large; potential danger to youths using trestle bridge as shortcut to neighborhoods across river had existed for years and there was no particular perpetrator at large to present a danger of immediate harm to youths at time of accident, who had chance to protect themselves from obvious danger. Gage v. City of Westfield (1988) 532