UNITED STATES OF AMERICA
DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 05-CV-11385-JLT

D'ANN McGILL,
Plaintiff,

V.

CITY OF BOSTON and
CHRISTOPHER HAMILTON,
Defendants.

**MOTION TO ENLARGE TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT; TO COMPEL PRODUCTION OF LONG LE TRANSCRIPT AND TO CONTINUE TRIAL**

Now comes the plaintiff and moves this Honorable Court to enter the following orders:

1. compel the defendants to produce certain documents in their possession which consist of photographs of Long Le and the transcript of Long Le's probation violation hearing in the Brighton District Court;

2. enlarge the date by which the defendants may respond to the defendant's motion for summary judgment to a date 21 days after the defendants' comply with any order issued pursuant to request 1 and

3. continue the trial date to a date after April 19. 2007.

In support of this motion the plaintiff contends that the defendants claimed, in section III. B. of their memorandum in support of summary judgment, that there is no evidence of a City

policy, custom or practice which could have been the motivating factor behind Officer Hamilton's conduct. (Memo, p. 14) The City further claimed that there is no evidence of deliberate indifference because the City could not have known, prior to Officer Hamilton's abuse of the plaintiff, of the potential for future Fourth Amendment violations by Officer Hamilton. (Memo, pp. 15-16) Finally, the City claimed that all prior civilian complaints against Officer Hamilton have been investigated and dismissed by the City. (Memo, pp. 16-17)

The problem faced by the plaintiff is that the City possesses the evidence which demonstrates that it is the practice of the City to accept the conduct by Officer Hamilton, as alleged by the plaintiff. The City possesses the evidence which demonstrates that it is indifferent to and thus encouraged the conduct by Officer Hamilton, as alleged by the plaintiff. The City possesses the evidence which demonstrates that it unreasonably dismissed at least one of the prior civilian complaints against Officer Hamilton.

Previously, the plaintiff moved this Court to compel the City to provide to the plaintiff a transcript of the testimony of Long Le and other civilian witnesses to the beating defendant Hamilton administered to Mr. Le on September 3, 2001, less than a year before he acted in a similar manner towards the plaintiff. The transcript, which the City acknowledges

possessing, is of a probation violation hearing when Mr. Le was accused of violating his Brighton District Court probation based on the events of September 3, 2001.

Mr. Le and certain civilian witnesses offered credible testimony (as their testimony was found to be by the Brighton District Court Judge who conducted the surrender hearing) which persuaded the judge not to violate Mr. Le's probation. Additionally, the testimony described the beating Officer Hamilton administered to Mr. Le.  Despite being presented with the transcript of the testimony from the Brighton surrender hearing during the IAD investigation of Mr. Le's complaint against Officer Hamilton, the City dismissed Mr. Le's complaint against Officer Hamilton.

The City's dismissal of Mr. Le's complaint against Officer Hamilton, when viewed in contrast to the testimony contained in the transcript, is evidence of the City' practice of ignoring the occasional beating of minority or otherwise disenfranchised criminal defendant by the police.  The transcript will demonstrate the City's deliberate indifference because the City knew, prior to Officer Hamilton's abuse of the plaintiff, of the potential for future fourth amendment violations by Officer Hamilton.  The transcript will demonstrate the unreasonableness of the City's dismissal of Mr. Le's complaint.

It is the plaintiff's contention that the transcript of the

Le probation surrender hearing, which the City possess, is necessary in order to opposed the defendants' motion for summary judgment.

Accordingly, the Court should reconsider its previous denial of a request to compel the production of the Long Le probation surrender transcript.  The Court should allow the plaintiff 21 days to respond to the defendants' motion for summary judgment once the plaintiff receives the transcript. The March 19, 2007 trial should be continued one month or more.

In further support of the plaintiff's request for a continuance of the trial date, there is attached to this motion an affidavit of counsel relating to misplaced or lost evidence.

**Rule 7.1 Certification**

Now comes Attorney Thomas Kerner and certifies that I made a request of the defendants to assent to a motion to continue the trial date.  The defendants would not assent.  Previously, the defendants opposed providing the plaintiff with the Long Le transcript.

**Respectfully Submitted,
D'ANN McGILL,**

**By her attorney:**

_____
**J. THOMAS KERNER
MA BBO # 552373
Attorney at Law
343 Commercial Street
Boston, MA   02109
(617) 720-5509**

UNITED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

D'ANN McGILL                                CIVIL ACTION NO. 05-11385-JLT

V.

CITY OF BOSTON

AFFIDAVIT OF COUNSEL

I, Veronica J. White, hereby depose and state as follows:

(1) I represent D'Ann McGill in the above captioned civil action;

(2) On August 11, 2002, D'Ann McGill was arrested by Officer Hamilton;

(3) On August 11, 2002, D'Ann McGill claims that Officer Hamilton caused a distal radius fracture to her right wrist during the course of the arrest;

(4) On August 12, 2002, D'Ann McGill sought treatment at that Lawrence Memorial Hospital for her wrist. On this day, the Lawrence Memorial Hospital took an x-ray of Ms. McGill's wrist;

(5) Based upon my review of the Lawrence Memorial Hospital medical records and the records from the Orthopedic Surgery, Inc., It does not appear that an x-ray was ever taken of Ms. McGill on August 14, 2002;

(6) On August 14, 2002, Ms. McGill signed a film release authorization form for x-rays which were taken, presumably, on August 12, 2002;

(7) The Lawrence Memorial Hospital records indicate that after Ms. McGill signed for these x-rays, they were not returned to the radiology department;

(8) It appears that Dr. Doherty reviewed the x-rays of Ms. McGill's right wrist taken by the Lawrence Memorial Hospital on August 14, 2002;

(9) On August 14, 2002, Dr. Doherty noted that "the films show a nondisplaced fracture of the radial styloid.";

(10) On September 25, 2002, Dr. Doherty's office (Orthopedic Surgery) conducted an x-ray of Ms. McGill's right wrist;

(11) I have reason to believe from speaking with Maurine Stanton, the office manager of the Orthopedic Surgery office, that the office was in possession of the x-rays for September 25, 2002;

(12) Maurine Stanton however, is not in the best position to give this information, as the woman handling this case from the medical records department, Ms. Carol Boyle is on vacation until Thursday, March 1, 2007;

(13) During the last two weeks of December, I turned over the MRIs taken of Ms. McGill's right wrist on or about December 21, 2002;

(14) On or about February 22, 2006, I received a set of x-rays from Orthopedic surgery. I promptly turned this set of x-rays over to a legal representative from the City of Boston;

(15) I believe that although the City of Boston claims that the x-rays from September 25, 2002 are missing from the set of x-rays turned over on February 22, 2006, that with a continuance, I should be able to provide the September 25, 2002 x-rays to the City of Boston. I believe that the original September 25, 2002 x-rays is in the possession of the Orthopedic Surgery office, located at One City Hall Plaza, Melrose, MA. 02176;

(16) I believe that with a continuance, I may be able to obtain the x-rays of Ms. McGill's wrist from August 12, 2006. It is possible that these x-rays may be in the possession of the Orthopedic Surgery office. This office, had for a period of time, lost all x-rays taken of Ms. McGill. After I persisted with numerous telephone calls, faxes and letters, I received a call from this Office informing me that they had located the lost x-rays. This leads me to believe that this office has a poor filing system and that it is possible that the missing x-rays of August 12, 2002 may be within the storage department at the office of Orthopedic Surgery.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 26TH DAY OF FEBRUARY IN THE YEAR OF 2007.

VERONICA J. WHITE, ESQ.